**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

**Southern District of Ohio**
(State)

Case number *(if known)*: _____   Chapter ___11___

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

04/19

If more space is needed, attach a separate sheet to this form.  On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| 1. | **Debtor's Name** | **Murray Energy Holdings Co.** |
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | |
| 3. | **Debtor's federal Employer Identification Number (EIN)** | **20-0100463** |

4. **Debtor's address**

**Principal place of business**

**46226 National Road**
Number          Street

**St. Clairsville, Ohio 43950**
City                          State       Zip Code

**Belmont County**
County

**Mailing address, if different from principal place of business**

Number          Street

P.O. Box

City                          State       Zip Code

**Location of principal assets, if different from principal place of business**

Number          Street

City                          State       Zip Code

5. **Debtor's website (URL)**   **www.murrayenergycorp.com**

6. **Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

Debtor    **Murray Energy Holdings Co.**    Case number *(if known)* _____
Name

---

**7. Describe debtor's business**

A. *Check One:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

---

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

---

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .
**2121 (Coal Mining)**

---

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check One:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply:*

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625 (amount subject to adjustment on 4/01/22 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

---

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No

☐ Yes.    District _____    When _____    Case number _____
MM/DD/YYYY

District _____    When _____    Case number _____
MM/DD/YYYY

---

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☒ Yes.    Debtor    **See Rider 1**    Relationship    **Affiliate**

District    **Southern District of Ohio**    When    **10/29/2019**
MM / DD / YYYY

Case number, if known    _____

---

Debtor    **Murray Energy Holdings Co.**                                           Case number *(if known)*
          Name

| | |
|---|---|
| **11. Why is the case filed in *this* district?** | *Check all that apply:*<br><br>☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.<br><br>☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district. |
| **12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?** | ☒ No<br>☐ Yes.  Answer below for each property that needs immediate attention.  Attach additional sheets if needed.<br><br>**Why does the property need immediate attention?** (*Check all that apply.*)<br><br>☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.<br><br>What is the hazard? _____<br><br>☐ It needs to be physically secured or protected from the weather.<br><br>☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).<br><br>☐ Other _____<br><br>**Where is the property?**<br>_____<br>Number        Street<br><br>_____<br>City                    State    Zip Code<br><br>**Is the property insured?**<br><br>☐ No<br>☐ Yes.   Insurance agency  _____<br><br>Contact name  _____<br><br>Phone  _____ |

---

|   |   |
|---|---|
| ◼ | **Statistical and administrative information** |

| | |
|---|---|
| **13. Debtor's estimation of available funds** | *Check one:*<br><br>☒ Funds will be available for distribution to unsecured creditors.<br>☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors. |

**14. Estimated number of creditors[1]**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☒ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

**15. Estimated assets**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☒ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

---

[1]    The Debtors' estimated assets, liabilities, and number of creditors noted here are provided on a consolidated basis.

Debtor      **Murray Energy Holdings Co.**                                    Case number *(if known)*
            Name

---

**16. Estimated liabilities**    ☐  $0–$50,000              ☐  $1,000,001–$10 million        ☐  $500,000,001–$1 billion
                                 ☐  $50,001–$100,000        ☐  $10,000,001–$50 million       ☒  $1,000,000,001–$10 billion
                                 ☐  $100,001–$500,000       ☐  $50,000,001–$100 million      ☐  $10,000,000,001–$50 billion
                                 ☐  $500,001–$1 million     ☐  $100,000,001–$500 million     ☐  More than $50 billion

| **Request for Relief, Declaration, and Signatures** |
| --- |

**WARNING --**  Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to
$500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of
authorized representative of
debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this
petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and
correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on      **10/29/2019**
                 MM/ DD / YYYY

✗      **/s/ Robert D. Moore**                                   Robert D. Moore
       Signature of authorized representative of debtor          Printed name

Title    **Authorized Signatory**

**18. Signature of attorney**    ✗    **/s/ Kim Martin Lewis**                  Date    **10/29/2019**
                                       Signature of attorney for debtor                 MM/DD/YYYY

                                 **Kim Martin Lewis**

                                 **Dinsmore & Shohl LLP**
                                 Firm name

                                 **255 East Fifth Street, Suite 1900**
                                 Number                Street

                                 **Cincinnati**                        **Ohio**        **45202**
                                 City                                  State           ZIP Code

                                 **(513) 977-8200**                    **kim.lewis@dinsmore.com**
                                 Contact phone                         Email address

                                 **0043533**                          **Ohio**
                                 Bar number                           State

---

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

**Southern District of Ohio**
(State)

Case number *(if known)*: _____        Chapter __11__

☐ Check if this is an
amended filing

### Rider 1
### Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the Southern District of Ohio for relief under chapter 11 of title 11 of the United States Code.  The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Murray Energy Holdings Co.

