IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| MURRAY ENERGY HOLDINGS CO., *et al.*,[1] | ) | |
| | ) | Case No. 19-56885 (JEH) |
| | ) | |
| | ) | Judge John E. Hoffman |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) EXTENDING TIME TO
FILE SCHEDULES OF ASSETS AND LIABILITIES, SCHEDULES OF CURRENT
INCOME AND EXPENDITURES, SCHEDULES OF EXECUTORY CONTRACTS
AND UNEXPIRED LEASES, STATEMENTS OF FINANCIAL AFFAIRS,
AND RULE 2015.3 FINANCIAL REPORTS, AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") respectfully state as follows in support of this motion:[2]

**Relief Requested**

1. The Debtors seek entry of an order, substantially in the form attached hereto as **<u>Exhibit A</u>**, (a) extending the deadline by which the Debtors must file their schedules of assets and liabilities, schedules of current income and expenditures, schedules of executory contracts and unexpired leases, and statements of financial affairs as required by section 521 of the

---

[1] Due to the large number of Debtors in these chapter 11 cases, for which joint administration has been requested, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. Such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.primeclerk.com/MurrayEnergy. The location of Debtor Murray Energy Holdings Co.'s principal place of business and the Debtors' service address in these chapter 11 cases is 46226 National Road, St. Clairsville, Ohio 43950.

[2] The facts and circumstances supporting this motion are set forth in the *Declaration of Robert D. Moore, President, Chief Executive Officer, and Chief Financial Officer of Murray Energy Holdings Co., in Support of Chapter 11 Petitions* (the "<u>Moore Declaration</u>") and the *Declaration of Robert A. Campagna, Managing Director at Alvarez & Marsal North America, LLC, in Support of First Day Motions* (the "<u>Campagna Declaration</u>"), filed contemporaneously herewith and incorporated by reference herein (collectively, the "<u>First Day Declarations</u>"). Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the First Day Declarations.

KE 64623095

Bankruptcy Code (as defined herein) and Rule 1007 of the Federal Rules of Bankruptcy Procedures (as defined herein) (collectively, the "Schedules and Statements") by 36 days, for a total of 50 days from the Petition Date (as defined herein), without prejudice to the Debtors' ability to request additional extensions, (b) extending the deadline by which the Debtors must file their initial reports of financial information with respect to entities in which the Debtors hold a controlling or substantial interest as set forth in Bankruptcy Rule 2015.3 (the "2015.3 Reports"), or to file a motion with the Court seeking a modification of such reporting requirements for cause, to the later of (i) 30 days after the meeting of creditors to be held pursuant to section 341 of the Bankruptcy Code (the "341 Meeting") or (ii) 44 days from the Petition Date, without prejudice to the Debtors' ability to request additional extensions, and (c) granting related relief.

## Jurisdiction and Venue

2.  The United States Bankruptcy Court for the Southern District of Ohio (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *General Order 30-2* from the United States Bankruptcy Court for the Southern District of Ohio, dated October 10, 2019 (the "General Order"). The Debtors confirm their consent, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.  The bases for the relief requested herein are section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Bankruptcy Rules 1007, 2015.3(d), and 9006, Rules 1007–1, 9006–1, and 9013–1 of the Local Bankruptcy Rules for the

United States Bankruptcy Court for the Southern District of Ohio (the "Local Rules"), and the General Order.

### Background

5. Murray Energy Holdings Co. (together with its Debtor and non-debtor subsidiaries, "Murray"), is the largest privately-owned coal company in the United States, producing about 53 million tons of high quality bituminous coal in 2018, and employing nearly 5,500 people, including approximately 2,400 active union members.[3] Headquartered in St. Clairsville, Ohio, Murray owns and operates 13 active mines across the Northern, Central, and Southern Appalachia Basins (located in Ohio, West Virginia, eastern Kentucky, and Alabama), the Illinois Basin (located in Illinois and western Kentucky), the Uintah Basin (located in Utah), and Colombia, South America. Murray also manages and operates five additional mines in the Illinois Basin through its partnership with non-debtor Foresight Energy LP. Excluding Foresight-related operations, Murray's operations generated approximately $2.5 billion in revenue related to coal sales and $542.3 million of EBITDA in 2018. As of the date hereof (the "Petition Date"), the Debtors have approximately $2.7 billion in funded debt and over $8 billion in actual or potential legacy liability obligations under various pension and benefit plans.

