# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| MURRAY ENERGY HOLDINGS CO., *et al.*,[1] | ) Case No. 19-56885 (JEH) |
| | ) |
| | ) Judge John E. Hoffman |
| | ) |
| Debtors. | ) (Joint Administration Requested) |
| | ) |

## DEBTOR'S MOTION FOR AN ORDER (I) SCHEDULING EXPEDITED HEARINGS ON CERTAIN FIRST DAY MOTIONS AND APPLICATIONS, (II) APPROVING THE FORM AND MANNER OF NOTICE THEREOF, AND (III) GRANTING RELATED RELIEF

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state as follows in support of this motion:[2]

### Relief Requested

1. Given the emergency nature of the relief requested in the First Day Motions (as defined below), the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A**, (a) scheduling expedited hearings on certain first day motions and applications, (b) approving the form and manner of notice thereof, and (c) granting related relief.

2. Once scheduled, the expedited hearing will be held in Courtroom TBA at the United States Bankruptcy Court, 221 East Fourth Street, Atrium Two, Suite 800, Cincinnati, Ohio 45202.

---

[1] Due to the large number of Debtors in these chapter 11 cases, for which joint administration has been requested, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. Such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.primeclerk.com/MurrayEnergy. The location of Debtor Murray Energy Holdings Co.'s principal place of business and the Debtors' service address in these chapter 11 cases is 46226 National Road, St. Clairsville, Ohio 43950.

[2] The facts and circumstances supporting this motion are set forth in the *Declaration of Robert D. Moore, Chief Financial Officer of Murray Energy Holdings Co., in Support of Chapter 11 Petitions* (the "Moore Declaration") and the *Declaration of Robert A. Campagna, Managing Director at Alvarez & Marsal North America, LLC, in Support of First Day Motions* (the "Campagna Declaration"), filed contemporaneously herewith and incorporated by reference herein (collectively, the "First Day Declarations"). Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the First Day Declarations.

**Jurisdiction and Venue**

3. The United States Bankruptcy Court for the Southern District of Ohio (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *General Order 30-2* from the United States Bankruptcy Court for the Southern District of Ohio, dated October 10, 2019 (the "General Order"). The Debtors confirm their consent, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

4. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The bases for the relief requested herein are section 105 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rule 9073-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of Ohio (the "Local Rules"), and the General Order.

**Background**

6. Murray Energy Holdings Co. (together with its Debtor and non-debtor subsidiaries, "Murray"), is the largest privately-owned coal company in the United States, producing about 53 million tons of high quality bituminous coal in 2018, and employing nearly 5,500 people, including approximately 2,400 active union members.[3] Headquartered in St. Clairsville, Ohio, Murray owns and operates 13 active mines across the Northern, Central, and Southern Appalachia Basins (located in Ohio, West Virginia, eastern Kentucky, and Alabama), the Illinois Basin (located in Illinois and western Kentucky), the Uintah Basin (located in Utah), and Colombia, South

---

[3] These amounts exclude individuals employed through the Debtors' partnership with non-debtor affiliate Foresight Energy LP, but include employees at the operating companies of non-debtor subsidiary, Murray Metallurgical Coal Holdings, LLC.

America. Murray also manages and operates five additional mines in the Illinois Basin through its partnership with non-debtor Foresight Energy LP. Excluding Foresight-related operations, Murray's operations generated approximately $2.5 billion in revenue related to coal sales and $542.3 million of EBITDA in 2018. As of the date hereof (the "Petition Date"), the Debtors have approximately $2.7 billion in funded debt and over $8 billion in actual or potential legacy liability obligations under various pension and benefit plans.

7. On the Petition Date, each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are authorized to continue operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Concurrently with the filing of this motion, the Debtors filed a motion requesting procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b). Also on the Petition Date, the Debtors filed their Notice of Election of Complex Chapter 11 Cases.

8. No request has been made for the appointment of a trustee or examiner, and no official committee has been appointed in this Case.

9. Subsequent to filing its chapter 11 petitions in these chapter 11 cases, the Debtors filed a number of motions (the "First Day Motions") requesting emergency relief, including the following:

(a) Debtors' Motion for Entry of an Order (I) Directing Joint Administration of Chapter 11 Cases and (II) Granting Related Relief [Docket No. 2] ("Joint Administration Motion");

(b) Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying the Automatic Stay, (V) Scheduling A Final Hearing, and (VI) Granting Related Relief [Docket No. TBD] ("DIP Motion");

(c) Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Continue to Operate Their Cash Management System, (B) Maintain Existing

3

(c) Business Forms, and (C) Perform Intercompany Transactions and Pay Prepetition Obligations Related Thereto, and (II) Granting Related Relief [Docket No. 13] ("Cash Management Motion");

(d) Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Pay Prepetition Wages, Salaries, Other Compensation, and Reimbursable Expenses and (B) Continue Employee Benefits Programs, and (II) Granting Related Relief [Docket No. 14] ("Wages Motion");

