**This document has been electronically entered in the records of the United States Bankruptcy Court for the Southern District of Ohio.**

**IT IS SO ORDERED.**



John E. Hoffman, Jr.
United States Bankruptcy Judge

**Dated: November 1, 2019**

_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MURRAY ENERGY HOLDINGS CO., *et al.*,[1] | ) | Case No. 19-56885 (JEH) |
| | ) | |
| | ) | Judge John E. Hoffman, Jr. |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

### ORDER IMPLEMENTING CERTAIN NOTICE AND CASE MANAGEMENT
### PROCEDURES [RELATED TO DOCKET NO. 22]

---

[1]     Due to the large number of Debtors in these chapter 11 cases, for which joint administration has been requested, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  Such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.primeclerk.com/MurrayEnergy.  The location of Debtor Murray Energy Holdings Co.'s principal place of business and the Debtors' service address in these chapter 11 cases is 46226 National Road, St. Clairsville, Ohio 43950.

Upon the motion  (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") approving and implementing the notice, case management, and administrative procedures attached hereto as **Exhibit 1** (the "Case Management Procedures"), all as more fully set forth in the Motion; and upon the First Day Declarations; and upon the Debtors' filing of their *Notice of Election of Complex Chapter 11 Cases* on the Petition Date; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *General Order 30-2* from the United States Bankruptcy Court for the Southern District of Ohio, dated October 10, 2019, and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted as set forth in this Order.

---

[2]     Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

KE 64970918

2.      The Debtors' chapter 11 cases are hereby verified as Complex Chapter 11 Cases as defined in the General Order.

3.      The Debtors shall serve a copy of this Order in compliance with the General Order on the Master Service List within three business days.

4.      The Case Management Procedures are approved and shall govern all applicable aspects of these chapter 11 cases, except as otherwise ordered by this Court.

5.      The first four Omnibus Hearings are scheduled for hearing in Courtroom A, 5th Floor, United States Bankruptcy Court, 170 North High Street, Columbus, Ohio 43215, as follows:

- 9:30 a.m., prevailing Eastern Time on the 4th day of December of 2019;

- 10:00 a.m., prevailing Eastern Time on the 9th day of January of 2020;

- 10:00 a.m., prevailing Eastern Time on the 6th day of February of 2020; and

- 10:00 a.m., prevailing Eastern Time on the 12th day of March of 2020.

6.      The Debtors' claims and noticing agent, Prime Clerk LLC (upon the Court's approval of the Debtors' retention of Prime Clerk LLC as claims and noticing agent) is authorized to establish the Case Website, available at https://cases.primeclerk.com/MurrayEnergy, where, among other things, electronic copies of all Court Filings will be posted and viewable free of charge.

7.      Any notice sent by the Debtors or any other party to the Master Service List, or to any parties required by the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the General Order, the Case Management Procedures, or further order of this Court, shall be deemed sufficient and in compliance with thereof.

8.      Any notice sent by the Debtors or any other party in interest shall be deemed to comply with the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

9.      All time periods set forth in this Order or in the Case Management Procedures shall be calculated in accordance with Bankruptcy Rule 9006(a).

10.      Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the requirements of the Bankruptcy Rules, the Local Rules, and the General Order are satisfied by such notice.

11.      The Debtors are authorized to take all reasonable actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

12.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

SO ORDERED.

Copies to Default List

KE 64970918

## Exhibit 1

**Case Management Procedures**

KE 64970918

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| In re: | ) ) Chapter 11 |
| MURRAY ENERGY HOLDINGS CO., *et al.*,[1] | ) ) Case No. 19-56885 (JEH) |
| | ) ) Judge John E. Hoffman |
| Debtors. | ) ) (Joint Administration Requested) ) |

## CASE MANAGEMENT PROCEDURES

On October 29, 2019 (the "Petition Date"), the above-captioned debtors and debtors in possession (collectively, the "Debtors"), each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of Ohio (the "Court").  Also on the Petition Date, the Debtors filed their *Notice of Election of Complex Chapter 11 Cases* at Docket No. 6 in Case No. 19-56884 (JEH) (*In re Murray Energy Holdings Co.*).  The Debtors are authorized to continue operating their businesses and managing its properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

On November 1, 2019, the Court entered an order (the "Order") approving these case management procedures (the "Case Management Procedures") set forth herein pursuant to sections 102(1), 105(a), and 105(d) of the Bankruptcy Code, Rules 2002(m), 9007, and 9036 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 9013-1 of the

---

[1] Due to the large number of Debtors in these chapter 11 cases, for which joint administration has been requested, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  Such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.primeclerk.com/MurrayEnergy.  The location of Debtor Murray Energy Holdings Co.'s principal place of business and the Debtors' service address in these chapter 11 cases is 46226 National Road, St. Clairsville, Ohio 43950.

