**This document has been electronically entered in the records of the United States Bankruptcy Court for the Southern District of Ohio.**

**IT IS SO ORDERED.**



John E. Hoffman, Jr.
United States Bankruptcy Judge

**Dated: December 11, 2019**

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| MURRAY ENERGY HOLDINGS CO., *et al.*,[1] | Case No. 19-56885 (JEH) |
| | Judge John E. Hoffman, Jr. |
| Debtors. | (Joint Administration Requested) |

**ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF DINSMORE & SHOHL LLP AS ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION EFFECTIVE *NUNC PRO TUNC* TO THE PETITION DATE [REL DOC. NO. 213]**

Upon the application (the "Application")[2] [Docket No. 213] of the above-captioned debtors and debtors in possession (collectively the "Debtors"), for entry of an order (this

---

[1] Due to the large number of Debtors in these chapter 11 cases, for which joint administration has been requested, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. Such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.primeclerk.com/MurrayEnergy. The location of Debtor Murray Energy Holdings Co.'s principal place of business and the Debtors' service address in these chapter 11 cases is 46226 National Road, St. Clairsville, Ohio 43950.

"Order"), authorizing the Debtors to retain and employ Dinsmore & Shohl LLP ("Dinsmore") as local co-counsel effective *nunc pro tunc* to the Petition Date, pursuant to §§ 327(a) and 330 of Title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); and the Court having reviewed the Application, the Lewis Declaration, and the Debtors' Declaration; and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that the Application is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2); and the Court having found that venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that based on the representations made in the Application and in the Lewis Declaration that, (i) Dinsmore does not hold or represent and interest adverse to the Debtors' estates and (ii) Dinsmore is a "disinterested person" as defined in § 101(14) of the Bankruptcy Code and as required by § 327(a) of the Bankruptcy Code; and the Court having found the relief requested in the Application is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Debtors' provided adequate and appropriate notice of the Application under the circumstances and that no other or further notice is required; and the Court having reviewed the Application and having heard statements in support of the Application at a hearing held before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and any objections to such relief being withdrawn or overruled; and after due deliberation and sufficient cause appearing therefor,

**IT IS SO ORDERED:**

1. The Application is granted to the extent set forth herein.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application.

2. The Debtors are authorized to retain and employ Dinsmore as their co-counsel *nunc pro tunc* to the Petition Date in accordance with the terms and conditions set forth in the Application and in the Engagement Letter attached to the Application as **Exhibit D**.

3. Dinsmore is authorized to provide the Debtors with professional services as described in the Application and the Engagement Letter. Specifically, but without limitation, Dinsmore will render the following legal services:

    a. **Assist Kirkland in advising the Debtors with respect to their powers and duties as debtors in possession in the continued management and operation of their businesses and properties;**

    b. **Assist Kirkland in advising and consulting on the conduct of these chapter 11 cases, including all of the legal and administrative requirements of operating in chapter 11;**

    c. **Assist Kirkland in attending meetings and negotiating with representatives of creditors and other parties in interest;**

    d. **Assist Kirkland in taking all necessary actions to protect and preserve the Debtors' estates, including prosecuting actions on the Debtors' behalf, defending any action commenced against the Debtors, and representing the Debtors in negotiations concerning litigation in which the Debtors are involved, including objections to claims filed against the Debtors' estates;**

    e. **Assist Kirkland in preparing pleadings in connection with these chapter 11 cases, including motions, applications, answers, orders, reports, and papers necessary or otherwise beneficial to the administration of the Debtors' estates;**

    f. **Assist Kirkland in representing the Debtors in connection with obtaining authority to continue using cash collateral and postpetition financing;**

    g. **Assist Kirkland in advising the Debtors in connection with any potential sale of assets;**

    h. **Assist Kirkland in appearing before the Court and any appellate courts to represent the interests of the Debtors' estates;**

    i. **Assist Kirkland in advising the Debtors regarding tax matters;**

    j.    **Assist Kirkland in taking any necessary action on behalf of the Debtors to negotiate, prepare, and obtain approval of a disclosure statement and confirmation of a chapter 11 plan and all documents related thereto;**

    k.    **Assist Kirkland in performing all other necessary legal services for the Debtors in connection with the prosecution of these chapter 11 cases, including: (i) analyzing the Debtors' leases and contracts and the assumption and assignment or rejection thereof; (ii) analyzing the validity of liens against the Debtors; and (iii) advising the Debtors on corporate and litigation matters; and**

    l.    **Continue to provide non-bankruptcy litigation services, including representation in workers' compensation and federal black lung cases, Dinsmore previously performed for the Debtors.**

4. Dinsmore shall apply for compensation for professional services rendered and reimbursement of expense incurred in connection with the Debtors' chapter 11 cases in compliance with §§ 330 and 331 of the Bankruptcy Code and applicable provision of the Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Court. Dinsmore also intends to make a reasonable effort to comply with the United States Trustee for the Southern District of Ohio's (the "U.S. Trustee") requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expense Field under 11 U.S.C. §330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013* (the "Revised UST Guidelines"), both in connection with the Application and the interim and final fee applications to be filed by Dinsmore in these chapter 11 cases.

5. Dinsmore is authorized without further order of the Court to apply amounts from the Restructuring Retainer to compensate and reimburse Dinsmore for fees and expenses incurred on or prior to the Petition Date consistent with its ordinary course billing practice. At the conclusion of Dinsmore's engagement by the Debtors, if the amounts of any Restructuring Retainer held by

Dinsmore is in excess of the amount of outstanding and estimated fees, expenses, and costs, Dinsmore will pay to the Debtors the amount by which any Restructuring Retainer exceeds such fees, expenses and costs, in each case consistent with its ordinary course billing practices.

6. Notwithstanding anything to the contrary in the Application, the Engagement Letter, the Lewis Declaration, or the Debtors' Declaration, the reimbursement provisions allowing the reimbursement of fees and expenses incurred in connection with participating in, preparing for, or responding to any action, claim, suit, or proceeding brought by or against any party that relates to the legal services provided under the Engagement Letter and fees for defending any objection to Dinsmore's fee applications under the Bankruptcy Code are not approved pending further order of the Court.

7. Dinsmore shall provide ten-business-days' notice to the Debtors, the U.S. Trustee, and any official committee before any increases in the rate set forth in the Application or the Engagement Letter are implemented and shall file such notice with the Court. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in §330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to § of the Bankruptcy Code.

8. The US Trustee reserves the right to object to the appropriateness of any fees and expenses incurred notwithstanding Dinsmore's disclosure in the Application, the Lewis Declaration, the Debtors' Declaration or the Engagement Letter of their intention to incur certain costs, including, but not limited to, the use of overtime secretaries.

9. The Debtors and Dinsmore are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

10. Notice of the Application as provided therein is deemed to be good and sufficient notice of such Application, and the requirements of the Local Rules are satisfied by the contents of the Application.

11. To the extent that the Application, the Lewis Declaration, the Debtors' Declaration, or the Engagement Letter is inconsistent with this Order, the terms of this Order shall govern.

12. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

13. The Court retains jurisdiction with respect to all matters arising from or related to interpretation, implementation or enforcement of this Order.

**SO ORDERED.**

*Copies to Default List.*