**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| MURRAY ENERGY HOLDINGS CO., *et al.*[1] | ) Case No. 19-56885 (JEH) |
| | ) |
| | ) Judge John E. Hoffman, Jr. |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

**MOTION OF MARGARET ANNE WICKLAND, *ET AL.*, FOR RELIEF FROM THE
AUTOMATIC STAY IMPOSED BY SECTION 362 OF THE BANKRUPTCY CODE
AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

Plaintiffs Margaret Anne Wickland, in her capacity as trustee ("Trustee") for and on behalf of: (i) an Irrevocable Trust established by Virginia A. Tetrick as donor on December 23, 1974 (the "1974 Trust"), and (ii) a Revocable Trust established by Willis G. Tetrick, Jr., Catherine Tetrick Sutton, and Margaret Anne Tetrick as settlors on August 23, 1985 (the "1985 Trust" and, collectively with the 1974 Trust, the "Trusts"); and Guy Corporation ("Guy Corp." and, collectively with the Trusts, "Movants" or "Plaintiffs"), by and through undersigned counsel, respectfully files this motion (the "Motion") seeking from this Honorable Court the entry of an order lifting or otherwise modifying the automatic stay imposed by 11 U.S.C. § 362 for the reasons set forth in Movants' *Memorandum of Law* filed contemporaneously herewith.

---

1. Due to the large number of Debtors in these chapter 11 cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. Such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.primeclerk.com/MurrayEnergy. The location of Debtor Murray Energy Holdings Co.'s principal place of business and the Debtors' service address in these chapter 11 cases is 46226 National Road, St. Clairsville, Ohio 43950

1

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY IMPOSED BY SECTION 362 OF THE BANKRUPTCY CODE

### Preliminary Statement

For nearly two (2) years, Movants prosecuted their claims and causes of action against American Mountaineer Energy, Inc. ("AMEI") and Murray Energy Corporation ("MEC") arising from violations of a Lease (as defined herein) in the United States District Court for the Northern District of West Virginia (Clarksburg Division) (the "District Court"), docketed at Case No. 1:17-cv-00205-IMK (the "District Court Litigation"). It was only after: (i) Movants secured partial summary judgment against AMEI and MEC; (ii) the District Court held and concluded a five (5) day bench trial in April of 2019 on the remaining claims; and (iii) Movants, AMEI, and MEC submitted final briefing on their respective proposed findings of fact and conclusions of law and related written closing arguments (collectively, the "Post-Trial Submissions") that the above-captioned Debtors filed for relief under chapter 11 of title 11, United States Code, 11 U.S.C. §§ 101 *et seq.* (as amended, the "Bankruptcy Code").

Movants' claims against AMEI and MEC – each a debtor and debtor-in-possession in the above-captioned case – were ripe for a ruling by the District Court but remain unliquidated as a result of the automatic stay pursuant to Section 362 of the Bankruptcy Code. Movants previously sought the Debtors' consent to lift the automatic stay for the limited purpose of allowing the District Court to enter an order that would effectively liquidate Movants' claims against the Debtors' estates; but, for reasons unexplained to Movants, the Debtors refused to consent to lift the stay for such purpose. Accordingly, through this Motion, Movants respectfully request that this Honorable Court lift or otherwise modify the automatic stay for the limited purpose of allowing the District Court to render a decision in the District Court Litigation that would liquidate Movants' claims against the Debtors' estates.

2

**Jurisdiction and Venue**

1.  The United States Bankruptcy Court for the Southern District of Ohio (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *General Order 30-3* from the United States Bankruptcy Court for the Southern District of Ohio, dated December 4, 2019 (the "General Order"). The Movants confirm their consent, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") to the entry of a final order by the Court solely in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection with this Motion consistent with Article III of the United States Constitution.

2.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.  The statutory predicates for the relief requested herein are Sections 105, 362, and 502 of the Bankruptcy Code, Rule 4001 of the Bankruptcy Rules, and Local Rule 4001-1 for the United States Bankruptcy Court for the Southern District of Ohio.

