**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| In re:<br><br>MURRAY ENERGY HOLDINGS CO., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 19-56885 (JEH)<br><br>Judge John E. Hoffman Jr.<br><br>(Jointly Administered) |

**LIMITED OBJECTION OF THE CHUBB COMPANIES TO DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTORS TO ENTER INTO AND PERFORM UNDER THE STALKING HORSE PURCHASE AGREEMENT, (II) APPROVING THE BIDDING PROCEDURES IN CONNECTION WITH THE SALE OF ALL OR SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS, (III) APPROVING THE PROCEDURES FOR THE ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND (IV) GRANTING RELATED RELIEF [RELATED TO DOCKET NO. 326]**

ACE American Insurance Company, Westchester Surplus Lines Insurance Company, Bankers Standard Insurance Company, Indemnity Insurance Company of North America, Federal Insurance Company, Great Northern Insurance Company, Chubb Custom Insurance Company, Vigilant Insurance Company, and Pacific Indemnity Company (and, together with each of their affiliates and successors, the "Chubb Companies"), by and through their undersigned counsel, hereby file this limited objection (the "Limited Objection") to the *Debtors' Motion for Entry of an Order (I) Authorizing the Debtors to Enter into and Perform under the Stalking Horse Purchase Agreement, (II) Approving the Bidding Procedures in Connection with the Sale of All or Substantially All of the Debtors' Assets, (III) Approving the Procedures for the Assumption and*

---

[1] Due to the large number of Debtors in these chapter 11 cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. Such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.primeclerk.com/MurrayEnergy.  The location of Debtor Murray Energy Holdings Co.'s principal place of business and the Debtors' service address in these chapter 11 cases is 46226 National Road, St. Clairsville, Ohio 43950.

DM3\6286094.1

*Assignment of Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief* [Docket No. 326] (the "Sale Motion"), and in support of the Limited Objection, the Chubb Companies respectfully state as follows:

## RELEVANT FACTUAL BACKGROUND

### A. The Bankruptcy Case

1. On October 29, 2019 (the "Petition Date"), Murray Energy Holdings Co. and certain of its affiliates (collectively, the "Debtors") each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Ohio (the "Court").

### B. The Sale Motion

2. On December 4, 2019, the Debtors filed the Sale Motion.

3. Pursuant to the Sale Motion, the Debtors seek approval of Bidding Procedures[2] pursuant to which the Debtors may conduct an Auction and enter into a Sale with the Stalking Horse Bidder or another Successful Bidder for some or all of the Debtors' assets.

4. Pursuant to the Sale Motion, the Debtors also seek approval and authorization to enter into and perform under a Stalking Horse Purchase Agreement related to the sale of some or all of the Debtor's assets, and approval of procedures for the assumption and assignment of certain executory contracts and unexpired leases in connection with the sale.

5. The Debtors have attached a proposed Bidding Procedures Order to the Sale Motion. The Debtors did not include the Stalking Horse Purchase Agreement with the Sale Motion or Bidding Procedures Order. Instead, the Debtors attached to the Bidding Procedures Order a

---

[2] All capitalized terms used but not defined herein shall have the meanings ascribed to them in the Sale Motion.

Term Sheet that provides only certain terms and conditions that will allegedly form the basis of the Stalking Horse Purchase Agreement.

6. Pursuant to the Term Sheet, certain insurance proceeds, reserves, benefits or claims are Purchased Assets. Specifically, the Term Sheet provides that the Purchase Assets shall include, but are not limited to, "all insurance proceeds, reserves, benefits or claims of any Seller under the applicable insurance policies to the extent relating to the Assumed Liabilities, the Purchased Assets or the Business (collectively, the 'Insurance Proceeds and Claims')." Term Sheet at 2-3.

7. The Term Sheet further provides that the Purchased Assets shall not include, *inter alia*, "all insurance policies of the Sellers, except for the Insurance Proceeds and Claims." Term Sheet at 5-6.

8. Pursuant to these provisions, the Debtors are ostensibly seeking to sell to the Stalking Horse Bidder or other Successful Bidder certain insurance proceeds of the Debtors' insurance policies, but not the insurance policies themselves.

### C. The Insurance Programs

9. Prior to the Petition Date, the Chubb Companies issued certain insurance policies (as renewed, amended, modified, endorsed or supplemented from time to time, collectively, the "Policies") to one or more of the Debtors as named insureds.

