**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MURRAY ENERGY HOLDINGS, CO., *et al.,*[1] | ) | Case No. 19-56885 (JEH) |
| | ) | |
| | ) | Judge John E. Hoffman, Jr. |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**APPLICATION OF THE FEE EXAMINER FOR AUTHORIZATION TO EMPLOY
AND RETAIN BERNSTEIN, SHUR, SAWYER & NELSON, P.A. AS COUNSEL TO THE
FEE EXAMINER**

TO: THE HONORABLE JOHN E. HOFFMAN, JR.
UNITED STATES BANKRUPTCY JUDGE

Robert J. Keach, Esq., the fee examiner (the "Fee Examiner") of Murray Energy Holdings Co. and certain of its affiliates (collectively, the "Debtors") in the above-referenced chapter 11 cases, submits this Application (the "Application") pursuant to the *Order Appointing Fee Examiner and Establishing Related Procedures for the Review of Fee Applications and Retained Professionals* [Docket No. 1065] (the "Fee Examiner Order").[2] for authorization to employ, Bernstein, Shur, Sawyer & Nelson, P.A. ("BSSN") as counsel for the Fee Examiner and respectfully represents:

**Preliminary Statement**

1. The Court appointed the Fee Examiner to review and assess requests for allowance

---

[1] Due to the large number of Debtors in these chapter 11 cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. Such information may be obtained on the website of the Debtor's claims and noticing agent at https://cases.primeclerk.com/MurrayEnergy. The location of Debtor Murray Energy Holdings Co.'s principal place of business and the Debtors' service address in these chapter 11 cases is 46226 National Road, St. Clairsville, Ohio 43950.

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Fee Examiner Order.

of fees and expenses by certain professionals in these chapter 11 cases pursuant to the Fee Examiner Order dated March 17, 2020 [Docket No. 1065]. With this Application, the Fee Examiner seeks entry of an order, pursuant to the Fee Examiner Order, authorizing the employment of BSSN to assist the Fee Examiner in his analysis of the fees and expenses of Retained Professionals, and the preparation and filing of reports regarding same, in these cases. The scope and estimated range of fees for the services of BSSN are outlined in this Application. In support of this Application, the Fee Examiner relies on the Declaration of Robert J. Keach in Support of Order Appointing Robert J. Keach as Fee Examiner [Docket No. 916-1] (the "Keach Declaration"), a copy of which is attached hereto as **Exhibit A**.

## Background

2.   On October 29, 2019 (the "Commencement Date"), the Debtors each commenced with this Court a voluntary case under chapter 11 of title 11, United States Code (the "Bankruptcy Code"). The Debtors are authorized to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these chapter 11 cases.

3.   On November 7, 2019, the United States Trustee for the Southern District of Ohio (the "U.S. Trustee"), appointed an official committee of unsecured creditors (the "Committee") [Docket No. 168].

4.   On or about February 11, 2020, the U.S. Trustee informed the Fee Examiner of his selection, subject to court approval, and from approximately that date to February 25, 2020, when the form of Fee Examiner Order was filed by agreement of the parties, the U.S. Trustee, the Committee, and the Debtors negotiated the terms of the Fee Examiner Order.[3] The Court entered

---

[3] The Fee Examiner is not seeking *nunc pro tunc* approval of BSSN's retention in light of the U.S. Supreme Court's recent ruling in Roman Catholic Archdiocese of San Juan, Puerto Rico v. Acevedo Feliciano, 140 S. Ct. 696, 700-01

2

the Fee Examiner Order on March 17, 2020 appointing Robert J. Keach as the Fee Examiner [Docket No. 1065]. The Fee Examiner Order permits the Fee Examiner to retain counsel and other professionals and consultants to assist him in discharging his responsibilities under the Fee Examiner Order. *See* Fee Examiner Order at ¶ 14.

5. Information regarding the Debtors' business, capital structure, and the circumstances leading to the commencement of these chapter 11 cases is set forth in the Declaration of Robert D. Moore, President, Chief Executive Officer, and Chief Financial Officer of Murray Energy Holdings Co., In Support of Chapter 11 Petitions filed on October 29, 2019 [Docket No. 10].

### Jurisdiction

6. This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The Court has constitutional authority to enter a final order, and, to the extent required, BSSN consents to the entry of a final order by the Court.

