**This document has been electronically entered in the records of the United States Bankruptcy Court for the Southern District of Ohio.**

**IT IS SO ORDERED.**



John E. Hoffman, Jr.
United States Bankruptcy Judge

**Dated: April 14, 2020**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| MURRAY ENERGY HOLDINGS CO., *et al.*,[1] | ) | Case No. 19-56885 (JEH) |
| | ) | |
| | ) | Judge John E. Hoffman, Jr. |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**ORDER GRANTING THE DEBTORS' MOTION FOR
INTERIM RELIEF UNDER SECTIONS 1113 AND 1114 OF THE BANKRUPTCY CODE
[RELATED TO DOCKET NO. 1110]**

---

[1] Due to the large number of Debtors in these chapter 11 cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. Such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.primeclerk.com/MurrayEnergy. The location of Debtor Murray Energy Holdings Co.'s principal place of business and the Debtors' service address in these chapter 11 cases is 46226 National Road, St. Clairsville, Ohio 43950.

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") modifying the 2016 CBA on an interim basis to suspend the Debtors' obligations to pay for certain retiree healthcare under the Murray IEP, as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *General Order 30-3* from the United States Bankruptcy Court for the Southern District of Ohio, dated December 4, 2019; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having found that the Debtors have met all of the standards for interim relief under 11 U.S.C. §§ 1113(e) and 1114(h); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted to the extent set forth in this Order.

---

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

2.      On an interim basis, the Debtors are authorized to modify the 2016 CBA to suspend the Debtors' obligations to pay for retiree healthcare under the Murray IEP immediately after the occurrence of the Enrollment Date (as defined below).

3.      The Debtors shall take all reasonable steps to facilitate, until the Effective Date of the Debtors' chapter 11 plan, the transition of the Union Retirees from the Murray IEP to the 1993 Plan to ensure there is no gap in benefit coverage and a smooth transition process.  Upon the Effective Date of the Debtors' chapter 11 plan, the Debtors shall facilitate the same transition services for the UMWA employees from the Murray IEP to the individual employer plan provided by the Stalking Horse Bidder.  Specifically, and until such time, the Debtors shall provide the following transition services for the Union Retirees:

a. As soon as practicable, to the extent not previously provided, the Debtors shall transmit to the 1993 Plan:  (a) a roster of all beneficiaries with date of birth, social security number, and current contact information; (b) a copy of its benefit plan(s); (c) designated liaisons from the Debtors' internal benefits staff, pharmacy benefits manager, and claims administrator/carrier, together with authorization to immediately begin coordination with the 1993 Plan; and (d) such other information as may be requested by the 1993 Plan as reasonably necessary to facilitate the transition of process.

b. On May 1, 2020, the 1993 Plan's coverage of the transferred beneficiaries shall begin ("Enrollment Date"), *provided*, *however*, that such Enrollment Date shall occur on or before the date of the suspension set forth in paragraph 2 of this Order.  Prior to the Enrollment Date, the transferred beneficiaries shall continue to be covered by the Murray IEP.  On and after the Enrollment Date, the transferred beneficiaries shall be covered by the 1993 Plan.

c. The Debtors and their carrier and pharmacy benefits manager are directed to send the required Medicare written notice to the beneficiaries and to Medicare, to the effect that the Debtors are terminating coverage and the 1993 Plan is enrolling the beneficiaries for coverage to transition on the Enrollment Date.

d. The 1993 Plan is hereby directed to send enrollment/information packets and insurance cards to the beneficiaries, and enroll the eligible beneficiaries so that their coverage begins at 12:00 a.m. on the Enrollment Date.  The Debtors shall terminate their coverage of the beneficiaries effective at the same time.

3

e. Claims for covered benefits for dates of service prior to the Enrollment Date will be paid by the Debtors in the ordinary course, even if received after the Enrollment Date, and such claims shall be treated as administrative expense claims.

4. Nothing herein shall eliminate or affect in any way any obligations of third parties with respect to any retiree benefits paid or administered by such third parties for the benefit of the Debtors' employees.

5. Nothing herein shall prejudice the ability of the Debtors to seek additional relief under sections 1113 and 1114 of the Bankruptcy Code, and nothing herein shall prejudice the right of any party to object to any such relief.

6. Nothing in this Order affects the Debtors' obligations with respect to the Statutory Retirees. For the avoidance of doubt, the relief requested does not apply to any Statutory Retirees (including spouses and dependents) currently receiving certain health care and other post-employment benefits under the Murray IEP as required by the Coal Act.

7. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the requirements of the Bankruptcy Rules and the Local Rules are satisfied by such notice.

8. Notwithstanding anything to the contrary, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

9. The Debtors shall serve this Order in accordance with all applicable rules and shall file a certificate of service evidencing compliance with this requirement.

10. The Debtors are authorized to execute and deliver all instruments and documents and are authorized to take all reasonable actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

11.     This Court retains exclusive jurisdiction with respect to all matters arising from or

related to the implementation, interpretation, and enforcement of this Order.

SO ORDERED.

Copies to Default List