| | | |
|---|---|---|
| Murray Energy Holdings Co. | Keystone Coal Mining Corporation | Sunburst Resources, Inc. |
| AMCA Coal Leasing, Inc. | Maple Creek Mining, Inc. | T D K Coal Sales, Incorporated |
| AmCoal Holdings, Inc. | Maple Creek Processing, Inc. | The American Coal Company |
| American Compliance Coal, Inc. | McElroy Coal Company | The American Coal Sales Company |
| American Energy Corporation | Mill Creek Mining Company | The Franklin County Coal Company |
| American Equipment & Machine, Inc. | Mon River Towing, Inc. | The Harrison County Coal Company |
| American Mine Services, Inc. | MonValley Transportation Center, Inc. | The Marion County Coal Company |
| American Natural Gas, Inc. | Murray American Coal, Inc. | The Marshall County Coal Company |
| AmericanHocking Energy, Inc. | Murray American Energy, Inc. | The McLean County Coal Company |
| AmericanMountaineer Energy, Inc. | Murray American Kentucky Towing, Inc. | The Meigs County Coal Company |
| AmericanMountaineer Properties, Inc. | Murray American Minerals, Inc. | The Monongalia County Coal Company |
| Anchor Longwall and Rebuild, Inc. | Murray American Resources, Inc. | The Muhlenberg County Coal Company, LLC |
| Andalex Resources, Inc. | Murray American River Towing, Inc. | The Muskingum County Coal Company |
| Andalex Resources Management, Inc. | Murray American Transportation, Inc. | The Ohio County Coal Company |
| Avonmore Rail Loading, Inc. | Murray Colombian Resources, LLC | The Ohio Valley Coal Company |
| Belmont Coal, Inc. | Murray Equipment & Machine, Inc. | The Ohio Valley Transloading Company |
| Belmont County Broadcast Studio, Inc. | Murray Kentucky Energy, Inc. | The Oklahoma Coal Company |
| Canterbury Coal Company | Murray Kentucky Energy Services, Inc. | The Washington County Coal Company |
| CCC Land Resources LLC | Murray Keystone Processing, Inc. | The Western Kentucky Coal Company, LLC |
| CCC RCPC LLC | Murray South America, Inc. | Twin Rivers Towing Company |
| Central Ohio Coal Company | Murray Utah Energy Services, Inc. | UMCO Energy, Inc. |
| Coal Resources Holdings Co. | Ohio Energy Transportation, Inc. | UtahAmerican Energy, Inc. |
| Coal Resources, Inc. | Ohio Valley Resources, Inc. | West Ridge Resources, Inc. |
| Consolidated Land Company | OhioAmerican Energy, Incorporated | West Virginia Resources, Inc. |
| Consolidation Coal Company | Oneida Coal Company, Inc. | Western Kentucky Coal Resources, LLC |
| Corporate Aviation Services, Inc. | PennAmerican Coal L.P. | Western Kentucky Consolidated Resources, LLC |
| Eighty-Four Mining Company | PennAmerican Coal, Inc. | Western Kentucky Land Holding, LLC |
| Empire Dock, Inc. | Pennsylvania Transloading, Inc. | Western Kentucky Rail Loadout, LLC |
| Energy Resources, Inc. | Pinski Corp. | Western Kentucky Resources Financing, LLC |
| Energy Transportation, Inc. | Pleasant Farms, Inc. | Western Kentucky Resources, LLC |
| Genwal Resources, Inc. | Premium Coal, Inc. | Western Kentucky River Loadout, LLC |
| Kanawha Transportation Center, Inc. | Southern Ohio Coal Company | |
| KenAmerican Resources, Inc. | Spring Church Coal Company | |

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| MURRAY ENERGY HOLDINGS CO., | Case No. 19-_____(___) |
| Debtor. | |

**LIST OF EQUITY SECURITY HOLDERS**[2]

| Debtor | Equity Holders | Address of Equity Holder | Type of Equity Security | Percentage of Equity Held |
|---|---|---|---|---|
| Murray Energy Holdings Co. | Robert E. Murray | 46226 National Road, St. Clairsville, Ohio 43950 | Class A Common Stock | 100% |
| | Robert E. Murray | 46226 National Road, St. Clairsville, Ohio 43950 | Class B Common Stock | 19.2% |
| | Robert Edward Murray | 46226 National Road, St. Clairsville, Ohio 43950 | Class B Common Stock | 20.2% |
| | Jonathan Murray | 46226 National Road, St. Clairsville, Ohio 43950 | Class B Common Stock | 20.2% |
| | Ryan Murray | 46226 National Road, St. Clairsville, Ohio 43950 | Class B Common Stock | 20.2% |
| | Murray 2003 Trust (Fifth Third Bank) | 46226 National Road, St. Clairsville, Ohio 43950 | Class B Common Stock | 20.2% |

---

[2] This list serves as the disclosure required to be made by the debtor pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure.  All equity positions listed indicate the record holder of such equity as of the date of commencement of the chapter 11 case.

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| MURRAY ENERGY HOLDINGS CO., | ) Case No. 19-_____(___) |
| | ) |
| Debtor. | ) |
| | ) |

**CORPORATE OWNERSHIP STATEMENT**

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Type of Equity Security | Approximate Percentage of Shares Held |
|---|---|---|
| Robert E. Murray | Class A Common Stock | 100% |
| Robert E. Murray | Class B Common Stock | 19.2% |
| Robert Edward Murray | Class B Common Stock | 20.2% |
| Jonathan Murray | Class B Common Stock | 20.2% |
| Ryan Murray | Class B Common Stock | 20.2% |
| Murray 2003 Trust (Fifth Third Bank) | Class B Common Stock | 20.2% |

**Fill in this information to identify the case:**

Debtor name   Murray Energy Holdings Co, *et al.*

United States Bankruptcy Court for the:   Southern District of Ohio

Case number *(If known)*: _____   (State)

☐ Check if this is an
amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 50 Largest Unsecured Claims and Are Not Insiders

**12/15**

A list of creditors holding the 50 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 50 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Total claim, if partially secured | Deduction for value of collateral or setoff [1] | Unsecured Claim |
|---|---|---|---|---|---|---|---|
| | | | | | **Amount of claim** If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| 1 | JOY GLOBAL ATTN: MATT KULASA VP, CORPORATE CONTROLLER & CAO 100 EAST WISCONSIN AVE SUITE 2780 MILWAUKEE, WI  53201-0551 UNITED STATES | MATT KULASA MKULASA@JOYGLOBAL. COM PHONE - 724-873-4337 FAX - 724-873-4309 | Trade Debt | | | | $31,375,190.00 |
| 2 | JENNMAR CORPORATION ATTN: MICHAEL CALANDRA EXECUTIVE VICE PRESIDENT 258 KAPPA DR PITTSBURGH, PA  15238 UNITED STATES | MICHAEL CALANDRA EMAIL - MCALANDRA@JENNMAR. COM PHONE - 412-963-9071 FAX - 304-864-4169 | Trade Debt | | | | $27,712,339.62 |
| 3 | CB MINING, INC. ATTN: JAY W CLEVELAND CHIEF EXECUTIVE OFFICER 255 BERRY ROAD WASHINGTON, PA  15301 UNITED STATES | JAY W CLEVELAND EMAIL - JCLEVELAND@CBMINING .COM PHONE - 866-226-4688 FAX - 724-884-2655 | Trade Debt | | | | $11,929,629.58 |
| 4 | JEFFREY C HURT ATTN: JEFFERY C HURT 29425 CHAGRIN BLVD, SUITE 300 PEPPER PIKE, OH  44122 UNITED STATES | JEFFERY C HURT PHONE - 440-724-1616 FAX - 216-591-0079 | Trade Debt | | | | $10,953,579.25 |