6. On the Petition Date, each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are authorized to continue operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Concurrently with the filing of this motion, the Debtors filed a

---

[3] These amounts exclude individuals employed through the Debtors' partnership with non-debtor affiliate Foresight Energy LP, but include employees at the operating companies of non-debtor subsidiary, Murray Metallurgical Coal Holdings, LLC.

motion requesting procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b). Also on the Petition Date, the Debtors filed their Notice of Election of Complex Chapter 11 Cases.

## Basis for Relief

**I.     Cause Exists To Extend the Time To File the Schedules and Statements.**

7.     Pursuant to Bankruptcy Rules 1007(c) and 9006(b), the Court has authority to extend the time required for filing of the Schedules and Statements "for cause." *See* Fed. R. Bankr. P. 1007(c) ("[A]ny extension of time to file schedules, statements, and other documents . . . may be granted only on motion for cause shown."); Fed. R. Bankr. P. 9006(b) (providing that "when an act is required . . . to be done at or within a specified time by [the Bankruptcy Rules] . . . , the court for cause shown may at any time in its discretion" extend the specified time period). Moreover, section 105(a) of the Bankruptcy Code empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code, and thus the extension of time for cause shown is within this Court's equitable powers. Absent the relief requested herein, the Debtors must file the Schedules and Statements within 14 days of the Petition Date. *See* Fed. R. Bankr. P. 1007(c) (requiring that the Schedules and Statements be filed with the voluntary petitions "or within 14 days thereafter").

8.     The Debtors submit that ample cause exists to grant the relief requested herein. To prepare their Schedules and Statements, the Debtors and their advisors will have to compile information from books, records, and documents relating to a myriad of claims, assets, and contracts for over 95 Debtor entities. Collection of the necessary information therefore will require a significant expenditure of time and effort on the part of the Debtors and their employees. Additionally, because numerous invoices related to prepetition goods and services have not yet been received and entered into the Debtors' accounting system, it may be some time

4

before the Debtors have access to all of the information required to prepare the Schedules and Statements.

9.  As set forth in the First Day Declarations and herein, the Debtors' business operations are complex and vast, and preparing the Schedules and Statements accurately and in appropriate detail will require significant attention from the Debtors' personnel and advisors. Engaging in such preparation immediately before or after the commencement of these chapter 11 cases would distract such personnel and advisors from the Debtors' business operations at a critical juncture. Specifically, in the days leading up to the Petition Date, the Debtors' primary focus has been preparing for these chapter 11 cases, including securing financing to operate their business postpetition and negotiating with certain creditor constituencies, and thus the Debtors' management and professionals were not in a position to complete the Schedules and Statements as of the Petition Date. Focusing the attention of key personnel and advisors on critical operational and chapter 11 compliance issues during the early days of these chapter 11 cases likewise will facilitate the Debtors' smooth transition into chapter 11, thereby maximizing value for their estates, their creditors, and other parties in interest.

10. Given the substantial burdens already imposed on the Debtors' management by the commencement of these chapter 11 cases, the competing demands upon the Debtors' employees to collect information, and the time and attention the Debtors must devote to the restructuring process, the Debtors submit that good cause exists to extend the current deadline by 36 days, until 50 days after the Petition Date. The requested extension will enhance the accuracy of the Statements and Schedules when filed and help avoid the potential necessity of substantial subsequent amendments. The Debtors request such an extension without prejudice

5

to their rights to seek further extensions or waivers from the Court. Moreover, an extension will not harm creditors or other parties in interest because, even under the extended deadline, the Debtors will file the Schedules and Statements in advance of any deadline for filing proofs of claim in these chapter 11 cases.