(e) Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to Pay Certain Prepetition Claims of (A) Critical Vendors, (B) Lien Claimants, (C) Shippers, (D) 503(B)(9) Claimants, and (E) Royalty and Leasehold Claimants, (II) Confirming Administrative Expense Priority Status of Outstanding Orders, and (III) Granting Related Relief [Docket No. 15] ("Critical Vendors and Lienholders Motion");

(f) Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Perform Under Existing Coal Sale Contracts in the Ordinary Course of Business and (B) Enter into and Perform Under New Coal Sale Contracts in the Ordinary Course of Business, and (II) Granting Related Relief [Docket No. 16] ("Coal Sale Contracts Motion");

(g) Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to Maintain and Administer Their Existing Customer Programs and Honor Certain Prepetition Obligations Related Thereto and (II) Granting Related Relief [Docket No. 17] ("Customer Programs Motion");

(h) Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Continue Their Insurance Policies and Honor All Obligations in Respect Thereof, (B) Rene, Supplement, and Enter into New Insurance Policies, (C) Honor the Terms of the Premium Financing Agreements and Pay Premiums Thereunder, (D) Enter into New Premium Financing Agreements in the Ordinary Course of Business, and (II) Granting Related Relief [Docket No. 18] ("Insurance Motion");

(i) Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Continue Their Surety Bond Program and (B) Pay Related Ordinary Course Obligations, and (II) Granting Related Relief [Docket No. 19] ("Surety Bond Motion");

(j) Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Payment of Certain Prepetition and Postpetition Taxes and Fees and (II) Granting Related Relief [Docket No. 20] ("Taxes Motion");

(k) Debtors' Motion for Entry of Interim and Final Orders (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and (II) Granting Related Relief [Docket No. 21] ("NOL Motion");

(l)      Debtors' Motion Seeking Authority to Implement Certain Notice and Case Management Procedures [Docket No. 22] ("<u>Case Management Motion</u>");

(m)     Debtors' Motion for Entry of Interim and Final Orders (I) Approving the Debtors' Proposed Adequate Assurance of Payment for Future Utility Services, (II) Prohibiting Utility Companies from Altering, Refusing, or Discontinuing Services, (III) Approving the Debtors' Proposed Procedures for Resolving Adequate Assurance Requests, and (IV) Granting Related Relief [Docket No. 23] ("<u>Utilities Motion</u>");

(n)      Debtors' Application for Appointment of Prime Clerk LLC as Claims and Noticing Agent [Docket No. 24] ("<u>Prime Clerk Retention</u>");

(o)      Debtors' Motion For Entry of an Order (I) Extending Time to File Schedules of Assets and Liabilities, Schedules of Current Income and Expenditures, Schedules of Executory Contracts and Unexpired Leases, Statements of Financial Affairs, and Rule 2015.3 Financial Reports, and (II) Granting Related Relief [Docket No. 25] ("<u>Schedules Motion</u>).

(p)      Debtors' Motion for Entry of an Order (I) Authorizing the Debtors to (A) File A Consolidated List of Creditors in Lieu of Submitting A Separate Mailing Matrix for Each Debtor and (B) Redact Certain Personally Identifiable Information for the Debtors' Employees, (II) Approving the Form and Manner of Notifying Creditors of the Commencement of the Chapter 11 Cases, and (III) Granting Related Relief [Docket No. 26] ("<u>Creditor Matrix Motion</u>); and

## **Basis for Relief**

**I. The Nature of the Relief Requested in the First Day Motions Requires Emergency Hearings.**

10.      As set forth in detail in each of the First Day Motions, the relief requested is essential to Debtor's operations and, in turn, its ability to successfully utilize the chapter 11 process. Any delay with respect to the relief requested in the First Day Motions would severely hinder the Debtors' ability to preserve and maximize the value of its estate for the benefit of its creditors. For example, the Debtors cannot continue operating their businesses without the relief requested in the DIP Motion, as they will not have the authority to make necessary payments in the ordinary course of their businesses. Similarly, the Wages Motion addresses issues critical to ensuring a stable relationship with Debtors' employees as the Debtors enter bankruptcy, without which the Debtors may not be able to operate effectively. The Cash Management Motion requests relief necessary for the Debtors to continue making authorized payments and operating

its business without disruption. The Critical Vendors and Lienholders Motion, Insurance Motion, the Surety Bonds Motion, the Coal Sale Contracts Motion, the Customer Programs Motion, the Taxes Motion, the Utilities Motion, and the NOL Motion, likewise request relief necessary to maintaining Debtor's operations on a postpetition basis without taking unnecessary risks or jeopardizing the stability of these chapter 11 cases. In addition, the Joint Administration Motion, the Creditor Matrix Motion, the Case Management Motion, the Schedules Motion, and the Prime Clerk Retention Application request relief regarding administrative requirements that must be resolved quickly in order for these chapter 11 cases to run smoothly, without which the chapter 11 cases may suffer logistical or administrative issues. Thus, all of the First Day Motions necessitate expedited, emergency hearings.