Local Bankruptcy Rules for the Southern District of Ohio (the "Local Rules"), and the *Order Regarding Complex Chapter 11 Cases*, *General Order 30-2*, from the United States Bankruptcy Court for the Southern District of Ohio, dated October 10, 2019 (the "General Order").  Anyone may obtain a copy of the Order, as well as any document filed with the Court in these chapter 11 cases, by: (a) accessing the website maintained by Prime Clerk LLC ("Prime Clerk" or the "Claims and Noticing Agent"), at https://cases.primeclerk.com/MurrayEnergy (the "Case Website"); (b) contacting Prime Clerk directly at One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, New York 10165, telephone at (877) 422-5170 (toll free) or (917) 947-2680 (international) or by email at MurrayEnergyInfo@PrimeClerk.com; or (c) accessing the PACER system on the Court's website at https://www.ecf.ohsb.uscourts.gov for a nominal fee.

Pursuant to the Order, all notices, motions, applications, briefs, memoranda, affidavits, declarations, objections, responses, and other documents filed in these chapter 11 cases are subject to, and will not be deemed properly served unless they are served in accordance with, these Case Management Procedures.  Additionally, while the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules apply to these chapter 11 cases, to the extent there is a conflict between the foregoing and these Case Management Procedures, these Case Management Procedures shall govern in all respects.  ***Accordingly, all parties in interest are strongly encouraged to review these Case Management Procedures in their entirety and consult their own legal counsel with respect to any of the matters discussed herein before filing any documents in these chapter 11 cases.***

## CASE MANAGEMENT PROCEDURES

I.   **Hearing Procedures.**

A.   **Omnibus Hearings.**

1.   ***All Matters to Be Heard at Omnibus Hearings.***  As contemplated by the General Order, the Debtors may request that the Court schedule periodic omnibus hearings (the "Omnibus

2

Hearings") to consider all notices, motions, applications, and other requests for relief, briefs, memoranda, affidavits, declarations, replies, and other documents filed in support of such papers seeking relief (collectively, the "Requests for Relief"), and all objections and responses to such Requests for Relief (collectively, the "Objections," and together with the Requests for Relief and all other filed documents, the "Court Filings").

2.    ***Initial Omnibus Hearings.***    The first four Omnibus Hearings are scheduled in Courtroom A, 5th Floor, United States Bankruptcy Court, 170 North High Street, Columbus, Ohio 43215, as follows:

- 9:30 a.m., prevailing Eastern Time on the 4th day of December of 2019;

- 10:00 a.m., prevailing Eastern Time on the 9th day of January of 2020;

- 10:00 a.m., prevailing Eastern Time on the 6th day of February of 2020; and

- 10:00 a.m., prevailing Eastern Time on the 12th day of March of 2020.

3.    ***Subsequent Omnibus Hearings.***    At or before the Omnibus Hearing held on March 12, 2020, the Debtors shall request that the Court schedule additional Omnibus Hearings. The Court shall schedule such Omnibus Hearings and, upon scheduling, Prime Clerk shall post the dates of the additional Omnibus Hearings on the Case Website. Parties may contact Prime Clerk for information concerning all scheduled Omnibus Hearings.

4.    ***Notice of Omnibus Hearings.***    Service of the Proposed Hearing Agenda as set forth herein shall constitute service of notice of matters to be heard at Omnibus Hearings.

**B.    General.**

5.    ***Matters that May Be Heard at Non-Omnibus Hearings.***    Subject to consultation with the Court's chambers, hearings in connection with any Court Filing may be scheduled on a non-Omnibus Hearing dates.

3

6.       *Evidentiary Hearings.*  Every hearing is presumed to be an evidentiary hearing at which witnesses may testify.  The Proposed Hearing Agenda shall clearly denote any matter that is scheduled to be heard as an evidentiary hearing.  Additionally, any Court Filing requesting or requiring the Court to make a factual finding must be supported by competent evidence (e.g., declarations, affidavits, and exhibits).

7.       *Telephonic Appearances.*  A motion for a telephonic appearance is not necessary. Unless otherwise ordered, testimony and exhibits may not be offered by a counsel appearing telephonically.   The party participating telephonically must arrange such participation with CourtSolutions by telephone (917) 746-7476 adhering to the procedures for telephonic participation applicable in the Court.   Those parties participating by phone may not use speakerphones unless authorized by the Court.[2]  Parties participating by phone must put their phones on "mute," except when they need to be heard, and are not to put their phones on "hold" in any circumstances.