**Factual Background[2]**

   I.   *The District Court Litigation*

4.  Movants are the sole owners of two grants of right, title, and interest in and to the mineable and merchantable Pittsburgh vein or seam of coal underlying 14,000 acres of land in Harrison Country, West Virginia (the "Leased Premises").

---

2.  Movants have submitted, among other things, their *Proposed Findings of Fact and Conclusions of Law* [Doc. No. 210, Case No. 1:17-cv-00205] and their *Closing Statement* [Doc. No. 211, Case No. 1:17-cv-00205] in the District Court Litigation, which are incorporated herein by reference for background. The factual background in this Motion is a summary only, qualified and subject to the Movants' submissions in the District Court Litigation.

5. On or about September 12, 2008, Movants and AMEI, a subsidiary of MEC, entered into that certain *Consolidated, Amended and Restated Lease* (the "Lease"), with MEC as the unconditional guarantor of the obligations and performance under the Lease.

6. In or around September of 2016, Movants served AMEI and MEC with a notice of default following AMEI's failure to make certain payments required under the Lease. After neither AMEI nor MEC cured the default, Movants terminated the Lease in or around October of 2016.

7. Thereafter, AMEI refused to cooperate in transferring certain permits and permit applications, and use of surface rights as required by the Lease. Movants also learned that, from 2013 through 2017, AMEI and MEC had encumbered the Leased Premises without Movants' consent, which was also a breach of the Lease.

8. As a result, on December 1, 2017, Movants commenced the District Court Litigation by filing a Complaint against AMEI and MEC in the District Court.

9. On November 30, 2018, the parties in the District Court Litigation filed cross-motions for summary judgment. By *Memorandum Opinion and Order* dated April 12, 2019 [Doc. No. 196, Case No. 1:17-cv-000205], the District Court concluded that Plaintiffs are entitled to judgment as a matter of law on liability for the following breach of contract claims against AMEI:

   a. Failing to pay advance recoupable production royalties;

   b. Wrongfully pledging and encumbering the Leased Premises;

   c. Failing to provide surveys, maps, reports, drilling logs, and other documents as required after termination of the Lease; and,

   d. Failing to obtain a Section 401 certification and Section 404 permit by a date certain as required in the Lease.

10. Because genuine issues of material fact remained with respect to the remaining claims and damages asserted by Movants against AMEI and MEC, the District Court held a five (5) day bench trial, from April 15 through April 19, 2019.

11. After the District Court concluded the bench trial, Movants, AMEI, and MEC filed their Post-Trial Submissions and various other post-trial motions and responses. While the matter was under advisement and before the District Court rendered its decision, on October 29, 2019, suggestions of bankruptcy for AMEI and MEC were filed in the District Court Litigation, thereby staying the proceedings in accordance with Section 362 of the Bankruptcy Code.

## II. *The Bankruptcy Proceedings*

12. On October 29, 2019 ("Petition Date"), Murray Energy Holdings Co. and 98 affiliated debtors (collectively, the "Debtors") each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Ohio, Western Division, jointly administered under Case No. 19-56885.

13. The Debtors are operating their business and managing their properties as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

14. Along with the Petitions, the Debtors filed a list of the fifty largest unsecured claims. The Debtors listed the Movants' claims as "unliquidated" and "undetermined" in amount.

15. On November 7, 2019, the United States Trustee for the Southern District of Ohio (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Committee") pursuant to Section 1102 of the Bankruptcy Code.

16. By Order dated January 9, 2020 [Doc. No. 740] (the "Bar Date Order"), this Court set March 9, 2020 at 5:00 PM (prevailing Eastern Time) as the General Claims Bar Date.