10. Pursuant to certain Policies (together with any agreements related thereto, the "ACE Insurance Program"), the ACE American Insurance Company, Westchester Surplus Lines Insurance Company, Bankers Standard Insurance Company, Indemnity Insurance Company of North America and/or certain of their affiliates provide, *inter alia*, excess fire, primary package, primary fire, monoline property, agency domestic, inland marine, individual risk, first level casualty, excess marine and other insurance for specified policy periods subject to certain limits, deductibles, retentions, exclusions, terms and conditions, as more particularly described therein

3

and the insureds, including one or more of the Debtors, are required to pay to the Chubb Companies certain amounts including, but not limited to, insurance premiums (including audit premiums), deductibles, funded deductibles, expenses, taxes, assessments and surcharges, as more particularly described in the ACE Insurance Program (the "ACE Program Obligations").

11. Pursuant to other Policies (together with any agreements related thereto, the "Chubb Insurance Program," and collectively with the ACE Insurance Program, the "Insurance Programs"),[3] Federal Insurance Company, Great Northern Insurance Company, Chubb Custom Insurance Company, Vigilant Insurance Company, Pacific Indemnity Company and/or certain of their affiliates provide, *inter alia*, boiler and machinery, automobile liability, environmental, environmental excess, excess, export package, fiduciary liability, general liability, marine liability, inland marine, package, pollution, property, cargo, directors' and officers', employment practices liability, accident and other insurance for specified policy periods subject to certain limits, deductibles, retentions, exclusions, terms and conditions, as more particularly described therein, and the insureds, including one or more of the Debtors, are required to pay to the Chubb Companies certain amounts including, but not limited to, insurance premiums (including audit premiums), deductibles, funded deductibles, expenses, taxes, assessments and surcharges, as more particularly described in the Chubb Insurance Program (the "Chubb Program Obligations," and collectively with the ACE Program Obligations, the "Obligations").

12. The Debtors' Obligations are payable over an extended period of time and are subject to future audits and adjustments.

---

[3] The descriptions of the Insurance Programs set forth herein are not intended to, and shall not be deemed to amend, modify or waive any of the terms or conditions of the Insurance Programs. Reference is made to the Insurance Programs for a complete description of their terms and conditions.

DM3\6286094.1

**LIMITED OBJECTION**

13. The Chubb Companies file this Limited Objection to the Sale Motion and the potential assumption and assignment of the Insurance Programs on the basis that (A) each of the Insurance Programs must be assumed and assigned, if at all, as a whole; (B) to the extent that the Debtors seek to assume and assign the Insurance Programs, the Insurance Programs cannot be assigned without the consent of the Chubb Companies, which has not been sought or given; and (C) given the intent (at least based on the Term Sheet) of the Debtors to transfer certain insurance proceeds to the Purchaser, the Chubb Companies seek clarification that the Chubb Companies are not responsible for determining which entity, as between the Debtors and the Purchaser, is entitled to coverage under the Insurance Programs.

   A.   **Each Of The Insurance Programs And The Obligations Thereunder Are Indivisible.**

14. It is well-established that a party cannot receive the benefits of a contract without being liable for the obligations thereunder. *See Tompkins ex. rel. A.T. v. Troy Sch. Dist.*, 199 Fed. Appx. 463, 468 (6th Cir. 2006) (holding that it is a basic principle of contract law that a party to an agreement is constrained to accept the burdens as well as the benefits of the agreement); *St. Paul Fire & Marine Ins. Co. v. Compaq Computer Corp.*, 457 F.3d 766, 773 (8th Cir. 2006) (finding that a party who accepts the benefit of a contract must also assume its burdens); *Bhushan v. Loma Alta Towers Owner's Ass'n, Inc.*, 148 Fed. Appx. 882, 888 (11th Cir. 2005) (stating "one who has accepted a contract's benefit may not challenge its validity in order to escape its burdens"); *S & O Liquidating P'ship v. C.I.R.*, 291 F.3d 454, 459 (7th Cir. 2002) ("A party who has accepted the benefits of a contract cannot 'have it both ways' by subsequently attempting to avoid its burdens."); *Hughes Masonry Co., Inc. v. Greater Clark Cnty. Sch. Bldg. Corp.*, 659 F.2d 836, 839 (7th Cir. 1981) ("In short, (plaintiff) cannot have it both ways. (It) cannot rely on the