### Basis for Relief Requested

7. The Fee Examiner has determined that the volume of fee and expense applications (the "Fee Applications") expected to be filed by the Retained Professionals warrants assistance from counsel who can contribute to the Fee Examiner's analyses of such requests, assist in the preparation of required reports, and appear before the Court, if necessary, for or with him on all relevant matters and issues. Accordingly, the Fee Examiner has selected BSSN, the firm with

---

(2020), but believes that the Court may authorize payment of services performed prior to entry of an order on this Application pursuant to In re Benitez, No. 8-19-70230-reg (Bankr. E.D.N.Y. March 13, 2020). The Fee Examiner and BSSN will address this issue in the first application for allowance of compensation and reimbursement of expenses that will be filed with the Court.

3

which he has long been associated, as the best qualified and most cost-effective professional to support the Fee Examiner in his review of fee and expense requests.

### BSSN's Qualifications

8.     The Fee Examiner previously served as fee examiner in the In re AMR Corporation et. al., Chapter 11 Case No. 11-15463 (SHL) (Bankr. S.D.N.Y.), In re Exide Technologies, Chapter 11 Case No. 13-11482 (KJC) (Bankr. D. Del.), In re Mineral Park, Inc. et. al., Chapter 11 Case No. 14-11996 (KJC), In re Relativity Fashion, LLC, et al., Chapter 11 Case No. 15-11989 (MEW). BSSN has served as counsel to the Fee Examiner in all such cases.  In addition, the Fee Examiner is currently serving as fee examiner to the Financial Oversight and Management Board for Puerto Rico with respect to professionals providing Non-Title III services, and BSSN is his counsel (and assists him with fee and expense review as to those professionals).

9.     BSSN's Bankruptcy Reorganization and Insolvency Practice Group (the "Group") also represents clients in matters ranging from informal workouts to sophisticated corporate reorganizations.  It has represented clients in cases before the First, Seventh and Eighth Circuit Courts of Appeal, as well as appeared in bankruptcy courts throughout the United States.  The Group has represented and represents clients in the bankruptcy cases of Lehman Brothers, Fairpoint Communications, New Century Mortgage, Nortel Networks, Hartmarx, Fraser Papers, Land America, Verso Corporation, Sports Authority Holdings, Inc., Toys R Us,  and Sears, among many others, as well as represented debtors, creditors' committees and other parties in chapter 11 cases in New England.  Members of the Group have also represented asset purchasers in section 363 sales and plan sales of assets, litigated directors' and officers' liability, lender liability, complex preferential and fraudulent transfers, and other commercial and business tort litigation matters, in cases throughout the United States.  Members of the Group have frequently litigated

Main Document    Page 5 of 8

fee matters, both from the standpoint of the applicant and the objecting party. The Group's experience makes each member of the Group capable of assisting in the fee review process.

10. The Fee Examiner seeks to retain BSSN as his counsel because, among other things, BSSN has provided and can provide high-quality bankruptcy services to the Fee Examiner in a timely and cost-effective manner. Additional details regarding BSSN and its qualifications are set forth in detail in the Keach Declaration.

## Services to be Provided by BSSN

11. The Fee Examiner has engaged BSSN to provide services, consistent with the Fee Examiners' scope of duties set forth in the Fee Examiner Order including:

    a. Reviewing and assessing all Fee Applications and related invoices for compliance with

        i. Bankruptcy Code sections 327, 328, 329, 330, 331and/or 1103 as applicable, pursuant to each Retained Professional's retention order;

        ii. the Federal Rules of Bankruptcy Procedure;

        iii. the Local Rules of the United States Bankruptcy Court for the Southern District of Ohio (the "Local Rules");

        iv. the Amended Order Implementing Certain Notice and Case Management Procedures [Docket No. 764] (the "Amended Case Management Order"); and

        v. the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, C.F.R. Part 58, Appendix A, and the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Large Chapter 11 Cases Effective as of November 1, 2013, at 28 C.F.R. Part 58, Appendix B (collectively the "Guidelines").

    b. Assisting the Fee Examiner in any hearings or other proceedings before the Court to consider the Fee Applications including, without limitation, advocating positions asserted in the reports filed by the Fee Examiner and

5

      c.    on behalf of the Fee Examiner;

      c.    Assisting the Fee Examiner with legal issues raised by inquiries to and from the Retained Professionals and any other professional services provider retained by the Fee Examiner;

      d.    Where necessary, attending meetings between the Fee Examiner and the Retained Professionals;

      e.    Assisting the Fee Examiner with the preparation of preliminary and final reports regarding professional fees and expenses;

      f.    Assisting the Fee Examiner in developing protocols and making reports and recommendations; and

      g.    Providing such other services as the Fee Examiner may request.