---

[1] The Debtors reserve the right to assert setoff and other rights with respect to any of the claims listed herein.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff [1] | Unsecured Claim |
|---|---|---|---|---|---|---|---|
| 5 | GMS MINE REPAIR & MAINTENANCE ATTN: RON PETRELLA CHIEF FINANCIAL OFFICER 32 ENTERPRISE DRIVE MOUNTAIN LAKE PARK, MD 21550 UNITED STATES | RON PETRELLA EMAIL - RPETRELLA@GMSMINEREPAIR.COM PHONE - 301-334-8186 FAX - 301-334-8698 | Trade Debt | | | | $9,355,472.20 |
| 6 | COASTAL DRILLING EAST, LLC ATTN: SCOTT KIGER OWNER/CEO 130 MEADOW RIDGE ROAD SUITE 24 MT. MORRIS, PA  15349 UNITED STATES | SCOTT KIGER EMAIL - SKIGER@SHAFTDRILLERS.COM PHONE - 304-328-5670 FAX - 304-296-1569 | Trade Debt | | | | $9,212,716.13 |
| 7 | ANDERSON EXCAVATING LLC ATTN: RODNEY ANDERSON PRESIDENT 343 WILLIAMS RD MORGANTOWN, WV  26501 UNITED STATES | RODNEY ANDERSON EMAIL - RANDERSON@ANDERSONEXCAVATINGLLC.COM PHONE - 304-983-2296 FAX - 304-983-4755 | Trade Debt | | | | $8,873,720.10 |
| 8 | INDUSTRIAL COMMERCIAL RESIDENTIAL ATTN: KENNETH WARE OWNER 3351 HAMILTON ST BELLAIRE, OH  43906 UNITED STATES | KENNETH WARE EMAIL - KWARE@ICSUPPLY.COM PHONE - 844-427-2020 FAX - 740-671-8996 | Trade Debt | | | | $6,106,521.64 |
| 9 | SWANSON & MORGANTOWN ATTN: STEVE SANGALLI PRESIDENT & CEO 2608 SMITHTOWN ROAD MORGANTOWN, WV  26508 UNITED STATES | STEVE SANGALLI EMAIL - SSANGALLI@SWANSONINDUSTRIES.COM PHONE - 304-296-8371 FAX - 304-291-5602 | Trade Debt | | | | $5,876,735.72 |
| 10 | R M WILSON CO ATTN: PAT POPICG PRESIDENT 3434 MARKET ST WHEELING, WV  26003 UNITED STATES | PAT POPICG EMAIL - INFO@ RMWILSON.COM PHONE - 304-232-5860 FAX - 304-232-3642 | Trade Debt | | | | $5,512,932.03 |
| 11 | PENN LINE SERVICE, INC. ATTN: DAVID W. LYNN PRESIDENT 300 SCOTTDALE AVENUE SCOTTSDALE, PA  15683 UNITED STATES | DAVID W. LYNN EMAIL - DAVE@PENNLINE.COM PHONE - 724-887-9110 FAX - 724-887-0545 | Trade Debt | | | | $4,205,604.05 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff [1] | Unsecured Claim |
| 12 | HERITAGE COOPERATIVE INC ATTN: ERIC PARTHERMORE PRESIDENT & CEO 59 GREIF PARKWAY DELAWARE, OH  43015 UNITED STATES | ERIC PARTHERMORE EMAIL - EPARTHEMORE@HERITAGECOOPERATIVE.COM PHONE - 937-335-2135 FAX - 330-533-7868 | Trade Debt | | | | $3,989,165.57 |
| 13 | SANDVIK MINING & CONST. USA, LLC ATTN: JOE ANTONELLI VP OF BUSINESS DEVELOPMENT 300 TECHNOLOGY COURT SMYRNA, GA  30082 UNITED STATES | JOE ANTONELLI EMAIL - JANTONELLI@SANDVIK.COM PHONE - 888-778-3156 FAX - 201-468-0865 | Trade Debt | | | | $3,887,547.66 |
| 14 | UNITED CENTRAL IND. SUPPLY CO. LLC ATTN: HENRY LOONEY PRESIDENT 1241 VOLUNTEER PARKWAY SUITE 1000 BRISTOL, TN  37620 UNITED STATES | HENRY LOONEY EMAIL - HLOONEY@UNITEDCENTRAL.NET PHONE - 4230573-7300 FAX - 423-573-7297 | Trade Debt | | | | $3,724,838.64 |
| 15 | CINTAS CORPORATION ATTN: SCOTT FARMER PRESIDENT & CEO 800 CINTAS BOULEVARD CINCINNATI, OH  45262-5737 UNITED STATES | SCOTT FARMER EMAIL - FARMERS2@CINTAS.COM PHONE - 513-573-4020 FAX - 513-573-4130 | Trade Debt | | | | $3,539,927.60 |
| 16 | LONE PINE CONSTRUCTION, INC. ATTN: REGIS LEACH PRESIDENT & CEO 83 LUSK ROAD BENTLEYVILLE, PA  15314 UNITED STATES | REGIS LEACH EMAIL - RLEACH@LONEPINECONST.NET PHONE - 724-239-6100 FAX - 724-239-6107 | Trade Debt | | | | $3,497,808.87 |
| 17 | NEXGEN INDUSTRIAL SERVICES, INC. ATTN: DON LEMLEY PRESIDENT 125 LONG STREET RICES LANDING  15357 UNITED STATES | DON LEMLEY EMAIL - DLEMLEY@NEXGENINDUSTRIAL.COM PHONE - 724-592-5133 FAX - 724-592-5144 | Trade Debt | | | | $2,885,771.11 |
| 18 | GLOBAL MINE SERVICE, INC. ATTN: CRAIG WATSON PRESIDENT 207 MARINE ST BELLE VERNON, PA  15012 UNITED STATES | CRAIG WATSON EMAIL - CWATSON@GLOBALMINESERVICE.COM PHONE - 724-929-8700 FAX - 724-929-5252 | Trade Debt | | | | $2,821,941.22 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim<br><br>(for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim<br><br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff [1] | Unsecured Claim |