11. Accordingly, the Debtors submit that a 36-day extension of time to file the Schedules and Statements, without prejudice to their ability to request additional extensions, is appropriate and warranted under the circumstances. Courts in this district and elsewhere regularly have found "cause" to extend the deadline for filing schedules and statements in chapter 11 cases when the case involves business operations of comparable size, complexity, and geographic scope. *See, e.g.*, *In re AcuSport Corp.*, No. 18-52736 (JEH) (Bankr. S.D. Ohio May 4, 2018) (extending the time to file schedules and statements of financial affairs by 15 days); *In re Mission Coal Co.*, No. 18-40177 (TOM) (Bankr. N.D. Ala. Oct. 16, 2018) (extending the time to file schedules and statements of financial affairs by 30 days); *In re FirstEnergy Solutions*, No. 18-50757 (AMK) (Bankr. N.D. Ohio Apr. 4, 2018) (extending the time to file schedules and statements of financial affairs by 31 days); *In re Arch Coal, Inc.*, No. 16-40120 (CER) (Bankr. E.D. Mo. Jan. 13, 2016) (extending the time to file schedules and statements of financial affairs by 45 days); *In re Alpha Natural Resources, Inc.*, No. 15-33896 (KRH) (Bankr. E.D. Va. Aug. 5, 2015) (extending the time to file schedules and statements of financial affairs by 46 days).[4]

## II. Cause Exists To Extend the Time To File the 2015.3 Reports.

12. Pursuant to Bankruptcy Rule 2015.3, a chapter 11 debtor must file, no later than seven days before the date set for the 341 Meeting and no less than every six months thereafter,

---

[4] Because of the voluminous nature of the orders cited herein, such orders have not been attached to this motion. Copies of these orders are available upon request of the Debtors' proposed counsel.

periodic financial reports of the value, operations, and profitability of each entity that is not a publicly traded corporation or a debtor in the chapter 11 cases, and in which the estate holds a substantial or controlling interest. *See* Fed. R. Bankr. P. 2015.3(a)–(c). Bankruptcy Rule 9006(b)(1) provides the Court with authority to extend the period of time to file the 2015.3 Reports "for cause." Additionally, Bankruptcy Rule 2015.3(d) provides the Court with the ability, after notice and a hearing, to modify the reporting requirements for cause, including that the debtor is "not able, after a good faith effort, to comply with those reporting requirements, or that the information . . . is publicly available." *See* Fed. R. Bankr. P. 2015.3(d).

13. The Debtors directly own non-debtor subsidiaries that are subject to Bankruptcy Rule 2015.3 and, as such, are required to file 2015.3 Reports. The Debtors are not in a position to complete the initial 2015.3 Reports within the time required under Bankruptcy Rule 2015.3, due to (a) the size, complexity, and geographic scope of the Debtors' businesses, and (b) the substantial burdens imposed by complying with Bankruptcy Rule 2015.3 in the early days of these chapter 11 cases. Cause accordingly exists to extend the deadline for filing the 2015.3 Reports as requested herein.

14. Extending the deadline to file the initial 2015.3 Reports will also enable the Debtors to work with their advisors and the U.S. Trustee to determine the appropriate nature and scope of the reports, and any proposed modifications to the reporting requirements established by Bankruptcy Rule 2015.3. Moreover, the relief requested herein will not prejudice any party in interest as the Debtors will work cooperatively with the U.S. Trustee and any other parties in these chapter 11 cases to provide access to relevant information regarding the business and financial affairs of the Debtors and their non-debtor subsidiaries. Accordingly, the Debtors respectfully request that the Court grant an extension of the time by which the Debtors must file

KE 64623095

their initial 2015.3 Reports to the later of (a) 30 days after the 341 Meeting, or (b) 44 days from the Petition Date pursuant to Bankruptcy Rule 2015.3(d).