II. **Debtor's Proposed Notice of First Day Motions Should Be Approved Because Such Notice Provides Adequate and Sufficient Notice to All Interested Parties**.

11. The Debtors propose to serve copies of this Motion, the First Day Motions, and notice of the expedited hearing, subject to entry of an order of this Court granting this Motion, substantially in the form attached hereto as **Exhibit B** and incorporated herein by reference, through the Court's ECF notification system on all parties receiving electronic notice in these Chapter 11 Cases, as well as via overnight mail, electronic mail, and/or facsimile (to the extent available) on the following parties:

(a) the U.S. Trustee for the Southern District of Ohio;

(b) the holders of the 50 largest unsecured claims against the Debtors (on a consolidated basis);

(c) the indenture trustees under the Debtors' prepetition indentures;

(d) the administrative agents under the Debtors' prepetition asset-based and term loan facilities;

(e) the administrative agents under the Debtors' proposed debtor-in-possession financing facility;

(f) counsel to the Ad Hoc Group of Superiority Lenders;

6

(g) the Environmental Protection Agency and similar state environmental agencies for states in which the Debtors operate;

(h) the office of the attorneys general for the states in which the Debtors operate;

(i) the United States Attorney's Office for the Southern District of Ohio;

(j) the Internal Revenue Service;

(k) the Pension Benefit Guaranty Corporation;

(l) the United Mine Workers of America;

(m) the Seafarers International Union;

(n) the Debtors' lessors under mineral leases and real estate leases;

(o) the specific notice parties under each First Day Motion;

(p) any party that has requested notice pursuant to Bankruptcy Rule 2002.

12. Given the exigency of the circumstances, and because adequate notice will be provided to the parties with the most significant interest in the case, the Debtors submit that the form and manner of notice proposed herein should be approved.

### III. The Debtors Propose to Shorten the Response Time and Further Proposes to Have First Day Motions Heard on an Expedited Basis.

13. As required by Local Rule 9073-1, the Debtors expressly propose herein to shorten the response deadline for each First Day Motion to be the date and time set by the Court for hearings on the First Day Motions. The Debtors further expressly propose that the Court set such hearing on an expedited basis for the first practical date available to the Court.

### Motion Practice

14. This motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of their application to this motion. Accordingly, the Debtors submit that this motion satisfies Local Rule 9013-1(a).

**Notice**

15. The Debtors have provided notice of this motion to the following parties or their respective counsel: (a) the U.S. Trustee for the Southern District of Ohio; (b) the holders of the 50 largest unsecured claims against the Debtors (on a consolidated basis); (c) the indenture trustee under the Debtors' prepetition indentures; (d) the administrative agent under the Debtors' prepetition asset-based and term loan facilities; (e) the administrative agent under the Debtors' proposed debtor-in-possession financing facility; (f) counsel to the Ad Hoc Group of Superpriority Lenders; (g) the Environmental Protection Agency and similar state environmental agencies for states in which the Debtors operate; (h) the office of the attorneys general for the states in which the Debtors operate; (i) the United States Attorney's Office for the Southern District of Ohio; (j) the Internal Revenue Service; (k) the Pension Benefit Guaranty Corporation; (l) the United Mine Workers of America; (m) the Seafarers International Union; and (n) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

*[Remainder of page intentionally left blank]*

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated: October 29, 2019
Cincinnati, Ohio

/s/ *Kim Martin Lewis*

| | |
|---|---|
| Kim Martin Lewis (0043533) | Nicole L. Greenblatt, P.C. (*pro hac vice* pending) |
| Alexandra S. Horwitz (0096799) | Mark McKane, P.C. (*pro hac vice* pending) |
| **DINSMORE & SHOHL LLP** | **KIRKLAND & ELLIS LLP** |
| 255 East Fifth Street | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Suite 1900 | 601 Lexington Avenue |
| Cincinnati, Ohio 45202 | New York, New York 10022 |
| Telephone: (513) 977-8200 | Telephone: (212) 446-4800 |
| Facsimile: (513) 977-8141 | Facsimile: (212) 446-4900 |
| Email: kim.lewis@dinsmore.com | Email: nicole.greenblatt@kirkland.com |
| allie.horwitz@dinsmore.com | mark.mckane@kirkland.com |

*Proposed Counsel to the Debtors and Debtors in Possession*

- and -

Ross M. Kwasteniet, P.C. (*pro hac vice* pending)
Joseph M. Graham (*pro hac vice* pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email: ross.kwasteniet@kirkland.com
joe.graham@kirkland.com

*Proposed Counsel to the Debtors and Debtors in Possession*