8.  *Listen-Only Lines.*   Any party may attend hearings through a listen-only line (each, a "Listen-Only Line") by arranging such Listen-Only Line with either CourtSolutions by telephone (917) 746-7476.

9.       *Electronic Devices.*  Use of cellular telephones, laptops and other electronic devices in the courtroom by attorneys and parties shall be permitted, except recording devices.  All devices shall be set to silent.

---

[2]   Because of technical limitations of the equipment and the way speakerphones disrupt proceedings in the courtroom, speakerphone authorizations usually will not be granted.

KE 64970918

C.    **Hearing Agendas.**

10.    ***Proposed Hearing Agenda.***  At least two business days before each Omnibus Hearing, the Debtors' counsel shall file a proposed agenda with regard to the matters scheduled to be heard at such Hearing (the "Proposed Hearing Agenda") and serve it on the Master Service List. The Proposed Hearing Agenda may include notice of matters that have been consensually adjourned to a later Omnibus Hearing in lieu of parties filing a separate notice of adjournment; *provided* that for all matters adjourned to a later Omnibus Hearing or some other future date, the Debtors also will electronically file (but need not serve) a notice of adjournment with respect to such matters.

11.    ***Sequence of Matters.***  Uncontested matters shall be listed before contested matters.

12.    ***Contents.***  The Proposed Hearing Agenda will include, to the extent known by the Debtors' counsel:  (a) moving party's name; (b) docket number of the initiating documents; and (c) status (e.g., settled, going forward, continuance requested, continuance opposed, continued by consent).  For each matter going forward or where a request for continuance is opposed, the Proposed Hearing Agenda shall also include the following:  (a) a suggestion for the order in which the matters should be addressed; (b) docket number of any objections, responses, replies, and documents in support; (c) filing party's name; and (d) any other comments that will assist the Court.

13.    ***Settlements.***  In the event that a matter is properly noticed for hearing and the parties reach a settlement of the dispute prior to the scheduled hearing, the parties must promptly notify the Court and announce the settlement at the scheduled hearing.  In the event that the Court determines that the notice of the dispute and the hearing is adequate notice of the effects of the settlement (i.e., that the terms of the settlement are not materially different from what parties in interest could have expected if the dispute were fully litigated), the Court may approve the

5

settlement at the hearing without further notice of the terms of the settlement, or a hearing to consider such settlement shall be held on the next hearing date deemed appropriate by the Court.

14.     ***Omnibus Objections to Claims.***  The Proposed Hearing Agenda may list responses continued by consent collectively.

15.     ***Expedited and Evidentiary Hearings.***  The Proposed Hearing Agenda shall clearly denote any expedited hearings and evidentiary hearings.

16.     ***Amended Agendas.***  Amended agendas shall be filed.  Amendments shall be highlighted in some fashion.  Only amendments from the most recently filed prior Proposed Hearing Agenda shall be highlighted.

17.     ***Not Limiting.***  The requirements listed above do not prohibit the inclusion of other procedural information that would be helpful to the Court.

**II.     Filing and Service Procedures.**

18.     All Court Filings filed in these chapter 11 cases shall be filed electronically with the Court on the docket of *In re Murray Energy Holdings Co.*, Case No. 19-56885 (JEH) by registered users of the Court's electronic case filing system (the "Electronic Filing System").

**A.     The Master Service List.**

19.     ***Parties Entitled to Service.***  All Court Filings (other than proofs of claim) shall be served on the following list of parties (the "Master Service List").  Prime Clerk shall maintain the Master Service List, which shall be made available by (i) accessing the Case Website, (ii) contacting the Claims and Noticing Agent directly, or (iii) contacting the Debtors' counsel directly.  The Master Service List shall include the following parties:

a.     the U.S. Trustee for the Southern District of Ohio;

b.     the Debtors and their counsel;

c.     any official committee appointed in these chapter 11 cases and its counsel;

6

d.     holders of the 50 largest unsecured claims against the Debtors (on a consolidated basis);[3]

e.     the indenture trustee under the Debtors' prepetition indentures

f.     the administrative agent under the Debtors' prepetition asset-based and term loan facilities and their respective counsel;

g.     the administrative agent under the Debtors' proposed debtor-in-possession financing facility and their respective counsel;

h.     counsel to the Ad Hoc Group of Superpriority Lenders;

i.     the Environmental Protection Agency and similar state environmental agencies for states in which the Debtors operate;

j.     the office of the attorneys general for the states in which the Debtors operate;

k.     the United States Attorney's Office for the Southern District of Ohio

l.     the Internal Revenue Service;

m.     the Pension Benefit Guaranty Corporation;

n.     the United Mine Workers of America;

o.     the Seafarers International Union; and

p.     any party that has requested notice pursuant to Bankruptcy Rule 2002. Prime Clerk shall maintain a list of all parties that have filed a request to receive service of Court Filings pursuant to Bankruptcy Rule 2002 (the "2002 List").