17. On December 3, 2019, the Debtors filed the *Debtors' Joint Plan Pursuant to Chapter 11 of the Bankruptcy Code* [Doc. No. 322] (the "Plan") and their *Disclosure Statement for the Debtors' Joint Plan Pursuant to Chapter 11 of the Bankruptcy Code* [Doc. No. 323] (the "Disclosure Statement"). Based on their initial review of the Debtors' Plan and Disclosure Statement, it is entirely unclear what distributions, if any, will be made to general unsecured creditors. A hearing to consider the adequacy of the Debtors' Disclosure Statement is scheduled for March 12, 2020 at 10:00 AM EST.

### Relief Requested

9. By this Motion, the Movants request relief from the automatic stay pursuant to Bankruptcy Code section 362(d)(1) in order to allow the District Court to enter a decision in the District Court Litigation and hold such other and further hearings as may be necessary to render a final judgment, order, opinion, and/or other ruling finally determining the District Court Litigation that will effectively liquidate Movants' claims against the estates and determine the amount of the claims to avoid duplicative litigation before this Court.

### Legal Basis for Relief Requested

10. Section 362(d)(1) of the Bankruptcy Code provides, in relevant part, that relief from the stay may be granted "for cause." 11 U.S.C. § 362(d)(1). The decision whether or not to lift the automatic stay resides within the sound discretion of the bankruptcy court. *Laguna Assocs. Ltd. Pshp. v. Aetna Cas. & Sur. Co. (In re Laguna Assocs. Ltd. Pshp.)*, 30 F.3d 734, 737 (6th Cir. 1994) ("[C]ourts must determine whether discretionary relief is appropriate on a case-by-case basis.").

11. The factors analyzed when deciding whether to grant or withhold relief from the automatic stay under Section 362(d)(1) to permit a creditor to pursue litigation pending outside the bankruptcy court vary throughout the circuits. *See Garzoni v. K–Mart Corp. (In re Garzoni),* 35

6

Fed. Appx. 179 (6th Cir.2002) (unpublished); *Ewald v. Nat'l City Mortg. Co. (In re Ewald),* 298 B.R. 76 (Bankr. E.D. Va. 2002); *In re Sonnax Indus., Inc.*, 907 F.2d 1280, 1286 (2d Cir. 1990).

12. While the Sixth Circuit has not yet adopted a single, clear test to determine whether "cause" exists to modify the automatic stay to allow pending litigation in a nonbankruptcy forum to proceed to finality, *see McSwain v. Williams (In re Williams)*, No. 11-00536, 2012 WL 2974914 (Bankr. W.D. Tenn. July 20, 2012), courts throughout the Sixth Circuit have considered the following factors with increasing regularity:

> 1) judicial economy; 2) trial readiness; 3) the resolution of preliminary bankruptcy issues; 4) the creditor's chance of success on the merits; and 5) the cost of defense or other potential burden to the bankruptcy estate and the impact of the litigation on other creditors.

*See, e.g., In re Garzoni*, 35 Fed. Appx. at 181 (6th Cir. 2002) (*citing In re United Imports, Inc.*, 203 B.R. 162, 167 (Bankr. D. Neb. 1996)); *In re Martin*, 542 B.R. 199, 202 (6th Cir. B.A.P. 2015) (*citing United Imports* factors); *Junk v. CitiMortgage, Inc. (In re Junk),* 512 B.R. 584, 607 (Bankr. S.D. Ohio 2014) (applying *United Imports* factors); *In re Williams*, 2012 WL 2974914 at *2; *In re Harmon*, No. DG 18-04298, 2019 WL 6492475, at *1 (Bankr. W.D. Mich. Mar. 25, 2019).

I. **The Sixth Circuit Test for Relief from the Automatic Stay Weighs in Favor of Lifting the Automatic Stay in this Case**

   a. *Judicial Economy*

13. Movants believe that the interests of judicial economy support lifting the automatic stay to allow the District Court to render a decision in the District Court Litigation.

14. As discussed *supra*, for nearly two (2) years, the parties to the District Court Litigation engaged in discovery and advanced their claims and defenses related thereto.