contract when it works to its advantage, and repudiate it when it works to (its) disadvantage.") (citations omitted) (alterations in original); *Ricketts v. First Trust Co. of Lincoln, Neb.*, 73 F.2d 599, 602 (8th Cir. 1934) (finding that "he who seeks equity must do equity, and that one may not accept the benefits and repudiate the burdens of his contract"); *Meierhenry Sargent Ltd. Liab. P'ship v. Williams*, No. 16-4180, 2017 U.S. Dist. LEXIS 65739, at *20 (D.S.D. May 1, 2017) ("Various courts have held that a party may not avail itself of a favorable aspect of the contract and then disavow a non-favorable aspect.") (citations omitted); *Power Sys. & Controls, Inc. v. Schneider Elec. USA, Inc.*, No. 10-137, 2010 U.S. Dist. LEXIS 56671 at *3 (E.D. Va. June 9, 2010) ("[A] party may not avail itself of one aspect of a contract and disavow another aspect of the contract in order to avoid its consequences."); *see also In re Fleming Cos.*, 499 F.3d 300, 308 (3d Cir. 2007) ("The [debtor] . . . may not blow hot and cold. If he accepts the contract he accepts it *cum onere*. If he receives the benefits he must adopt the burdens. He cannot accept one and reject the other.") (citations omitted) (alterations in original); *In re Texas Rangers Baseball Partners*, 521 B.R. 134, 180 (Bankr. N.D. Tex. 2014) ("A debtor may not merely accept the benefits of a contract and reject the burdens to the detriment of the other party.").

15.     Accordingly, in order to be entitled to any of the benefits of the Insurance Programs, the Stalking Horse Bidder or any Successful Bidder must also remain liable for the Obligations thereunder.

16.     Moreover, the Insurance Programs, which are integrated insurance programs, must be read, interpreted and enforced together. *See Huron Consulting Servs., LLC v. Physiotherapy Holdings, Inc. (In re Physiotherapy Holdings, Inc.)*, 538 B.R. 225, 237 (D. Del. 2015) (reversing bankruptcy court decision which permitted debtor to assume one agreement between itself and another party, and not the related agreements; holding that all agreements must be assumed or

rejected together); *In re Aneco Elec. Constr.*, 326 B.R. 197, 202 (Bankr. M.D. Fla. 2005); *In re Karfakis*, 162 B.R. 719 (Bankr. E.D. Pa. 1993) (stating "two contracts which are essentially inseparable can be, and should be, viewed as a single, indivisible agreement between the parties").

17. Accordingly, any assumption and assignment or other transfer of either of the Insurance Programs must be in its entirety, and the Chubb Companies therefore object to the Sale Motion and the assumption and assignment (or other transfer) of the Insurance Programs to the Stalking Horse Bidder or any Successful Bidder to the extent that the Sale contemplates an improper split of the Insurance Programs.

### B. The Insurance Programs Cannot Be Assigned Or Otherwise Transferred Without The Prior Written Consent Of The Chubb Companies, Which Has Not Been Sought Or Given.

18. To the extent that the Debtors seek to assign the Insurance Programs in connection with the Sale Motion, such assignment cannot occur without the express written consent of the Chubb Companies.

19. Pursuant to 11 U.S.C. § 365(c), a debtor may not assume or assign an executory contract if applicable law excuses the counterparty from accepting performance from or rendering performance to an entity other than the debtor and such party does not consent to the assumption or assignment. 11 U.S.C. § 365(c)(1)(A) and (B).