Other than in connection with legal advice to the Fee Examiner and assisting in his analysis, BSSN will not duplicate the work performed by the Fee Examiner.

12.    The employment of BSSN is in the best interest of the Debtors' estates and of these cases as a whole because it will aid in the Fee Examiner's analysis of fees and expenses at the lowest possible cost, provide another point of contact for the Retained Professionals, and augment the Fee Examiner's ability to properly and efficiently analyze fee and expense requests within appropriate time frames.

13.    The Fee Examiner believes that BSSN will materially aid in reviewing fee and expense requests, and that BSSN's bankruptcy experience in this area will enable the Debtors' estates to achieve substantial benefits by maximizing cost control and efficiency.

## **Compensation**

14.    The Fee Examiner, subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and further orders of the Court, proposes to have the Debtors' estates compensate BSSN at BSSN's regular hourly rates for legal and non-legal personnel and to reimburse BSSN for all reasonable and necessary expenses under the standards set forth in 11

U.S.C. §§ 330 and 331, as well as the Guidelines. BSSN's hourly rate structure ranges from $440 to $610 for shareholders; $310 to $590 for of counsel; $260 for associates; and from $190 to $230 for paraprofessionals.

15. BSSN will apply to the Court for allowance of compensation and reimbursement of expenses in accordance with the Amended Case Management Order, the Guidelines, sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any further orders of the Court for all professional services performed and expenses incurred after the Commencement Date.

16. BSSN has not previously received any compensation for services rendered in connection with the Debtors' chapter 11 cases.

### Other Provisions

17. BSSN's engagement may be terminated by the Fee Examiner at any time without liability, except that following such termination, BSSN shall remain entitled to any fees accrued but not yet paid prior to such termination, subject to Court approval of (a) such termination and (b) any fees accrued and not yet paid under section 330 of the Bankruptcy Code and the Guidelines.

### BSSN's Connections with Parties in Interest and Possible Conflicts of Interest

18. To the best of the Fee Examiner's knowledge, information, and belief, other than as set forth in the Keach Declaration, neither BSSN nor any of its professionals has represented or has any relationship with: (i) the Debtors; (ii) their creditors or equity security holders; (iii) any other parties-in-interest in this case; (iv) the respective attorneys and accountants of any of the foregoing; (v) the Retained Professionals; or (vi) the U.S. Trustee or any person employed in the Office of the United States Trustee, in any matter relating to these cases.

### Applicable Legal Authority

19. On March 17, 2020, the Court entered the Fee Examiner Order. The Stipulation approved by the Fee Examiner Order, in relevant part, provides that "The Fee Examiner may retain attorneys and other professionals or consultants if he deems it necessary to discharge his duties. The Fee Examiner's retention of professionals will be subject to Court approval under standards equivalent to 11 U.S.C. § 327." Fee Examiner Order, ¶ 14.

20. The Fee Examiner has determined that he requires qualified counsel to assist him and to provide legal counsel in the course of his work. Pursuant to this authority, the Fee Examiner has selected BSSN. The Fee Examiner understands that the Debtors, Committee, and the U.S. Trustee consent to the relief sought herein.

### Procedure

21. No previous application for the relief sought has been made to this or any court.

### Conclusion

WHEREFORE, the Fee Examiner respectfully requests the entry of an order, substantially in the form annexed hereto, as **Exhibit B**, granting the relief requested herein and such other and further relief as the Court may deem just and proper.

Dated: March 31, 2020                    **FEE EXAMINER**

Portland, Maine                          */s/ Robert J. Keach, Esq.*
                                         Robert J. Keach, Esq. (*pro hac vice* pending)
                                         BERNSTEIN, SHUR, SAWYER & NELSON, P.A.
                                         100 Middle Street, P.O. Box 9729
                                         Portland, ME 04104-5029
                                         E-mail: rkeach@bernsteinshur.com
                                         Telephone number: (207) 774-1200