| 19 | ROYAL HYDRAULIC SERVICE & MFG.<br>ATTN: GARY MORRELL PRESIDENT<br>2 WASHINGTON ST<br>COKEBURG, PA  15324<br>UNITED STATES | GARY MORRELL<br>EMAIL - MARY.JOHNSON@LIVE.COM<br>PHONE - 724-945-6800<br>FAX - 724-945-5225 | Trade Debt | | | | $2,774,879.33 |
| 20 | C & A CUTTER HEAD, I<br>ATTN: PAUL CAMBELL PRESIDENT<br>212 KENDALL AVENUE<br>PO BOX 1488<br>CHILHOWIE, VA  24319<br>UNITED STATES | PAUL CAMBELL<br>EMAIL - PCAMPBELL@LONGWALL.COM<br>PHONE - 276-646-2004<br>FAX - 276-646-3999 | Trade Debt | | | | $2,755,804.50 |
| 21 | FUCHS LUBRICANTS CO.<br>ATTN: KEITH BREWER PRESIDENT & CEO<br>17050 LATHROP AVENUE<br>HARVEY, IL  60426<br>UNITED STATES | KEITH BREWER<br>EMAIL - KBREWER@FUCHS.COM<br>PHONE - 708-333-8900<br>FAX - 724-852-2351 | Trade Debt | | | | $2,731,982.46 |
| 22 | DAVIS ELECTRIC COMPANY, INC.<br>ATTN: MARK TARLEY PRESIDENT<br>309 MOUND AVENUE<br>FAIRMONT, WV  26554<br>UNITED STATES | MARK TARLEY<br>EMAIL - MTARLEY@DAVISELECTRIC.NET<br>PHONE - 304-363-8730<br>FAX - 304-367-1223 | Trade Debt | | | | $2,498,338.81 |
| 23 | STRATA MINE SERVICES, LLC<br>ATTN: MIKE BERUBE PRESIDENT & CEO<br>8800 ROSWELL ROAD SUITE 145<br>SANDY SPRINGS, GA  30350<br>UNITED STATES | MIKE BERUBE<br>EMAIL - MIKE.BERUBE@STRATAWORLDWIDE.COM<br>PHONE - 740-695-6880<br>FAX - 276-991-1025 | Trade Debt | | | | $2,361,984.79 |
| 24 | WARWOOD ARMATURE REPAIR CO.<br>ATTN: BILL THALMAN VP OF OPERATIONS<br>128 NORTH 7TH ST<br>WHEELING, WV  26003<br>UNITED STATES | BILL THALMAN<br>EMAIL - CTHALMAN@WARWOODARMATURE.COM<br>PHONE - 304-277-2550<br>FAX - 304-277-2917 | Trade Debt | | | | $2,314,228.04 |
| 25 | LINCOLN CONTRACTING & EQUIP CO INC<br>ATTN: HAROLD WALKER PRESIDENT<br>2478 LINCOLN HIGHWAY<br>STOYSTOWN  15563<br>UNITED STATES | HAROLD WALKER<br>EMAIL - JIH@CECI.COM<br>PHONE - 814-629-2151<br>FAX - 814-629-6588 | Trade Debt | | | | $2,177,106.61 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim | | |
|---|---|---|---|---|---|---|---|
| | | | | If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | | |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff [1] | Unsecured Claim |
| 26 | SAVAGE SERVICES CORPORATION ATTN: KIRK AUBRY PRESIDENT & CEO 901 W. LEGACY CENTER WAY MIDVALE, UT  84047 UNITED STATES | KIRK AUBRY EMAIL - KIRKR@SAVAGESERVICES.COM PHONE - 801-944-6600 FAX - 801-944-6500 | Trade Debt | | | | $2,144,454.14 |
| 27 | CLEVELAND BROTHERS EQUIPMENT CO INC ATTN: JAY CLEVELAND PRESIDENT & CEO 4565 WILLIAM PENN HIGHWAY MURRYSVILLE, PA  15668 UNITED STATES | JAY CLEVELAND EMAIL - JCLEVELAND@CLEVELANDBROTHERS.COM PHONE - 724-327-1300 FAX - 724-325-8406 | Trade Debt | | | | $1,977,533.07 |
| 28 | CROWN PRODUCTS & SERVICES INC ATTN: DOUG SIMMONS PRESIDENT & CEO 319 S GILLETTE AVE STE 303 GILLETTE, WY  82716 UNITED STATES | DOUG SIMMONS EMAIL - SDSIMMONS@CROWNPS.US PHONE - 307-696-8164 FAX - 307-696-8174 | Trade Debt | | | | $1,699,615.83 |
| 29 | MEMMO CONTRACTING, INC. ATTN: DEANO MEMMO DIRECTOR 600 CHERRY BLOSSOM WAY BRIDGEVILLE, PA  15017 UNITED STATES | DEANO MEMMO EMAIL - MEMCON@COMCAST.NET PHONE - 724-350-2649 FAX - 724-746-4813 | Trade Debt | | | | $1,619,285.00 |
| 30 | LEE SUPPLY CO., INC. ATTN: NOELLE TAUCHER CONTROLLER 305 1ST STREET CHARLEROI, PA  15022-1427 UNITED STATES | NOELLE TAUCHER EMAIL - NTAUCHER@LEESUPPLY.COM PHONE - 724-483-3543 FAX - 724-483-0577 | Trade Debt | | | | $1,573,976.14 |
| 31 | ERIKS NORTH AMERICA INC ATTN: BEN MONDICS PRESIDENT & CEO 650 WASHINGTON ROAD SUITE 500 PITTSBURGH, PA  15228 UNITED STATES | BEN MONDICS EMAIL - BMONDICS@ERIKSNA.COM PHONE - 724-213-1166 FAX - 724-344-8342 | Trade Debt | | | | $1,531,990.84 |
| 32 | LARROL SUPPLY, INC. ATTN: PETE KOHUT PRESIDENT 66261 NORTH 26TH ROAD BETHESDA, OH  43719-9748 UNITED STATES | PETE KOHUT EMAIL - PKOHUT@LARROLSUPPLY.COM PHONE - 740-782-1324 FAX - 740-782-1326 | Trade Debt | | | | $1,499,240.74 |