15.  Courts have found "cause" to extend the deadline for filing 2015.3 Reports in chapter 11 cases of comparable size, complexity, and geographic scope. *See, e.g.*, *In re Windstream Holdings, Inc.*, No. 19-22312 (RDD) (Bankr. S.D.N.Y. Feb. 28, 2019) (granting debtors an extension to the later of 30 days after the 341 meeting and 44 days from the petition date to file 2015.3 Reports); *In re Aegean Marine Petroleum Network Inc.*, No. 18-13374 (MEW) (Bankr. S.D.N.Y. Nov. 16, 2018) (same); *In re Nine West Holdings, Inc.*, No. 18-10947 (SCC) (Bankr. S.D.N.Y. Apr. 9, 2018) (same); *In re Armstrong Energy, Inc.*, No. 17-47541 (KSS) (Bankr. E.D. Mo. Nov. 8, 2017) (granting debtors an extension to the later of 15 days after the 341 meeting or 45 days after the petition date to file 2015.3 Reports); *In re Alpha Natural Resources, Inc.*, No. 15-33896 (KRH) (Bankr. E.D. Va. Aug. 5, 2015) (granting debtors an extension until 45 days after the petition date to file 2015.3 Reports).

### The Requirements of Bankruptcy Rule 6003 Are Satisfied

16.  Bankruptcy Rule 6003 empowers a court to grant relief within the first 21 days after the Petition Date "to the extent that relief is necessary to avoid immediate and irreparable harm." For the reasons discussed above, the Debtors believe an immediate and orderly transition into chapter 11 is critical to the viability of their operations and that any delay in granting the relief requested could hinder the Debtors' operations and cause irreparable harm. Furthermore, the failure to receive the requested relief during the first 21 days of these chapter 11 cases would severely disrupt the Debtors' operations at this important juncture. The motion requests relief from procedural rules and requirements that pertain to matters of immediate significance or which involve deadlines sooner than 21 days after the Petition Date. Accordingly, the Debtors

submit that they have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 to support granting the relief requested herein.

## Motion Practice

17. This motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of their application to this motion. Accordingly, the Debtors submit that this motion satisfies Local Rule 9013-1(a).

## Notice

18. The Debtors have provided notice of this motion to the following parties or their respective counsel: (a) the U.S. Trustee for the Southern District of Ohio; (b) the holders of the 50 largest unsecured claims against the Debtors (on a consolidated basis); (c) the indenture trustee under the Debtors' prepetition indentures; (d) the administrative agent under the Debtors' prepetition asset-based and term loan facilities; (e) the administrative agent under the Debtors' proposed debtor-in-possession financing facility; (f) counsel to the Ad Hoc Group of Superpriority Lenders; (g) the Environmental Protection Agency and similar state environmental agencies for states in which the Debtors operate; (h) the office of the attorneys general for the states in which the Debtors operate; (i) the United States Attorney's Office for the Southern District of Ohio; (j) the Internal Revenue Service; (k) the Pension Benefit Guaranty Corporation; (l) the United Mine Workers of America; (m) the Seafarers International Union; and (n) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

19. No prior request for the relief sought in this motion has been made to this or any other court.

KE 64623095

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated: October 29, 2019
Cincinnati, Ohio

/s/ *Kim Martin Lewis*

| | |
|---|---|
| Kim Martin Lewis (0043533) | Nicole L. Greenblatt, P.C. (*pro hac vice* pending) |
| Alexandra S. Horwitz (0096799) | Mark McKane, P.C. (*pro hac vice* pending) |
| **DINSMORE & SHOHL LLP** | **KIRKLAND & ELLIS LLP** |
| 255 East Fifth Street | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Suite 1900 | 601 Lexington Avenue |
| Cincinnati, Ohio 45202 | New York, New York 10022 |
| Telephone: (513) 977-8200 | Telephone: (212) 446-4800 |
| Facsimile: (513) 977-8141 | Facsimile: (212) 446-4900 |
| Email: kim.lewis@dinsmore.com | Email: nicole.greenblatt@kirkland.com |
| allie.horwitz@dinsmore.com | mark.mckane@kirkland.com |

*Proposed Counsel to the Debtors and Debtors in Possession*

- and -

Ross M. Kwasteniet, P.C. (*pro hac vice* pending)
Joseph M. Graham (*pro hac vice* pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email: ross.kwasteniet@kirkland.com
joe.graham@kirkland.com

*Proposed Counsel to the Debtors and Debtors in Possession*

KE 64623095