   i.     ***Filing Requests for Documents Requires Email Address.***  A request for service of Court Filings pursuant to Bankruptcy Rule 2002 (each, a "2002 Notice Request") filed with the Court shall be deemed proper only if it includes the following information with respect to the party filing such request:  (a) name; (b) street address; (c) name of clients, if applicable; (d) telephone number; (e) facsimile number; and (f) email address.

   ii.     ***Certification Opting Out of Email Service.***  Any party filing a 2002 Notice Request who does not maintain (and cannot practicably obtain) an email address and thereafter cannot receive service by

---

[3]    Once an official committee of unsecured creditors is appointed and counsel is retained, holders of the 50 largest unsecured claims against the Debtors shall not be included in the Master Service List.

7

email must include in the 2002 Notice Request a certification to that effect (each, a "Certification").  A Certification shall include a statement certifying that the party (a) does not maintain an email address and (b) cannot practicably obtain an email address at which the party could receive service.  Such party will thereafter receive paper service in accordance with the Case Management Procedures.

iii.  ***Email Address Required.***  If a 2002 Notice Request fails to include an email address or a Certification, the Debtors shall forward a copy of the Case Management Procedures to such party within five business days requesting an email address.  If no email address or Certification is provided in response to such request, such party shall not be added to the 2002 List or served with copies of Court Filings unless such Court Filings directly affect such party.

iv.  ***Changes in Information.***  Each party submitting a 2002 Notice Request is responsible for filing with the Court an updated 2002 Notice Request as necessary to reflect changes to any notice information and must serve a copy of such updated 2002 Notice Request upon the Debtors.

q.  any entity with a particularized interest in the subject matter of a specific Court Filing, including the entity filing the Request for Relief is an "Affected Entity" and entitled to be served with all Court Filings relating to that interest.

20.  ***Maintenance of the Master Service List.***  At least every seven days during the first 30 days of these chapter 11 cases, and at least every 30 days thereafter, Prime Clerk shall update the Master Service List by making any additions and deletions and post the updated Master Service List on the Case Website, *provided*, *however*, that if there are no changes to the list, an updated Master Service List need not be filed.

**B.**    **Filing and Service of Court Filings Generally.**

21.  ***Electronic Filing and Service.***  All Court Filings (other than service of a summons and complaint in an adversary proceeding or documents filed under seal) shall be filed electronically with the Court, using the Court's Electronic Filing System and served via email, which shall be deemed to constitute proper service for all parties who are sent such email service; *provided*, *however*, that Court Filings shall be served on the Master Service List by email, and in

8

the event an entity listed on the Master Service List does not have an email address available, the Court Filings shall be served on such entity with paper copies by first class mail or private mail service. Subject to the limited exclusions, each party that files a notice of appearance and a 2002 Notice Request shall be deemed to have consented to electronic service of all Court Filings, except as provided below.

a. *Email Subject Line*. With respect to the service of any Court Filing, the subject line of the email shall include (i) the Debtors' case name and number *In re Murray Energy Holdings Co.*, Case No. 19-56885 (JEH), (ii) the name of the party filing such Court Filing, and (iii) the title of the Court Filing being served. If the title of the Court Filing is too long to fit within the subject line of the email, the subject line shall contain a shortened version of such title, and the text of the email shall contain the full title of such Court Filing.

b. *Email Attachments*. All Court Filings served by email shall include the entire document, including any proposed forms of order and exhibits, attachments, or other materials, in PDF, readable by Adobe Acrobat or other equivalent document reader programs commonly available without cost. The relevant Court Filing shall either be attached to the email in a format specified above or the email shall contain a link to such filing in such format. Notwithstanding the foregoing, if a Court Filing cannot be attached to an email (because of its size, technical difficulties, or other concerns), the filing party may serve the Court Filing by U.S. mail, including the proposed forms of order and any exhibits, attachments, and other relevant materials; *provided* that the Court Filing is served by hand or overnight delivery on the Master Service List.

22. ***Paper Service of Certain Affected Entities.*** Any Affected Entity shall be served with all filed documents relating to its interest affected by the relief sought in a Court Filing. To the extent an Affected Entity's email address is not available, the Debtors (or any other party filing a Court Filing) shall serve such Affected Entity with paper copies by first class mail or private mail service.