15. As of the Petition Date and the filing of the suggestions of bankruptcy in the District Court Litigation, the District Court has already: (i) determined that Movants are entitled to

judgment as a matter of law on several breach of contract claims; (ii) held a five (5) day bench trial on the remain claims and causes of actions; and (iii) received the Post-Trial Submissions from Movants, AMEI and MEC. The matters is ripe for a ruling.

16. Given that the District Court presided over the litigation for two years and completed the trial on the matter, re-litigating the entire District Court Litigation before this Court to liquidate and determine Movants' claims is a prime example of judicial inefficiency and waste. Movants believe that lifting the automatic stay in the District Court Litigation advances the interests of judicial economy so the parties and the Court do not have to duplicate efforts previously expended.

    *b. Trial Readiness*

17. The Sixth Circuit Bankruptcy Appellate Panel followed the *Garzoni* test in *In re Martin*, where the Bankruptcy Appellate Panel focused heavily on the trial readiness factor. 542 B.R. at 203 ("Where the stayed non-bankruptcy litigation has reached an advanced stage, courts have shown a willingness to lift the stay to allow the litigation to proceed" because it is "more unfair [] to force the plaintiff suing the debtor-defendant to duplicate all of its efforts in the bankruptcy court." (internal citations omitted)).

18. With respect to trial readiness, which is a key factor in Sixth Circuit cases, this factor also strongly favors lifting the automatic stay in the District Court Litigation because, simply stated, the trial is over.

19. For two (2) years, Movants, AMEI and MEC have engaged in discovery, deposed lay and expert witnesses, presented expert reports, prepared and prosecuted dispositive motions (which resulted in partial summary judgment awarded to Movants), completed a five (5) day bench trial, and tendered their Post-Trial Submissions.

20. Requiring the Movants to expend resources to re-litigate a concluded matter would be prejudicial. Even requiring an estimation hearing given the complexity, witnesses, and expense would be harmful to the family trusts and family corporation. Therefore, as with the judicial economy factor, this factor favors lifting the automatic stay in the District Court Litigation.

### c. *The Resolution of Preliminary Bankruptcy Issues*

21. Movants are unaware of any preliminary bankruptcy issues that must be resolved before this Court could lift the stay imposed on the District Court Litigation.

22. To the contrary, as the Debtors have already submitted their Plan and Disclosure Statement, Movants submits that the liquidation of the Movants' claims could be a key factor in determining whether the Debtors can obtain confirmation of the Plan, as drafted.

23. As set forth in their Post-Trial Submissions, Movants are seeking a judgment of up to $49.2 million plus attorneys' fees against AMEI and MEC which, if awarded, may[3] have a material impact on whether their class accepts or rejects the Plan. *See* 11 U.S.C. § 1126(c) (noting that a class of claims has accepted a plan if such plan has been accepted by creditors that hold at least two-thirds in amount and more than one-half in number of the allowed claims of such class held by creditors that have accepted or rejected such plan).

24. Accordingly, while Movants are unaware of any preliminary bankruptcy issues that must be resolved before this Court can lift the stay on the District Court Litigation, Movants believe that the lifting of the stay is necessary for purposes of accurately tabulating acceptances and rejections of the Debtors' Plan.

---

3. As of the filing of this Motion, the Debtors have yet to supplement the Disclosure Statement with their Liquidation Analysis. Accordingly, it is impossible to determine the potential impact Movants' claims may have on whether their class accepts or rejects the Plan.

9

      *d.   The Creditor's Chance of Success on the Merits*

    25.    Since the District Court has already concluded that Movants are entitled to judgment as a matter of law on liability for certain claims, including: (i) failing to pay advance recoupable production royalties; (ii) wrongfully pledging and encumbering the Leased Premises; (iii) failing to provide surveys, maps, reports, drilling logs, and other documents required after termination of the Lease; and (iv) failing to obtain a Section 401 certification and Section 404 permit by a date certain as required in the Lease, the chance of success is clear: the Movants were successful in the District Court Litigation in establishing many of their claims already. The damages and liability for remaining claims asserted remain at issue.