20. Applicable non-bankruptcy law does, in fact, prohibit the assignment of insurance policies without the insurer's consent. *See, e.g.*, *Mercedes-Benz of W. Chester v. Am. Family Ins.*, Nos. CA2009-09-244, CA2009-09-245, CA2009-09-246, 2010 Ohio App. LEXIS 1898, at ¶ 22 (Ohio Ct. App. May 24, 2010) (finding that third party "cannot impute a legally binding obligation to pay against [insurer]" where insureds assigned insurance contract without insurer's consent, because to find otherwise "would place an undue risk and burden on [insurer]"); *Touchet v. Guidry*, 550 So. 2d 308, 313 (La. App. 1989) (holding that an insurance policy is a personal contract

7

between the insurer and the named insured and that "coverage terminates when the contract is assigned or transferred without the consent, permission, and approval of both contracting parties") (citations omitted); *Shadid v. Am. Druggist Fire Ins. Co.*, 386 P.2d 311 (Okla. 1963) (noting the importance of an insurer's consent to an assignment of an insurance policy, and holding that the policy does not pass to the purchaser simply by a sale of the insured property).[4]

21.    Similarly, insurers cannot be compelled to provide insurance coverage to any entity. *See Atwood v. Progressive Ins. Co.*, No. 950051089S, 1997 Conn. Super. LEXIS 2450, at *18 (Conn. Super. Ct. Sept. 3, 1997) (stating that "[i]nsurers should not, for example, be forced to assume coverage for a risk which at the time a policy was written was not fairly in its and the insured's contemplation"); *King v. Meese*, 43 Cal. 3d 1217, 1222 (Cal. 1987) (noting that "an insurer may refuse to insure based on any permissible classification"); *Cummins v. Nat'l Fire Ins. Co.*, 81 Mo. App. 291, 296 (Mo. Ct. App. 1899) ("An insurance company may well refuse to insure some persons. They, like any other entity, have a right of choice as to who they will contract with and they can no more be forced to a change of the assured than the assured could be forced to accept insurance from some other company (in which he may have no confidence) than the one contracted with."). Therefore, the Insurance Programs cannot be assigned without the prior, written consent of the Chubb Companies.

22.    In the event that the Debtors do attempt to transfer all or any part of the Insurance Programs in connection with the Sale Motion, the Chubb Companies have not yet been provided

---

[4] Some courts have found that insurance policies may be assigned to a trust created under § 524(a) pursuant to a plan under § 1123 without the consent of the insurer. *See, e.g.*, *In re Federal-Mogul Global*, 684 F.3d 355, 382 (3d Cir. 2012) (holding that anti-assignment provisions in insurance policies were preempted by § 1123(a)(5)(B) of the Bankruptcy Code to the extent they prohibit transfer to a § 524(g) trust); *In re W.R. Grace & Co.*, 475 B.R. 34, 198-99 (D. Del. 2012) (holding that anti-assignment provisions in insurance policies were preempted by § 1123(a)(5)(B) in the context of the establishment of a § 524(g) trust). The present case does not involve an assignment to a trust created pursuant to § 524(a) nor an assignment under a plan.

with sufficient information regarding the Stalking Horse Bidder (or any Successful Bidder) in order to be able to assess whether it would satisfy the Chubb Companies' credit and underwriting criteria. Accordingly, the Chubb Companies are unable, at this time, to assess whether the Stalking Horse Bidder (or any Successful Bidder) would satisfy those criteria.

23. As a condition precedent for any consent that may be given by the Chubb Companies to an assignment, sale, or other transfer of the Insurance Programs, the Debtors and the assignee will be required to execute an assumption agreement, in form and substance acceptable to the Chubb Companies. This agreement has not yet been negotiated, let alone executed.

24. Therefore, because the Chubb Companies have not consented to any proposed assignment of the Insurance Programs in connection with the Sale Motion, the Chubb Companies object to any and all such assignments.

### C. The Chubb Companies Are Not Required To Make Coverage Determinations Between the Debtors and the Successful Bidder.

25. While the Term Sheet states that certain proceeds from certain insurance policies constitute Purchased Assets, it is not clear exactly what, if any, rights under the Insurance Programs the Debtors intend to transfer to the Stalking Horse Bidder (or any Successful Bidder) pursuant to the Sale Motion.

26. While it is improper, as discussed above, to split the Insurance Programs themselves, or to split the rights under the Insurance Programs from the Obligations thereunder, any transfer of only a certain (as yet unspecified) portion of the Insurance Programs to the Successful Bidder is likely to result in coverage disputes between the Successful Bidder and the Debtors.

27. To the extent that the Chubb Companies agree to the assignment of the Insurance Programs in connection with the Sale Motion, the Chubb Companies should not be put in the position to determine, as between the Debtors and the Successful Bidder, which entity is entitled to coverage thereunder in connection with a particular claim. Similarly, the Chubb Companies should not be put in the position of determining, as between the Debtors and the Successful Bidder, which entity is entitled to proceeds under the Insurance Programs.