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim | | |
|---|---|---|---|---|---|---|
| | | | | If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff [1] | Unsecured Claim |
| 33 WHEELER MACHINERY COMPANY ATTN: JEFF IPSEN CHIEF FINANCIAL OFFICER 4901 2100 S SALT LAKE CITY, UT 84120 UNITED STATES | JEFF IPSEN EMAIL - JEFFIPSEN@WHEELERC AT.COM PHONE - 801-974-0511 FAX - 801-974-9404 | Trade Debt | | | | $1,393,183.18 |
| 34 OMEGA CEMENTING CO ATTN: DONALD GADDIS CHIEF EXECUTIVE OFFICER 3776 MILLBORNE RD APPLE CREEK, OH 44606 UNITED STATES | DONALD GADDIS EMAIL - GADDIS25@EMBARQMAIL .COM PHONE - 330-695-7147 | Trade Debt | | | | $1,389,105.75 |
| 35 HARVEY SERVICES LLC ATTN: GARY L HARVEY 31 HARVEY LANE SCENERY HILL, PA 15360 UNITED STATES | GARY L HARVEY EMAIL - HARVEYSERVICESLLC@ GMAIL.COM PHONE - 740-391-1885 FAX - 724-632-2440 | Trade Debt | | | | $1,272,815.00 |
| 36 JABO SUPPLY CORP. ATTN: JACK BAZEMORE PRESIDENT 5164 BRALEY RD HUNTINGTON, WV 25707 UNITED STATES | JACK BAZEMORE EMAIL - JBAZEMORE@JABOSUPP LY.COM PHONE - 304-736-8333 FAX - 304-736-8551 | Trade Debt | | | | $1,259,129.73 |
| 37 OHIO CAT ATTN: DAVE BLOCKSOM CHIEF FINANCIAL OFFICER 3993 E ROYALTON RD BROADVIEW HEIGHTS, OH 44147 UNITED STATES | DAVE BLOCKSOM EMAIL - DBLOCKSOM@OHIOCAT. COM PHONE - 800-837-6204 FAX - 740-942-4029 | Trade Debt | | | | $1,249,688.16 |
| 38 MECHANICAL & CERAMIC SOLUTIONS, INC ATTN: KENNETH SHAREK PRESIDENT 730 SUPERIOR STREET CARNEGIE, PA 15106 UNITED STATES | KENNETH SHAREK EMAIL - KENNETHS@mcs-pa.com PHONE - 412-429-8991 FAX - 412-429-8766 | Trade Debt | | | | $1,246,200.04 |
| 39 RICHWOOD INDUSTRIES, INC. ATTN: KEVIN MALOY CHIEF OPERATING OFFICER 707 7TH STREET WEST HUNTINGTON, WV 25704 UNITED STATES | KEVIN MALOY EMAIL - KMALOY@RICHWOOD.CO M PHONE - 304-525-5436 FAX - 304-525-8018 | Trade Debt | | | | $1,235,667.12 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff [1] | Unsecured Claim |
| 40 | A. REED EXCAVATING L ATTN: ADAM REED CHIEF EXECUTIVE OFFICER 52912 STATE ROUTE 145 BEALLSVILLE, OH  43716 UNITED STATES | ADAM REED PHONE - 740-391-4985 FAX - 740-926-1422 | Trade Debt | | | | $1,234,931.49 |
| 41 | ELGIN INDUSTRIES ATTN: PETER WALIER CHIEF EXECUTIVE OFFICER 2001 BUTTERFIELD DOWNERS GROVE, IL  60515 UNITED STATES | PETER WALIER EMAIL - peter.walier@elginindustries.com PHONE - 630-434-7200 FAX - 618-268-4850 | Trade Debt | | | | $1,232,678.25 |
| 42 | R.G. JOHNSON COMPANY ATTN: JIM LECKIE PRESIDENT 25 SOUTH COLLEGE STREET WASHINGTON, PA  15301 UNITED STATES | JIM LECKIE PHONE - 724-222-6810 FAX - 724-222-6815 | Trade Debt | | | | $1,221,678.08 |
| 43 | MAC'S MINING REPAIR SERVICE, INC. ATTN: LYNN C. SITTERUD PRESIDENT 225 WEST 400 SOUTH HUNTINGTON, UT  84528 UNITED STATES | LYNN C. SITTERUD EMAIL - LYNN@MACSMININGREPAIR.COM PHONE - 435-687-2244 FAX - 435-687-2547 | Trade Debt | | | | $1,215,224.57 |
| 44 | IRWIN MINE & TUNNELING SUPPLY ATTN: DAVID FITZPATRICK SENIOR VICE PRESIDEN 9953 BROADWAY ST IRWIN, PA  15642 UNITED STATES | DAVID FITZPATRICK EMAIL - DFITZPATRICK@IRWINCAR.COM PHONE - 724-864-8900 FAX - 724-864-8909 | Trade Debt | | | | $1,144,812.20 |
| 45 | AMERICAN MINE POWER, INC. ATTN: FREDDIE D. BALL JR. PRESIDENT 584 RAGLAND ROAD BECKLEY, WV  25801 UNITED STATES | FREDDIE D. BALL JR. PHONE - 304-253-6374 FAX - 304-235-6378 | Trade Debt | | | | $1,138,652.51 |
| 46 | STATE ELECTRIC SUPPLY COMPANY ATTN: JOHN SPOOR PRESIDENT & COO 210 2ND AVE HUNTINGTON, WV  25703 UNITED STATES | JOHN SPOOR EMAIL - john.spoor@stateelectric.com PHONE - 304-528-0265 FAX - 304-424-8144 | Trade Debt | | | | $1,127,785.71 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff [1] | Unsecured Claim |
| 47 | DATE MINING ATTN: TERRY RICE PRINCIPAL 1400 SOUTH MAIN STREET HARRISBURG, IL  62946 UNITED STATES | TERRY RICE PHONE - 618-252-7200 | Trade Debt | | | | $1,121,544.74 |
| 48 | UMWA HEALTH AND RETIREMENT FUNDS ATTN: DALE STOVER DIRECTOR OF FINANCE AND GENERAL SERVICES 2121 K STREET, SUITE 350 WASHINGTON, DC  20037 UNITED STATES | Dale Stover EMAIL - DSTOVER@UMWAFUNDS.ORG PHONE - 703-291-2463 | Pension and Health Benefits | | | | Undetermined |
| 49 | RAVEN ENERGY LLC ("CMT") ATTN: CATHERINE STEEGE PARTNER C/O JENNER BLOCK 353 N CLARK STREET CHICAGO, IL  60654 UNITED STATES | Catherine Steege EMAIL - CSTEEGE@JENNER.COM PHONE - 312-923-2952 FAX - 312-840-7352 | Breach of Contract | Contingent, Unliquidated, Disputed | | | Undetermined |
| 50 | MARGARET ANNE WICKLAND, AS TRUSTEE FOR AND ON BEHALF OF AN IRREVOCABLE TRUST ESTABLISHED DECEMBER 23, 1974, AND A REVOCABLE TRUST ESTABLISHED AUGUST 23, 1985 AND GUY CORPORATION ATTN: KEVIN G. HROBLAK ATTORNEY WHITEFORD, TAYLOR & PRESTON L.L.P. SEVEN SAINT PAUL STREET SUITE 1500 BALTIMORE, MD  21202 | Kevin G. Hroblak EMAIL - khroblak@wtplaw.com PHONE - 410-347-8700 FAX - 410-752-7092 | Litigation | Unliquidated | | | Undetermined |