23. ***Waiver of Filing Deadlines.*** If any Court Filing is filed and served electronically via the Electronic Filing System and email, the filing deadlines requiring three additional days'

9

notice set forth in Rule 6(e) of the Federal Rules of Civil Procedure (made applicable to adversary proceedings by Bankruptcy Rule 7005(b)(2)(D)), and Bankruptcy Rule 9006(f) shall not apply.

24.     ***Form of Papers.***  In accordance with Local Rule 9013-2, except upon leave of court for good cause shown, (a) briefs and memoranda shall not exceed 20 pages, (b) motions, applications, and objections are limited to 40 pages, and (c) replies and statements are limited to 15 pages.  When such leave is granted, a table of contents containing a summary of all points raised shall be included with the brief or memorandum.  Exhibits, including discovery documents, shall be limited to those to which reference is made in the brief or memorandum.  Pursuant to Local Rule 9004-1, all Court Filings (other than exhibits) shall be typewritten or printed legibly on 8 ½" by 11" bond paper or electronic equivalent and shall be double spaced with appropriate side margins and a top margin of not less than one inch.  Typed print on Court Filings submitted for filing shall be at least 10-12 font size.  All filings and other papers must copy in a readable manner.

25.     ***Certificates of Service.***  Certificates of service may be filed separately from the served Court Filings.  A separately filed certificate of service does not need to be served.

26.     ***Right to Request Special Notice Procedures.***  Nothing in the Case Management Procedures shall prejudice the right of any party to seek an amendment or waiver of the provisions of the Case Management Procedures upon a showing of good cause including, without limitation, the right to file a motion seeking emergency *ex parte* relief or relief upon shortened notice.

27.     ***Section 342 Notice Requirements.***  Any notice sent by the Debtors or any other party in interest in compliance with the Case Management Procedures shall be deemed to comply with the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

**C.     Filing and Service of Requests for Relief.**

28.     ***Requests for Relief to Be Heard at Omnibus Hearing.***  Except as set forth in Paragraphs 31 and 45, in accordance with the General Order, unless otherwise ordered, any matter

filed at least 14 days before the next Omnibus Hearing date shall be heard on the next Omnibus

Hearing date. If a Request for Relief is served by overnight delivery, it must be filed and served

at least 15 calendar days before the next Omnibus Hearing. If a Request for Relief is served by

U.S. mail only, it must be filed and served at least 17 calendar days before the next Omnibus

Hearing. If a Request for Relief is filed by a party other than the Debtors and purports to set a

hearing date inconsistent with these Case Management Procedures, the Request for Relief shall be

heard, without the necessity of a Court order, at the first Omnibus Hearing after the applicable

notice period has expired.

29.     ***Expedited Hearing Scheduling Procedures.***  If a party files a motion or other

document that it contends requires consideration on less than 14 days' notice, the party shall file a

separate motion for expedited hearing which shall include an explanation of the need for an

expedited hearing. Motions for expedited hearings shall only be granted for cause shown. If the

court grants the motion for an expedited hearing, the underlying motion or document will be set

on the next Omnibus Hearing date or other date as determined by chambers. The Proposed Hearing

Agenda shall clearly denote any matter that is scheduled to be heard on an expedited basis.

30.     ***Notices of Requests for Relief.***  A notice shall be affixed to the front of each

Request for Relief and shall set forth:  (a) the title of the Request for Relief; (b) the time and date

of the objection and reply deadlines; (c) the parties on whom any objection is to be served; and

(d) the Omnibus Hearing date at which the party intends to present the Request for Relief. The

notice must also include a statement that the relief requested therein may be granted without a

hearing if no objection is timely filed and served in accordance with the Case Management

Procedures. Subject to Section II.E of these Case Management Procedures, after the objection

deadline has passed and if no objection has been filed and served in accordance with these Case

KE 64970918

Management Procedures, counsel to the party who filed the Request for Relief may file a certification that no objection has been filed or served on them, and may request that the Court grant the relief and enter an order without a hearing.

31.    ***Notice Provisions Not Applicable to Certain Matters.***  Except as set forth in the Case Management Procedures or otherwise provided by order of the Court, the notice provisions of the Case Management Procedures shall not apply to notices of the matters or proceedings described in the following Bankruptcy Rules:

a.    Bankruptcy Rule 2002(a)(1) (meeting of creditors pursuant to section 341 of the Bankruptcy Code);

b.    Bankruptcy Rule 2002(a)(2) (any proposed use, sale, or lease of property of the estate other than in the ordinary course of business, to the extent that such use, sale, or lease concerns all or substantially all of the Debtors' assets);

c.    Bankruptcy Rule 2002(a)(4) (hearing on the dismissal of a case or cases or the conversion of a case to another chapter);