    26.    Accordingly, Movants believe this factor also strongly supports lifting the automatic stay in the District Court Litigation.

      *e.   The Cost of Defense or Other Potential Burden to the Bankruptcy Estate and the Impact of the Litigation on Other Creditors*

    27.    The fifth and final factor considered by courts in the Sixth Circuit also favors lifting the automatic stay in the District Court Litigation.

    28.    With respect to cost of defense or other potential burden to the Debtors' estates, they have already incurred the vast majority of costs and burdens associated with the District Court Litigation, as the bench trial has concluded and they have tendered their Post-Trial Submissions. Further proceedings may occur related to the District Court's award of attorneys' fees, but the costs and burden of addressing the fee amount, if awarded, are minimal for Debtors of this size and pale in comparison to the fees that would be incurred if the claims were re-litigated, or even estimated, in this Court.

29. Movants do not believe that the Debtors' intention of having this Court allocate its invaluable time and resources to replicating the diligent work of the District Court over a two-year period is fair, reasonable, or efficient.

30. Finally, clarity on the Movants' claims is also beneficial to this Court and the Debtors' other creditors. In this regard, Movants believe it is imperative for their claims to be liquidated so all creditors and parties in interest understand the allowed amounts of claims that will be voting to accept or reject the Debtors' Plan, or sharing in any distribution.

31. Accordingly, Movants believe this final factor, together with all other factors, support the entry of an order lifting or otherwise modifying the automatic stay to allow the District Court to render a decision in the District Court Litigation and liquidate Movants' claims.

## Notice

32. Movants will provide notice of this Motion to the following parties by electronic mail, facsimile, or overnight mail: (a) Debtors and Debtors' counsel; (b) the U.S. Trustee for the Southern District of Ohio; (c) the holders of the 50 largest unsecured claims against the Debtors (consolidated); (d) Counsel to the Official Committee of Unsecured Creditors; (e) the indenture trustee under the Debtors' prepetition indentures; (f) the administrative agents; (g) counsel to the Ad Hoc Group of Superpriority Lenders; (h) the EPA; (i) the office of the attorneys general for the states in which the Debtors operate; (j) the United States Attorney's Office for the Southern District of Ohio; (k) the Internal Revenue Service; (l) the Pension Benefit Guaranty Corporation; (m) the United Mine Workers of America; (n) the Seafarers international union; (m) any party that has requested notice pursuant to Bankruptcy Rule 2002. Movants submit that, in light of the nature of the relief requested, no other or further notice need be given.

## **Conclusion**

WHEREFORE, Movants respectfully request that the Court grant the relief sought in this Motion, enter an appropriate order substantially in the form attached hereto lifting or otherwise modifying the automatic stay for the limited purpose of allowing the District Court to render a decision in the District Court Litigation that would liquidate Movants' claims against the Debtors' estates. Movants further request any other relief to which the Court deems they are entitled.

Dated: January 28, 2020

Respectfully submitted:

WHITEFORD, TAYLOR & PRESTON, LLP
*/s/ Michael J. Roeschenthaler*
Michael J. Roeschenthaler, Esq. (PA I.D.: 87647)
Daniel R. Schimizzi, Esq. (PA I.D.: 311869)
200 First Avenue Third Floor
Pittsburgh, PA 15222
Tel: (412) 618-5600
Fax: (412) 618-5596
Email: mroeschenthaler@wtplaw.com
         dschimizzi@wtplaw.com

-and-

Kevin G. Hroblak (*pro hac vice* to be submitted)
Cara C. Murray (*pro hac vice* to be submitted)
Seven Saint Paul Street
Suite 1500
Baltimore, Maryland 21202
Phone: 410-347-9405
Fax: 410-223-4305
khroblak@wtplaw.com
cmurray@wtplaw.com