WHEREFORE, the Chubb Companies respectfully request that this Court (a) either (i) enter an Order granting the Sale Motion that includes the modification requested herein, or (ii) deny the Sale Motion; and (b) grant such other relief as the Court deems appropriate.

Dated: January 29, 2020

Respectfully submitted,

DUANE MORRIS LLP

*s/  Kenneth M. Argentieri*
Kenneth M. Argentieri
Ohio Supreme Court No. 0067493
600 Grant Street, Suite 5010
Pittsburgh, PA 15219-2802
Telephone: (412) 497-1005
Facsimile: (412) 202 0669
Email: KMArgentieri@duanemorris.com

-and-

Wendy M. Simkulak, Esquire
Catherine B. Heitzenrater, Esquire
Elisa M. Hyder, Esquire
30 South 17th Street
Philadelphia, PA 19103-4196
Telephone: (215) 979-1000
Email: wmsimkulak@duanemorris.com
Email: cheitzenrater@duanemorris.com
Email: ehyder@duanemorris.com

*Counsel for the Chubb Companies*

# CERTIFICATE OF SERVICE

I hereby certify that a copy of *Limited Objection of the Chubb Companies to Debtors' Motion for Entry of an Order (I) Authorizing the Debtors to Enter into and Perform under the Stalking Horse Purchase Agreement, (II) Approving the Bidding Procedures in Connection with the Sale of All or Substantially All of the Debtors' Assets, (III) Approving the Procedures for the Assumption and Assignment of Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief [Related to Docket No. 326]* was served (i) electronically on the date of filing through the court's ECF System on all ECF participants registered in this case at the email address registered with the court and (ii) by ordinary U.S. Mail on January 29, 2020 addressed to:

                                                    *s/ Kenneth M. Argentieri*
                                                    Kenneth M. Argentieri

Kirkland & Ellis LLP
Attn:   Nicole L. Greenblatt
          Mark McKane
601 Lexington Avenue
New York, NY 10022
nicole.greenblatt@kirkland.com
*Proposed Counsel to Debtors and Debtors in Possession*

Kirkland & Ellis LLP
Attn:   Ross M. Kwasteniet
          Joseph M. Graham
300 North LaSalle
Chicago, IL 60654
james.sprayregen@kirkland.com
ross.kwasteniet@kirkland.com
joe.graham@kirkland.com
*Proposed Counsel to Debtors and Debtors in Possession*

Dinsmore & Shohl LLP
Attn:   Kim Martin Lewis
          Alexandra S. Horwitz
255 East Fifth Street, Suite 1900
Cincinnati, OH 45202
kim.lewis@dinsmore.com
allie.horwitz@dinsmore.com
*Proposed Local Counsel to the Debtors and Debtors in Possession*

Morrison & Foerster LLP
Attn: Dimitra Doufekias
2000 Pennsylvania Avenue, NW, Suite 6000
Washington, D.C. 20006-1888
ddoufekias@mofo.com
*Counsel to the Official Committee of Unsecured Creditors*

Morrison & Foerster LLP
Attn:   Lorenzo Marinuzzi
        Todd Goren
        Jennifer Marines
        Erica Richards
        Benjamin Butterfield
        Allison B. Selick
250 West 55th Street
New York, NY 10019-9601
lmarinuzzi@mofo.com
tgoren@mofo.com
jmarines@mofo.com
erichards@mofo.com
bbutterfield@mofo.com
aselick@mofo.com
*Counsel to the Official Committee of Unsecured Creditors*

Vorys, Sater, Seymore and Pease LLP
Attn:   Brenda K. Bowers
        Mellisa S. Giberson
        Tiffan Strelow Cobb
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216-1008
tscobb@vorys.com
bkbowers@vorys.com
msgiberson@vorys.com
*Local Counsel to the Official Committee of Unsecured Creditors*

Office of the U.S. Trustee for the Southern District of Ohio
Attn:   Benjamin A. Sales
        Monica V. Kindt
U.S. Department of Justice
550 Main Street, Suite 4-812
Cincinnati, OH 45202
benjamin.a.sales@usdoj.gov
monica.kindt@usdoj.gov
*U.S. Trustee*