Fill in this information to identify the case and this filing:

| | |
|---|---|
| Debtor Name | Murray Energy Holdings, Co. |
| United States Bankruptcy Court for the: | **Southern District of Ohio** |
| | (State) |
| Case number (If known): | |

## Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors        12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### ■ Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐   *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐   *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐   *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐   *Schedule H: Codebtors (Official Form 206H)*

☐   *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐   Amended Schedule

☒   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 50 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒   Other document that requires a declaration_____   **List of Equity Security Holders and Corporate Ownership Statement**_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

| | |
|---|---|
| **10/29/2019** | ☒ */s/ Robert D. Moore* |
| MM/ DD/YYYY | Signature of individual signing on behalf of debtor |
| | **Robert D. Moore** |
| | Printed name |
| | **Authorized Signatory** |
| | Position or relationship to debtor |

Official Form 202                          Declaration Under Penalty of Perjury for Non-Individual Debtors

## RESOLUTIONS OF THE BOARDS OF DIRECTORS OF

### MURRAY ENERGY CORPORATION
**(an Ohio corporation)**

**("Murray Energy")**

### MURRAY ENERGY HOLDINGS CO.
**(a Delaware corporation)**

**("Holdings")**

**WHEREAS**, the boards of directors (each, a "Governing Body") of Murray Energy and Holdings (each, a "Company," and collectively, the "Companies") have considered presentations by the management and the financial and legal advisors of each Company regarding the liabilities and liquidity situation of each Company, the strategic alternatives available to it, and the effect of the foregoing on each Company's business;

**WHEREAS**, each Governing Body has had the opportunity to consult with the management and the financial and legal advisors of the Companies and to fully consider each of the strategic alternatives available to the Companies;

**WHEREAS**, after a marketing process and negotiations with its stakeholders, the Companies and their advisors have negotiated with certain of the lenders under its Superpriority Credit and Guaranty Agreement (as defined herein) to provide a senior secured debtor-in-possession term loan facility in an amount up to $350 million to the Companies (the "DIP Facility"), which would be used to fund the Companies' operations in the ordinary course, fund the administration of each Company's Chapter 11 Case (as defined herein), pay the claims of certain vendors, employees, and other stakeholders in the ordinary course of business during each Company's Chapter 11 Case, and repay the amounts outstanding under the asset based revolving facility under the Amended and Restated Revolving Credit Agreement (but not the first in, last out term loan under that credit agreement);

**WHEREAS**, the Companies and their advisors have negotiated that certain restructuring support agreement (the "RSA") with the Consenting Superpriority Lenders and Consenting Equityholders (each as is defined in the RSA), which RSA documents the support of those consenting parties for each Company's proposed Chapter 11 Cases and reorganization; and

**WHEREAS**, each Governing Body has reviewed and considered presentations by the management and the financial and legal advisors of each Company regarding the DIP Facility and the RSA.

**NOW, THEREFORE, BE IT,**

## CHAPTER 11 FILING

**RESOLVED**, that, in the judgment of each Governing Body, it is desirable and in the best interests of each Company (including a consideration of its creditors and other parties in interest)

that each Company shall be, and hereby is, authorized to file, or cause to be filed, a voluntary petition for relief (the "Chapter 11 Case") under the provisions of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of Ohio (the "Bankruptcy Court") and any other petition for relief or recognition or other order that may be desirable under applicable law in the United States.

**RESOLVED**, that any of the Chief Executive Officer, Chief Financial Officer, any Executive Vice President, any Senior Vice President, any Chief Legal Officer, or any other duly appointed officer of each Company (collectively, the "Authorized Officers"), acting alone or with one or more other Authorized Officers be, and they hereby are, authorized, empowered, and directed to execute and file on behalf of each Company all petitions, schedules, lists, and other motions, papers, or documents, and to take any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of each Company's business.

## ENTRY INTO RSA

**RESOLVED**, that, in the judgment of each Governing Body, it is desirable and in the best interests of each Company (including a consideration of its creditors and other parties in interest) that each Company shall be, and hereby is, authorized to and directed to finalize, execute, and deliver the RSA, and the Companies' performance of their obligations under the RSA, including the negotiation and documentation of a chapter 11 plan and asset purchase agreement, and all exhibits, schedules, attachments, and ancillary documents or agreements related to such documents, is, in all respects, approved and authorized.

## RETENTION OF PROFESSIONALS

**RESOLVED**, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the law firm of Kirkland & Ellis LLP and Kirkland & Ellis International LLP (together, "Kirkland") as general bankruptcy counsel to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Kirkland;

**RESOLVED**, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the law firm of Dinsmore & Shohl L.L.P. ("Dinsmore") as local bankruptcy counsel to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Dinsmore;

**RESOLVED**, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the firm Evercore Group L.L.C. ("Evercore"), as investment banker to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations; and in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Evercore;

**RESOLVED**, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the firm Alvarez and Marsal L.L.C. ("A&M"), as financial advisor to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations; and in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of A&M;

**RESOLVED**, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the firm Prime Clerk LLC ("Prime Clerk") as notice and claims agent to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations; and in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of Prime Clerk;

**RESOLVED**, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ any other professionals to assist each Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary; and

**RESOLVED**, that each of the Authorized Officers be, and they hereby are, with power of delegation, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Officers deem necessary, proper, or desirable in connection with each Company's Chapter 11 Case, with a view to the successful prosecution of such case.