d.    Bankruptcy Rule 2002(a)(5) (time fixed to accept or reject a proposed modification of a chapter 11 plan);

e.    Bankruptcy Rule 2002(a)(7) (time fixed for filing a proof of claim pursuant to Bankruptcy Rule 3003(c));

f.    Bankruptcy Rule 2002(b)(1) (time fixed for filing objections to and any hearing to consider approval of a disclosure statement);

g.    Bankruptcy Rule 2002(b)(2) (time fixed for filing objections to and any hearing to consider confirmation of a chapter 11 plan);

h.    Bankruptcy Rule 2002(d) (certain matters for which notice is to be provided to equity security holders);

i.    Bankruptcy Rule 2002(f)(1) (entry of an order for relief);

j.    Bankruptcy Rule 2002(f)(2) (dismissal or conversion of a case to another chapter of the Bankruptcy Code);

k.    Bankruptcy Rule 2002(f)(3) (time allowed for filing claims pursuant to Bankruptcy Rule 3002);

KE 64970918

l.  Bankruptcy Rule 2002(f)(6) (waiver, denial, or revocation of a discharge as provided in Bankruptcy Rule 4006);

m.  Bankruptcy Rule 2002(f)(7) (entry of an order confirming a chapter 11 plan); and

n.  Bankruptcy Rule 2002(f)(8) (summary of the trustee's final report and account should a case be converted to chapter 7 of the Bankruptcy Code).

32.  ***Requests for Relief to Include Proposed Order.*** Every Request for Relief shall include a proposed order as an attachment.  If the proposed order is not attached, the motion shall include an explanation.

## D. Filing and Service of Objections and Replies.

33.  ***Deadline for Objections.*** Any Objection to a Request for Relief must be filed with the Court and served upon the party filing the Request for Relief and those parties on the Master Service List by the following deadlines (each, as applicable, the "<u>Objection Deadline</u>"):

a.  in the case of a Request for Relief filed 14 or more days before the applicable hearing, 4:00 p.m. (prevailing Eastern Time), seven days before the applicable hearing; replies, if any, shall be filed by 4:00 p.m. (prevailing Eastern Time) at least three days before the applicable hearing;

b.  in the case of a Request for Relief set for hearing on an expedited basis and filed fewer than ten days before the applicable hearing, 12:00 p.m. (prevailing Eastern Time), on the business day preceding the applicable hearing; or

c.  in any case, as otherwise ordered by the Court.

34.  ***Extension of Objection Deadline.*** The Objection Deadline may be extended without order of the Court upon the consent of the party filing the Request for Relief, which consent may be granted via email.

35.  ***Effect of Failure to File Objection by Objection Deadline.*** Failure to file an Objection by the Objection Deadline may cause the Court to disregard the Objection.

13

36.    ***Service of Objections.***  All Objections shall be filed with the Court and served by the applicable Objection Deadline upon the party filing the Request for Relief, and those parties on the Master Service List including each Affected Entity.

37.    ***Service of Replies to Objections.***  If a Court Filing is a reply to an Objection, such reply shall be filed with the Court and served so as to actually be received by those parties on the Master Service List, including each Affected Party, by not later than 4:00 p.m. (prevailing Eastern Time) at least three days prior to the applicable hearing date.  Sur-replies shall not be permitted or considered unless authorized by the Court.

38.    ***Supplemental Notice.***  In the event that the Court determines that additional or supplemental notice is required, the Debtors shall serve such notice in accordance with the Case Management Procedures.

**E.    Granting a Request for Relief Without a Hearing.**

39.    ***Order May Be Entered Without Hearing.***  If no Objection to a Request for Relief is filed after the Request for Relief is filed and served in a timely fashion, the Court may enter an order granting the Request for Relief without further pleading, hearing, or request, and once an order granting such Request for Relief is entered, no further hearing on the Request for Relief shall be held.

40.    ***Request for Relief May be Heard at a Hearing.***  If no Objection to a Request for Relief is filed after the Request for Relief is filed and served in a timely fashion, the Request for Relief may be heard at the next Omnibus Hearing if the Court does not enter an order granting the Request for Relief before such Omnibus Hearing.

**F.    Filing and Service of Orders.**

41.    ***Service of Orders.***  All parties submitting orders shall serve a conformed copy of any entered order on (a) each Affected Entity, (b) the Debtors, (c) the U.S. Trustee, (d) counsel to

14

the Ad Hoc Group of Superpriority Lenders, and (e) Prime Clerk, within two business days of entry of the applicable order.  Prime Clerk shall post all orders on the Case Website.