Office of the U.S. Trustee for the Southern District of Ohio
Attn: Jeremy Shane Flannery
170 North High Street, Suite 200
Columbus, OH 43215
jeremy.s.flannery@usdoj.gov
*U.S. Trustee*

The Bank Of New York Mellon Trust Company NA as Indenture Trustee
Attn: Elizabeth Slaby
Corporate Trust Default Administration Group
500 Ross St. 12th Floor
Pittsburgh, PA 15262
elizabeth.slaby@bnymellon.com
*Indenture Trustee*

The Bank Of New York Mellon Trust Company NA as Indenture Trustee
Attn: Renee Maron
2 North Lasalle St Suite 1020
Chicago, Il 60602
*Indenture Trustee*

Wilmington Savings Fund Society, Fsb
Attn: Patrick J. Healy
500 Delaware Avenue, 11th Floor
P.O. Box 957
Wilmington, De 19899
phealy@wsfsbank.com
*Successor Indenture Trustee*

Davis Polk & Wardell LLP
Attn:   Damian Schaible
        David Zilberberg
        Adam Shpeen
        Daniel Rudewicz
        James I. McClammy
        Miles Christian Babin
450 Lexington Avenue
New York, NY 10017
damian.schaible@davispolk.com
david.zilberberg@davispolk.com
adam.shpeen@davispolk.com
daniel.rudewicz@davispolk.com
miles.babin@davispolk.com
adam.shpeen@davispolk.com
james.mcclammy@davispolk.com

3

DM3\6286094.1

Case 2:19-bk-56885   Doc 818   Filed 01/29/20   Entered 01/29/20 10:46:53   Desc Main
Document    Page 14 of 18

*Co-Counsel to Ad Hoc Group of Superpriority Term Lenders and DIP Lenders And To Glas Trust Company LLC, As Prepetition Superpriority Agent, Glas Usa Llc, As DIP Administrative Agent, And Glas Americas LLC, As DIP Collateral Agent, And Counsel To GACP Finance Co., LLC, As Prepetition Filo Lender And DIP Filo Lender*

Frost Brown Tood LLC
Attn:   Douglas L. Lutz
        A.J. Webb
        Bryan J. K. Sisto
        Ronald E. Gold
        Erin P. Severini
3300 Great American Tower
301 East Fourth Street
Cincinnati, OH 45202
dlutz@fbtlaw.com
awebb@fbtlaw.com
bsisto@fbtlaw.com
rgold@fbtlaw.com
eseverini@fbtlaw.com
*Co-Counsel to Ad Hoc Group of Superpriority Term Lenders and DIP Lenders*

Wilmer Cutler Pickering Hale and Dorr LLP
Attn:   Andrew N. Goldman
        Benjamin W. Loveland
7 World Trade Center
250 Greenwich Street
New York. NY 10007
andrew.goldman@wilmerhale.com
benjamin.loveland@wilmerhale.com
*Co-Counsel to Glas Trust Company LLC, As Prepetition Superpriority Agent, Glas USA LLC, As DIP Administrative Agent, And Glas Americas LLC, As DIP Collateral Agent*

United States Attorney's Office for the Southern District of Ohio
Attn:   Benjamin C. Glassman
303 Marconi Boulevard, Suite 200
Columbus, OH 43215
*U.S. Attorney for the Southern District of Ohio*

United States of America Attorney General
Attn: Bankruptcy Department
U.S. Dept. of Justice
950 Pennsylvania Avenue NW
Washington, D.C. 20530-0001
*U.S. Attorney General*

4

Internal Revenue Service
Centralized Insolvency Operation
2970 Market Street
Mail Stop 5-Q30.133
Philadelphia, PA 19104-5016
*IRS*

Internal Revenue Service
Centralized Insolvency Operation
PO Box 7346
Philadelphia, PA 19101-7346
*IRS*

Internal Revenue Service
Insolvency Group 6
1240 East Ninth Street, Room 493
Cleveland, OH 44199
*IRS*

Environmental Protection Agency
Attn: Bankruptcy Department
77 West Jackson Boulevard
Chicago, IL 60604-3507

State of Alabama Department of Environmental Management
Attn: Bankruptcy Department
1400 Coliseum Boulevard
Montgomery, AL 36110-2400
permitsmail@ademstate.al.us.gov