## CASH COLLATERAL AND DEBTOR-IN-POSSESSION FINANCING

**WHEREAS**, each Company will obtain benefits from the use of collateral, including cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "Cash Collateral"), which is security for certain prepetition secured lenders (collectively, the "Secured Lenders") party to:

(a)     that certain Amended and Restated Revolving Credit Agreement, originally dated as of December 5, 2013, as amended, restated, modified, or supplemented from time to time prior to the date hereof, among Holdings, Murray Energy, as borrower, the guarantors from time to time party thereto, the various lenders from time to time party thereto, and Goldman Sachs Bank USA, as agent;

(b)     that certain Superpriority Credit and Guaranty Agreement, dated as of June 29, 2018, as amended, restated, modified, or supplemented from time to time prior to the date hereof (the "Superpriority Credit and Guaranty Agreement"), among Holdings, Murray Energy, as borrower, the guarantors from time to time party thereto, the various lenders from time to time party thereto, and GLAS Trust Company LLC, as administrative agent;

(c)     that certain Credit and Guaranty Agreement, dated as of April 16, 2015, as amended, restated, modified, or supplemented from time to time prior to the date hereof, among Holdings, Murray Energy, as borrower, the guarantors from time to time party thereto, the various lenders from time to time party thereto and Black Diamond Commercial Finance, L.L.C., as successor administrative agent to GLAS Trust Company LLC and Deutsche Bank AG New York Branch, respectively;

(d)     that certain Indenture, dated June 29, 2018, as amended, restated, modified, or supplemented from time to time prior to the date hereof, by and among Murray Energy, as issuer, the guarantors from time to time party thereto, The Bank of New York Mellon Trust Company, N.A., as indenture trustee, and U.S. Bank National Association, as collateral trustee;

(e)     that certain Indenture, dated May 8, 2014, as amended, restated, modified or supplemented from time to time prior to the date hereof, by and among Murray Energy, as issuer, the guarantors from time to time party thereto, The Bank of New York Mellon Trust Company, N.A., as indenture trustee, and U.S. Bank National Association, as collateral trustee; and

(f)     that certain Indenture, dated April 16, 2015, as amended, restated, modified or supplemented from time to time prior to the date hereof, by and among Murray Energy, as issuer, the guarantors from time to time party thereto, The Bank of New York Mellon Trust Company, N.A., as indenture trustee, and U.S. Bank National Association, as collateral trustee.

**WHEREAS**, reference is made to that certain Debtor-In-Possession Credit Agreement (together with all exhibits, schedules, and annexes thereto, the "DIP Credit Agreement"), dated as of, or about, the date hereof, by and among Murray Energy, as borrower (the "Borrower"), and a debtor and debtor in possession under Chapter 11 of the Bankruptcy Code, Holdings, Murray Metallurgical Coal Properties, LLC, Murray Metallurgical Coal Properties II, LLC and all other direct and indirect domestic subsidiaries of the Borrower that are guarantors under the Superpriority Credit and Guaranty Agreement, as guarantors (together with the Borrower, the "Debtors"), the lenders party thereto from time to time (collectively, the "DIP Lenders"), and GLAS Trust Company LLC, as administrative agent (the "DIP Agent");

**WHEREAS**, the obligation of the DIP Lenders to make the extensions of credit to the Borrower is subject to, among other things, each Company entering into the DIP Credit Agreement and satisfying certain conditions in the DIP Credit Agreement; and

**WHEREAS**, each Company will obtain benefits from the DIP Credit Agreement and it is advisable and in the best interest of each Company to enter into the DIP Credit Agreement and each other DIP Loan Document (as defined in the DIP Credit Agreement) and to perform its obligations thereunder, including granting security interests in all or substantially all of its assets.

**NOW, THEREFORE, BE IT,**

**RESOLVED**, that the form, terms, and provisions of the DIP Credit Agreement, and the transactions contemplated by the DIP Credit Agreement (including, without limitation, the borrowings thereunder), the transactions contemplated therein, and the guaranties, liabilities, obligations, security interests granted, and notes issued, if any, in connection therewith, be, and hereby are, authorized, adopted and approved;

**RESOLVED**, that each Company will obtain benefits from the DIP Credit Agreement and it is advisable and in the best interest of each Company to enter into the DIP Credit Agreement and each other DIP Loan Document and to perform its obligations thereunder, including granting security interests in all or substantially all of its assets;

**RESOLVED**, that each Company's execution and delivery of, and its performance of its obligations (including guarantees) in connection with the DIP Credit Agreement, are hereby, in all respects, authorized and approved; and further resolved, that each of the Authorized Officers, acting alone or with one or more Authorized Officers, is hereby authorized, empowered, and directed to negotiate the terms of and to execute, deliver, and perform under the DIP Credit Agreement and any and all other documents, certificates, instruments, agreements, intercreditor agreements, any amendment, or any other modification required to consummate the transactions contemplated by the DIP Credit Agreement in the name and on behalf of each Company, in the form approved, with such changes therein and modifications and amendments thereto as any of the Authorized Officers may in his or her sole discretion approve, which approval shall be conclusively evidenced by his or her execution thereof.  Such execution by any of the Authorized Officers is hereby authorized to be by facsimile, engraved or printed as deemed necessary and preferable;

**RESOLVED**, that each of the Authorized Officers, acting alone or with one or more Authorized Officers, be, and hereby are, authorized, empowered, and directed in the name of, and on behalf of, each Company to seek authorization to enter into the DIP Credit Agreement and to seek approval of the use of Cash Collateral pursuant to a postpetition financing order in interim and final form, and any Authorized Signatory be, and hereby is, authorized, empowered, and directed to negotiate, execute, and deliver any and all agreements, instruments, or documents, by or on behalf of each Company, necessary to implement the postpetition financing, including providing for adequate protection to the Secured Lenders in accordance with section 363 of the Bankruptcy Code, as well as any additional or further agreements for entry into the DIP Credit Agreement and the use of cash collateral in connection with each Company's Chapter 11 Case, which agreements may require each Company to grant adequate protection and liens to each

Company's Secured Lenders and each other agreement, instrument, or document to be executed and delivered in connection therewith, by or on behalf of each Company pursuant thereto or in connection therewith, all with such changes therein and additions thereto as any Authorized Signatory approves, such approval to be conclusively evidenced by the taking of such action or by the execution and delivery thereof;

**RESOLVED**, that (i) the form, terms, and provisions of the DIP Credit Agreement and all other DIP Loan Documents to which each Company is a party, (ii) the grant of security interests in, pledges of, and liens on all or substantially all of the assets now or hereafter owned by each Company as collateral (including pledges of equity and personal property as collateral) under the DIP Loan Documents, (iii) the guaranty of obligations by each Company under the DIP Loan Documents, from which each Company will derive value, be and hereby are, authorized, adopted, and approved, and (iv) any Authorized Signatory or other officer of each Company is hereby authorized, empowered, and directed, in the name of and on behalf of each Company, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, each of the transactions contemplated by the DIP Credit Agreement, substantially in the form provided to each Governing Body, the DIP Loan Documents and such other agreements, certificates, instruments, receipts, petitions, motions, or other papers or documents to which each Company is or will be a party or any any order entered into in connection with each Company's Chapter 11 Case (collectively with the DIP Credit Agreement, the "Financing Documents"), incur and pay or cause to be paid all related fees and expenses, with such changes, additions and modifications thereto as an Authorized Signatory executing the same shall approve;