### G.    Filing and Service of Adversary Proceedings.

42.    ***Serving Adversary Proceedings.***  All Court Filings in any adversary proceeding commenced in these chapter 11 cases shall be served upon each Affected Entity and any other parties required to be served under any applicable Bankruptcy Rule or Local Rule.

43.    ***Discovery Rules in Contested Matters and Adversary Proceedings.***  Federal Rules of Civil Procedure 26(a)(1) (initial disclosures), 26(a)(2) (disclosures with respect to expert testimony), 26(a)(3) (additional pretrial disclosures), and 26(f) (mandatory meeting before scheduling conference/discovery plan) are inapplicable in contested matters but are applicable to adversary proceedings arising under these chapter 11 cases.

44.    ***Briefing Schedule in Adversary Proceedings.***  After a hearing date has been set by the Court, unless otherwise ordered by the Court, the parties to the adversary proceeding shall confer and agree upon a briefing schedule for all adversary matters, which shall be submitted for approval of the Court.

### H.    Other Pleadings.

45.    ***Motion Practice for Lift Stay Actions.***  A motion filed by a non-debtor party seeking relief from the automatic stay (a "Stay Relief Motion") in accordance with section 362 of the Bankruptcy Code shall be noticed for consideration on the Omnibus Hearing date that is at least 21 days after the Stay Relief Motion is filed and notice thereof is served upon the Debtors. Unless otherwise ordered by the Court, the objection deadline shall be the later of (a) 14 calendar days after the filing and service of the Stay Relief Motion or (b) three calendar days prior to the hearing scheduled with respect thereto.

15

46.     ***Continuation of Automatic Stay.***     Notwithstanding section 362(e) of the Bankruptcy Code, if a Stay Relief Motion is scheduled in accordance with the Case Management Procedures for, or adjourned to, a hearing date 30 days after the filing of the Stay Relief Motion, the moving party shall be deemed to have consented to the continuation of the automatic stay in effect pending the conclusion of, or as a result of, a final hearing and determination under section 362(d) of the Bankruptcy Code, and shall be deemed to have waived its right to assert the termination of the automatic stay under section 362(e) of the Bankruptcy Code.

47.     ***Motions for Summary Judgment.***     No motion for summary judgment may be made without first seeking a pre-motion conference.  A request for such conference should be made by email, filed and served in accordance with the Case Management Procedures, setting forth the issues to be presented under the summary judgment motion.

48.     ***Motions for Temporary Restraining Orders.***     Parties seeking a temporary restraining order (a "<u>TRO</u>") must comply with the requirements of Federal Rule of Civil Procedure 65(b).  Applications for a TRO will be heard in open court, on the record, with a court reporter or audio recording.  Parties wishing to oppose a TRO will be heard by telephone upon request.  Applicants seeking TROs are reminded of the need to submit with their motion papers the written affidavit required under Federal Rule of Civil Procedure 65(b) confirming the notice provided to anyone who might wish to oppose the application.  Any assertions that notice cannot or should not be given must likewise be supported by affidavit.  Any request for a TRO must be preceded by an email and a telephone call to chambers, advising chambers of the nature of the controversy, the need for emergency relief, why a noticed hearing for a preliminary injunction would be insufficient, when a hearing on the TRO application is needed, and when the motion papers will be forthcoming.  Except in those rare cases where advance notice of the TRO

16

application would vitiate the purpose of a TRO (and where that can be established by affidavit), immediate telephonic notice of the application must be provided to all parties reasonably expected to be affected by entry of the TRO, or provisions therein.  In addition, the motion papers on any TRO application must be hand delivered, emailed, or faxed to any such parties at the same time that the papers are provided to chambers.

49. ***Automatic Bridge Order.*** In accordance with Local Rule 9006-1, if a Request for Relief to extend the time to take any action is filed prior to the expiration of the time period provided by the Bankruptcy Code (including any Request for Relief pursuant to section 1121 of the Bankruptcy Code), the Bankruptcy Rules, the Local Rules, or any order of the Court, the time to so take action automatically shall be extended until the Court considers and rules upon the Request for Relief, without the necessity of a bridge order.

**III.    Additional Case Management Procedures.**

50. ***Adequate Notice.***    Notice and service accomplished in accordance with the provisions set forth in the Case Management Procedures shall be deemed adequate in all respects pursuant to the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

51. ***Computation of Time.***  Unless otherwise specified, all time periods referenced in the Case Management Procedures shall be calculated in accordance with Bankruptcy Rule 9006(a).

52. ***Effect of the Case Management Procedures.***  The Bankruptcy Rules, the Local Rules, and the General Order shall continue to apply to all proceedings in these chapter 11 cases, except to the extent that any provision of the Case Management Procedures by its terms supersedes or is inconsistent with such rules.