State of Colorado Department of Public Health and Environment
Attn: Martha Rudolph
4300 Cherry Creek Drive South
Denver, CO 80246-1530

State of Delaware Department of Natural Resources & Environmental Control
Attn: Bankruptcy Department
89 Kings HWY
Dover, DE 19901

State of Illinois Environmental Protection Agency
Attn: Bankruptcy Dept.
1021 North Grand Avenue East
Po Box 19276
Springfield, IL 62794-9276

State of Kentucky Energy And Environment Cabinet
Attn: Bankruptcy Dept.
500 Mero Street, 5th Floor
Frankfort, KY 40601
cynthia.schafer@ky.gov

State Of Ohio Environmental Protection Agency
Attn: Bankruptcy Dept
Po Box 1049
Columbus, OH 43216-1049

State of Oklahoma Department of Environmental Quality
Attn: Bankruptcy Dept.
707 N Robinson
Oklahoma City, OK 73102

State of Pennsylvania Dept. of Environmental Protection
Attn: Bankruptcy Dept.
Rachel Carson State Office Building
400 Market Street
Harrisburg, PA 17101

State of Utah Department of Environmental Quality
Attn: Bankruptcy Dept.
195 North 1950 West
Salt Lake City, UT 84116

State of West Virginia Department of Environmental Protection
Attn: Bankruptcy Dept.
601 57th Street SE
Charleston, WV 25304

State of Wyoming Department of Environmental Quality (Deq)
Attn: Bankruptcy Dept.
122 W 25th St
Herschler Building
Cheyenne, WY 82002

State Attorney General o Wyoming
Attn: Bankruptcy Dept.
Kendrick Building
2320 Capital Avenue
Cheyenne, WY 82002

State of Alabama Attorney General
Attn: Bankruptcy Dept.
Po Box 300152
Montgomery, AL 36130-0152

State Of Colorado Attorney General
Attn: Bankruptcy Dept.
Ralph L. Carr Colorado Judicial Center
1300 Broadway, 10th Floor
Denver, CO 80203
attorney.general@state.co.us

State Of Delaware Attorney General
Attn: Bankruptcy Dept.
Carvel State Office Bldg.
820 N French St
Wilmington, DE 19801
attorney.general@state.de.us

State Of Illinois Attorney General
Attn: Bankruptcy Dept.
100 West Randolph Street
Chicago, IL 60601
webmaster@atg.state.il.us

State Of Kentucky Attorney General
Attn: Bankruptcy Dept.
700 Capitol Avenue, Suite 118
Frankfort, KY 40601
web@ag.ky.gov

State Of Ohio Attorney General
Attn: Bankruptcy Dept.
30 E Broad St., 14th Floor
Columbus, OH 43215

State Of Oklahoma Attorney General
Attn: Bankruptcy Dept.
313 Ne 21st Street
Oklahoma City, OK 73105

State Of Pennsylvania Attorney General
Attn: Bankruptcy Dept.
Strawberry Square, 16th Floor
Harrisburg, PA 17120

7

State Of Utah Attorney General
Attn: Bankruptcy Dept.
Po Box 142320
Salt Lake City, UT 84114-2320
uag@utah.gov

State Of West Virginia Attorney General
Attn: Bankruptcy Dept.
State Capitol Bldg. 1 Room E 26
Charleston, WV 25305
consumer@wvago.gov

Pension Benefit Guarantee Corporation
Attn: Bruce Perlin
1200 K Street NW
Washington, D.C. 2005
perlin.bruce@pbgc.gov

Rumberger, Kirk & Caldwell, P.C.
Attn: Frederick D. Clarke Iii And R. Scott Williams
2001 Park Place North, Suite 1300
Birmingham, AL 35203
fclarke@rumberger.com
swilliams@rumberger.com
*Counsel to United Mine Workers of America*

Seafarers International Union
Attn: President or General Counsel
2604 South Fourth Street
Philadelphia, PA 19148

Steptoe & Johnson LLP
Attn: Filiberto Agusti
1330 Connecticut Avenue, NW
Washington, D.C. 20036
fagusti@steptoe.com
*Counsel to UMWA 1974 Pension Plan, UMWA 1992 Benefit Plan, 1993 Benefit Plan, UMWA 1988 Cash Deferred Savings Plan, and UMWA Combined Benefit Fund*