**RESOLVED**, that each Company, as debtor and debtor-in-possession under the Bankruptcy Code be, and hereby is, authorized, empowered, and directed to incur any and all obligations and to undertake any and all related transactions on substantially the same terms as contemplated under the Financing Documents (collectively, the "Financing Transactions"), including granting liens on its assets to secure such obligations;

**RESOLVED**, that each of the Authorized Officers be, and they hereby are, authorized, empowered, and directed in the name of, and on behalf of, each Company, as debtor and debtor-in-possession, to take such actions as in its discretion is determined to be necessary, desirable, or appropriate to execute, deliver, and file: (i) the Financing Documents and such agreements, certificates, instruments, guaranties, notices, and any and all other documents, including, without limitation, any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of any Financing Documents, necessary, desirable, or appropriate to facilitate the Financing Transactions; (ii) all petitions, schedules, lists, and other motions, papers, or documents, which shall in its sole judgment be necessary, proper, or advisable, which determination shall be conclusively evidenced by his/her or their execution thereof; (iii) such other instruments, certificates, notices, assignments, and documents as may be reasonably requested by the DIP Agent and other parties in interest; and (iv) such forms of deposit account control agreements, officer's certificates, and compliance certificates as may be required by the Financing Documents;

**RESOLVED**, that each of the Authorized Officers be, and they hereby are, authorized, empowered, and directed in the name of, and on behalf of, each Company to file or to authorize

the DIP Agent to file any Uniform Commercial Code ("UCC") financing statements, any other equivalent filings, any intellectual property or real estate filings and recordings, and any necessary assignments for security or other documents in the name of each Company that the DIP Agent deems necessary or convenient to perfect any lien or security interest granted under the Financing Documents, including any such UCC financing statement containing a generic description of collateral, such as "all assets," "all property now or hereafter acquired" and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of each Company and such other filings in respect of intellectual and other property of each Company, in each case as the DIP Agent may reasonably request to perfect the security interests of the DIP Agent under the Financing Documents;

**RESOLVED**, that each of the Authorized Officers be, and they hereby are, authorized, empowered, and directed in the name of, and on behalf of, each Company to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with the Financing Transactions and all fees and expenses incurred by or on behalf of each Company in connection with the foregoing resolutions, in accordance with the terms of the Financing Documents, which shall in their reasonable business judgment be necessary, proper, or advisable to perform each Company's obligations under or in connection with the Financing Documents or any of the Financing Transactions and to fully carry out the intent of the foregoing resolutions;

**RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized, empowered, and directed in the name of, and on behalf of, each Company, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of the postpetition financing or any of the Financing Documents or to do such other things which shall in their sole judgment be necessary, desirable, proper, or advisable to give effect to the foregoing resolutions, which determination shall be conclusively evidenced by his/her or their execution thereof; and

**RESOLVED**, that, to the extent any Company serves as the sole member, general partner, managing member, equivalent manager, or other governing body (each, a "Controlling Company") of any other Company, each Authorized Signatory, as applicable, is authorized, empowered, and directed to take each of the actions described in these resolutions or any of the actions authorized by these resolutions on behalf of the applicable Controlling Company.

## APPOINTMENT OF CHAIRMAN AND PRESIDENT & CHIEF EXECUTIVE OFFICER

**WHEREAS**, pursuant to the 2019 Amended and Restated Code of Regulations of Murray Energy (the "Murray Energy Bylaws") and the Bylaws of Holdings (the "Holdings Bylaws"), the officers of Murray Energy and Holdings shall be elected by the Governing Body of the Company;

**WHEREAS**, pursuant to the Murray Energy Bylaws, the positions of Chairman of the Board and President and Chief Executive Officer have been established as separate positions that may be filled by one or more persons;

**WHEREAS**, pursuant to the Murray Energy Bylaws, the President and Chief Executive Officer shall have general charge and authority over the business of Murray Energy and have all such powers as are assigned to or vested in him by the board of directors of Murray Energy or otherwise provided by agreement;

**NOW, THEREFORE, BE IT,**

**RESOLVED**, that Robert E. Murray is hereby appointed as Chairman of the Board of Murray Energy and Holdings, effective immediately, and will hold such office until his successor is duly elected and qualified or until his earlier death, resignation or removal; and

**RESOLVED**, that Robert D. Moore is hereby appointed as President and Chief Executive Officer of Murray Energy and Holdings, effective immediately, replacing Robert E. Murray in such office, and will hold such office until his successor is duly elected and qualified or until his earlier death, resignation or removal and shall have the power to manage the business of Murray Energy and Holdings and carry into, or cause to be carried into, effect the orders and resolutions of each Governing Body, respectively, including, without limitation complying with the RSA and DIP Credit Agreement and creating, revising and overseeing the budget for the DIP Credit Agreement.

## GENERAL

**RESOLVED**, that, in addition to the specific authorizations heretofore conferred upon the Authorized Officers, each of the Authorized Officers (and their designees and delegates) be, and they hereby are, authorized and empowered, in the name of and on behalf of each Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including, but not limited to, filing fees, in each case as in such Authorized Signatory's judgment, shall be necessary, advisable, or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein;

**RESOLVED**, each of the Authorized Officers be, and each hereby is, authorized and empowered to take any and all action with respect to each Company's subsidiaries that such Authorized Officer shall deem necessary, proper or advisable in furtherance of the foregoing resolutions (including consenting to amendments, amendments and restatements or other modifications of such subsidiaries' governing documents);

**RESOLVED**, that each Governing Body of each Company has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of each Company, or hereby waive any right to have received such notice;

**RESOLVED**, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of each Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of each Company with the same force and effect as if each such act, transaction, agreement,

or certificate had been specifically authorized in advance by resolution of each Governing Body; and

**RESOLVED**, that each of the Authorized Officers (and their designees and delegates) be, and hereby is, authorized and empowered to take all actions or to not take any action in the name of each Company with respect to the transactions contemplated by these resolutions hereunder, as such Authorized Signatory shall deem necessary or desirable in such Authorized Signatory's reasonable business judgment as may be necessary or convenient to effectuate the purposes of the transactions contemplated herein.

*     *     *     *     *