53. ***Promulgation of the Case Management Procedures.***  As soon as practicable after the entry of the proposed Order, a copy of the Case Management Procedures shall be served by the Debtors on each of the parties on the Master Service List.  In addition, shortly after the end of

KE 64970918

each calendar month, Prime Clerk or counsel to the Debtors shall serve a copy of the Case Management Procedures upon any party filing a 2002 Notice Request within such calendar month. To ensure that all parties who may participate in these chapter 11 cases are aware of the terms of the Case Management Procedures, the Debtors will post the Case Management Procedures on the Case Website.

## IV.    Professional Compensation and Reimbursement of Expenses.

54.    ***Purpose.***    To streamline the professional compensation process and more effectively enable the Court and all parties to monitor the professional fees incurred, the following procedures shall apply, unless otherwise ordered.

55.    ***Service of Monthly Statement.***    After the end of a month for which compensation is sought, each professional seeking compensation may serve a monthly statement (the "<u>Monthly Statement</u>") on (a) the Debtors' counsel, (b) the U.S. Trustee, (c) counsel to the Ad Hoc Group of Superpriority Lenders, (d) any prepetition secured lender, (e) any postpetition secured lender, (f) the counsel for any committee appointed under the Bankruptcy Code, and (g) any other party the Court designates (collectively, the "<u>Professional Fee Notice Parties</u>").

56.    ***Contents.***    The Monthly Statement shall contain a list of individuals and their job titles who provided the services during the statement period, their billing rates, the aggregate hours spent by each individual, contemporaneously maintained time entries for each individual in increments of tenths of an hour, and a reasonably detailed breakdown of expenses incurred. The Monthly Statement shall include a notice that any objections shall be filed within ten days of service of the Monthly Statement. After the expiration of the 10-day period, the Debtors shall be authorized to pay 90% of the undisputed fees and expenses identified in the Monthly Statement. The United States Trustee will be reviewing the professional fee requests for attorneys pursuant to the 2013 revised Fee Guidelines. Attorneys shall make a reasonable effort to comply with these

18

guidelines. The Fee Guidelines are available for review at https://www.justice.gov/ust/fee-guidelines.

57.     ***Filing of Summary.***  If a Monthly Statement is served, a summary of the total fees and expenses requested shall be filed.

58.     ***Objections.***  Any objection to a Monthly Statement shall be served on the affected professional and the other Professional Fee Notice Parties.  The objection shall state the nature of the objection and the amount of fees or expenses at issue.

59.     ***Resolutions.***  If any objecting party resolves a dispute with a professional, the objecting party or the Debtors with the consent of the objecting party, shall serve a notice on the Professional Fee Notice Parties that the objection is withdrawn.  The notice shall describe the terms of the resolution.  The Debtors shall be authorized to pay the portion of the fees and expenses identified in the Monthly Statement that is no longer subject to an objection.

60.     ***Preservation of Objections.***  Any objection that is not resolved shall be preserved and presented to the Court at the next interim or final fee application hearing.

61.     ***No Waiver.***  Whether a party objects to a Monthly Statement or not, any party may object to any fee application filed with the Court in accordance with the Bankruptcy Code.  The failure to object to a Monthly Statement shall not be a waiver of any kind or prejudice that party's right to object to any subsequently filed fee application.

62.     ***Applications.***  Each professional shall file an application for interim or final approval of allowance of compensation and reimbursement of expenses pursuant to sections 330 and 331 of the Bankruptcy Code, including compensation previously paid by the Debtors on the basis of a Monthly Statement, every 120 days, unless the Court orders a different frequency.

KE 64970918

63.   ***Court Approval.***   Neither the payment of nor the failure to pay, in whole or in part, monthly compensation and reimbursement of expenses shall have any effect on the Court's interim or final allowance of compensation or reimbursement of expenses.  All fees and expenses, whether or not paid or objected to in connection with a Monthly Statement, remain subject to review and approval by the Court in connection with interim and final fee applications.  All fees and expenses are subject to disgorgement or offset if not approved by the Court on a final basis.

64.   ***Standard Hourly Rates.***   Professionals, including attorneys, may request and be awarded compensation at their standard hourly rates.

65.   ***Committee Members.***   These procedures may be used for reimbursement of expenses for members of a committee appointed under the Bankruptcy Code.  The counsel for the committee shall collect and submit statements of expenses, with supporting vouchers, from the committee members.

66.   ***Investment Bankers.***   Investment bankers may file an application for employment under section 328 of the Bankruptcy Code.

**V.   *Pro Hac Vice* Admission.**

67.   Motions for admission *pro hac vice* may be considered *ex parte*.

20