IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MURRAY ENERGY HOLDINGS CO., *et al.*,[1] | ) | Case No. 19-56885 (JEH) |
| | ) | |
| | ) | Judge John E. Hoffman, Jr. |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

**SUMMARY COVER SHEET TO THE SECOND INTERIM AND FINAL FEE
APPLICATION OF DINSMORE & SHOHL LLP, ATTORNEYS FOR THE DEBTORS
AND DEBTORS IN POSSESSION, FOR ALLOWANCE OF COMPENSATION AND
REIMBURSEMENT OF EXPENSES INCURRED DURING (I) THE SECOND INTERIM
PERIOD FROM MARCH 1, 2020 THROUGH AND INCLUDING AUGUST 31, 2020,
AND (II) THE FINAL FEE PERIOD FROM OCTOBER 29, 2019 THROUGH AND
INCLUDING AUGUST 31, 2020**

In accordance with the Local Bankruptcy Rules for the Southern District of Ohio (the "Local Rules") and General Order 30-3 Regarding Complex Chapter 11 Cases in the United States Bankruptcy Court, Southern District of Ohio (the "General Order"), Dinsmore & Shohl LLP ("Dinsmore"), co-counsel for the above-captioned debtors and debtors in possession, (collectively, the "Debtors"), submits this summary ("Summary") of fees and expenses sought as actual, reasonable and necessary in the fee application to which this Summary is attached (the "Fee Application")[2] for the period of (i) March 1, 2020 through and including August 31, 2020 (the "Second Interim Fee Period"), and (ii) October 29, 2019 through and including August 31, 2020 (the "Fee Period").

Dinsmore submits the Fee Application as a second interim and final fee application in accordance with the (i) *Second Amended Order Implementing Certain Notice and Case Management Procedures* [Docket No. 1103] (the "Case Management Order"), (ii) the O*rder Appointing Fee Examiner and Establishing Related Procedures for the Review of Applications of Retained Professionals* [Docket No. 1065] (the "Fee Examiner Order"), (iii) the *Order (A)*

---

[1] Due to the large number of Debtors in these chapter 11 cases, for which joint administration has been approved, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. Such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.primeclerk.com/MurrayEnergy. The location of Debtor Murray Energy Holdings Co.'s principal place of business and the Debtors' service address in these chapter 11 cases is 46226 National Road, St. Clairsville, Ohio 43950.

[2] Capitalized terms used herein but not otherwise defined in this Summary shall have the meaning set forth in the Fee Application.

*Modifying the Frequency with which Estate Professionals, UCC Professionals, Retiree Committee Professionals, and the Fee Examiner are Required to File Interim and Fee Applications; and (B) Granting Related Relief* [Docket No. 1850], (iv) *the Agreed Order Further (A) Modifying the Frequency with which Estate Professionals, UCC Professionals, Retiree Committee Professionals, and the Fee Examiner are Required to File Interim and Fee Applications; and (B) Granting Related Relief* [Docket No. 1961], and (v) *the Agreed Order Further (A) Modifying the Frequency with which Estate Professionals, UCC Professionals, Retiree Committee Professionals, and the Fee Examiner are Required to File Interim and Fee Applications; and (B) Granting Related Relief* [Docket No. 2189], which require all estate professionals, UCC professionals, and Retiree Committee Professionals to file a combined second interim and final fee application with the Bankruptcy Court on October 9, 2020.

### General Summary Information

| General Information | |
|---|---|
| Name of Applicant: | Dinsmore & Shohl LLP |
| Authorized to Provide Services to: | Murray Energy Holdings Co., *et al* |
| Petition Date: | October 29, 2019 |
| Date of Order Authorizing the Debtors to Retain Dinsmore [Docket No. 398]: | December 11, 2019, *nunc pro tunc* to the Petition Date |
| **Summary of Fees and Expenses Sought in the Fee Application** | |
| Period for Which Compensation and Reimbursement is Sought in the Fee Application: | October 29, 2019 through and including August 31, 2020[3] |
| Voluntary Fee Waiver and Expense Reduction in this Fee Period: | Reduced fees by $34,867.40 and expenses by $357.00[4] |
| Amount of Compensation Sought as Actual, Reasonable, and Necessary for the Second Interim Fee Period: | $2,179,488.00 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable, and Necessary for the Second Interim Fee Period: | $19,967.37 |
| Total Compensation and Expense Reimbursement Requested for the Second | $2,199,455.37 |

---

[3] All fees and expenses incurred by Debtors to any estate professionals after the confirmation of the chapter 11 plan are to be paid in the ordinary course. *See* Art. II.C.4. Parties are therefore seeking approval, on a final basis, of all fees and expenses incurred from October 29, 2019, through and including the date the Confirmation Order was entered, August 31, 2020 [Docket No. 2135]. All fees and expenses incurred after August 31, 2020, are to be paid in the ordinary course and are not subject to Court approval.

[4] Dinsmore voluntarily reduced its fees and expenses by the amounts described above and consequently does not seek payment of these fees and expenses in this Fee Application. These reductions include reductions agreed to with the fee examiner on the First Interim Fee Application.

| | |
|---|---|
| Interim Fee Period: | |
| Amount of Compensation Sought as Actual, Reasonable, and Necessary for the Fee Period: | $2,748,647.10 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable, and Necessary for the Fee Period: | $67,615.19 |
| Total Compensation and Expense Reimbursement Requested for the Fee Period: | $2,816,262.29 |
| **Rate Increases Applicable to the Fee Period** | |
| Total Amount of Compensation Sought for the Fee Period, Calculated Using Rates as of the Date of Retention: | $2,618,347.50 |
| **Summary of Past Requests for Compensation and Prior Payments[5]** | |
| Total Amount of Compensation Previously Requested Pursuant to the Case Management Order to Date: | $2,779,729.50 |
| Total Amount of Expense Reimbursement Previously Requested Pursuant to the Case Management Order to Date: | $73,167.97[6] |
| Total Compensation Approved Pursuant to the Case Management Order to Date: | $2,501,756.55 |
| Total Amount of Expense Reimbursement Approved Pursuant to the Case Management Order to Date: | $61,174.99 |
| Total Allowed Compensation Paid to Date: | $569,154.10[7] |

---

[5] For more information regarding Dinsmore's past requests for compensation and prior payments, please refer to the (i) *First Interim Fee Application of Dinsmore & Shohl LLP, Attorneys for the Debtors and Debtors in Possession for Allowance of Compensation and Reimbursement of Expenses incurred from October 29, 2020 Through and Including February 29, 2020* [Docket No. 1289] (the "First Interim Fee Application") and the Monthly Fee Statements.

[6] This figure includes an additional $5,195 mistakenly requested in the Second Monthly Fee Statement. Dinsmore discounted $4,676 (90% of the incorrectly requested funds) in connection with the Third Monthly Fee Statement. As set forth in this Fee Application, Dinsmore is not seeking payment on the $5,195.

[7] This figure reflects compensation allowed pursuant to the *Order Allowing Interim Compensation for Services Rendered and Reimbursement of Expenses of the Retained Professionals for the Period from October 29, 2019 through February 29, 2020* (the "First Interim Fee Order") [Docket No. 1611].

| | |
|---|---|
| Total Allowed Expenses Paid to Date: | $52,843.59[8] |
| Compensation Sought in this Application Already Paid Pursuant to the Fee Statements but not yet Allowed: | $1,972,890.31[9] |
| Expenses Sought in this Application Already Paid Pursuant to the Fee Statements but not yet Allowed: | $60,963.09[10] |
| **Summary of Rates** | |
| Blended Rate in for all Partners for the Fee Period: | $470.71 |
| Blended Rate in for all Of Counsel Attorneys for the Fee Period: | $260.04 |
| Blended Rate in for all Associates for the Fee Period: | $298.02 |
| Blended Rate in for all Paralegals for the Fee Period: | $156.33 |
| Blended Rate of all Attorneys and Legal Professionals for the Fee Period: | $346.79 |

---

[8] This figure reflects expenses allowed pursuant to the First Interim Fee Order.

[9] This figure reflects 90% of the fees requested pursuant to the Monthly Fee Statements except for the monthly fee statement filed at Docket No. 2144 which is currently still pending objections. Dinsmore expects to receive such amount shortly after filing this Fee Application.

[10] This figure reflects 90% of the expenses requested pursuant to the Monthly Fee Statements except for the monthly fee statement filed at Docket No. 2144 which is currently still pending objections. Dinsmore expects to receive such amount shortly after filing this Fee Application.

**Summary of Total Fees Incurred and Hours Billed During the Fee Period**

| Attorney Name | Position | Department | Date of Admission | Fees Billed In this Application | Hours Billed In this Application | Number of Rate Increases | Hourly Rate Billed | | Fees Billed In this Application at First Interim Application Billing Rate |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | In this Application[11] | In the First Interim Application | |
| G. Randall Ayers | Partner | Labor | | $0.00 | 0 | 1 | $215 | $215 | $0.00 |
| | | | | $165.00 | 0.30 | | $550 | $215 | $64.50 |
| Travis Bayer | Partner | Bankruptcy | 11/1/12 | $0.00 | 0 | 0 | N/A | N/A | $0.00 |
| | | | | $58,590.00 | 86.80 | | $675 | N/A | $58,590.00 |
| J. David Bolen | Partner | Torts | 10/18/68 | $0.00 | 0 | 1 | $360 | $360 | $0.00 |
| | | | | $897.00 | 2.30 | | $390 | $360 | $828.00 |
| Brandon D. Coneby | Partner | Environmental | 10/29/01 | $21,576.00 | 49.6 | 1 | $435 | $435 | $21,576.00 |
| | | | | $192,091.50 | 413.10 | | $465 | $435 | $179,698.50 |
| Brandon D. Coneby[12] | Partner | Environmental | 10/29/01 | $0.00 | 0 | 1 | $217.5 | $217.5 | $0.00 |
| | | | | $1,813.50 | 7.8 | | $232.50 | $217.5 | $1,696.50 |
| Thomas M. Connor | Partner | Torts | 11/5/07 | $3,102.50 | 8.50 | 1 | $365 | $365 | $3,102.50 |
| | | | | $95,708.50 | 242.30 | | $395 | $365 | $88,439.50 |
| Lloyd R. Cress, Jr. | Partner | Healthcare Lobbying & Public Policy | 5/11/91 | $0.00 | 0 | 0 | $450 | $450 | $0.00 |
| | | | | $528.00 | 1.10 | | $480 | $450 | $195.00 |

---

[11] These hourly rates reflect the Dinsmore attorney's or other legal professional's rate effective as of 1/1/2020. As disclosed in the Dinsmore Declarations, Dinsmore annually increases billable rates in the ordinary course on the basis of advancing seniority and promotion.

[12] This line item reflects Mr. Coneby's hourly rate for non-working travel which is billed at 50% of Mr. Coneby's standard billing rate.

| Name | Title | Department | Date | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Anna M. Dailey | Partner | Employment | 5/15/79 | $0.00 | 0 | 1 | $555 | $555 | $0.00 |
| | | | | $812.00 | 1.40 | | $580 | $555 | $777.00 |
| Douglas J. Feichtner | Partner | Commercial Litigation | 10/10/03 | $0.00 | 0 | 1 | $410 | $410 | $0.00 |
| | | | | $223,894.50 | 514.70 | | $435 | $410 | $211,027.00 |
| Thomas D. Flanigan | Partner | Commercial Litigation | | $0.00 | 0 | 1 | $170 | $170 | $0.00 |
| | | | | $11,640.00 | 29.10 | | $400 | $170 | $4,947.00 |
| Christopher M. Hammond | Partner | Business Acquisitions and Securities | 11/5/12 | $0.00 | 0 | 1 | $320 | $320 | $0.00 |
| | | | | $105,151.00 | 296.20 | | $355 | $320 | $94,784.00 |
| Gregory A. Harrison | Partner | Commercial Litigation | 11/4/85 | $424.00 | 0.80 | 1 | $530 | $530 | $424.00 |
| | | | | $14,630.00 | 26.60 | | $550 | $530 | $14,098.00 |
| Timothy D. Hoffman | Partner | Environmental | 1/1/81 | $0.00 | 0 | 1 | $585 | $585 | $0.00 |
| | | | | $2,082.50 | 3.50 | | $595 | $585 | $2,047.50 |
| Jerrad T. Howard | Partner | Business Acquisitions and Securities | 9/28/12 | $0.00 | 0 | 1 | $325 | $325 | $0.00 |
| | | | | $72,349.00 | 203.80 | | $355 | $325 | $66,235.00 |
| Kerry O. Irwin | Partner | Business Acquisitions and Securities | 10/1/09 | $0.00 | 0 | 1 | $330 | $330 | $0.00 |
| | | | | $63,751.00 | 172.30 | | $370 | $330 | $56,859.00 |
| Lira A. Johnson | Partner | Employment | 11/19/93 | $0.00 | 0 | 1 | $465 | $465 | $0.00 |
| | | | | $297.00 | 0.60 | | $495 | $465 | $279.00 |
| Andrew R. Kwiatkowski | Partner | Litigation | 11/18/02 | $0.00 | 0 | 1 | $425 | $425 | $0.00 |
| | | | | $23,229.00 | 52.20 | | $445 | $425 | $22,185.00 |
| David J. Lavan | Partner | Business Acquisitions and Securities | | $0.00 | 0 | 1 | $590 | $590 | $0.00 |
| | | | | $250.00 | 0.40 | | $625 | $590 | $236.00 |
| Kim Martin Lewis | Partner | Business Restructuring | 11/6/89 | $119,540.00 | 172.0 | 1 | $695 | $695 | $119,540.00 |

| Name | Title | Department | Date | Amount | Hours | | Rate | Rate | Amount |
|---|---|---|---|---|---|---|---|---|---|
| | | | | $321,465.00 | 443.40 | | $725 | $695 | $308,163.00 |
| Kim Martin Lewis[13] | Partner | Business Restructuring | 11/6/89 | $1,042.50 | 3.00 | 1 | $347.50 | $347.50 | $1,042.50 |
| | | | | $2,537.50 | 7.00 | | $362.5 | $347.50 | $2,432.50 |
| David K. Liberati | Partner | Real Estate | 1/1/82 | $29,926.50 | 84.30 | 1 | $355 | $355 | $29,926.50 |
| | | | | $118,541.50 | 307.90 | | $385 | $355 | $109,304.50 |
| Jacob A. Manning | Partner | Litigation | 10/22/04 | $0.00 | 0 | 1 | $365 | $365 | $0.00 |
| | | | | $2,418.00 | 6.20 | | $390 | $365 | $2,263.00 |
| Jason M. Nutzman | Partner | Employment | 1/1/07 | $0.00 | 0 | 1 | $360 | $360 | $0.00 |
| | | | | $19,365.50 | 50.30 | | $385 | $360 | $18,108.00 |
| Christopher J. Plybon | Partner | Business Acquisitions and Securities | 10/18/83 | $0.00 | 0 | 1 | $365 | $365 | $0.00 |
| | | | | $79,039.50 | 200.10 | | $395 | $365 | $73,036.50 |
| William E. Robinson | Partner | Employment | 5/17/83 | $30,827.50 | 64.90 | 1 | $475 | $475 | $30,827.50 |
| | | | | $129,229.50 | 255.90 | | $505 | $475 | $121,552.50 |
| F. Thomas Rubenstein | Partner | Employment | 5/19/81 | $0.00 $5,980.00 | 0 11.50 | 1 | $490 $520 | $490 $490 | $0.00 $5,635.00 |
| John M. Spires | Partner | Business Restructuring | 10/1/06 | $5,076.00 $693.00 | 14.10 1.80 | 1 | $360 $385 | $360 $360 | $5,076.00 $648.00 |
| Lee Stautberg | Partner | Tax | 11/8/93 | 0.00 $275.00 | 0 0.50 | 1 | $525 $550 | $525 $525 | $0.00 $262.50 |
| Noah J. Stern | Partner | Tax | 11/8/99 | $0.00 $190.00 | 0 0.40 | 1 | $445 $475 | $445 $445 | $0.00 $178.00 |
| James W. Thweatt, III | Partner | Employee Benefits | 6/1/2000 | $0.00 $3,053.00 | 0 7.10 | 1 | $400 $430 | $400 $400 | $0.00 $2,840.00 |
| Joan M. | Partner | Workers' | 11/12/86 | $0.00 | 0 | 1 | $475 | $475 | $0.00 |

[13] This line item reflects Ms. Lewis' hourly rate for non-working travel which is billed at 50% of Ms. Lewis' standard billing rate.

| Verchot | | Compensation | | $2,475.00 | 5.00 | | $495 | $475 | $2,375.00 |
|---|---|---|---|---|---|---|---|---|---|
| Faith C. Whittaker | Partner | Employment | 11/5/2007 | $0.00 | 0 | 1 | $375 | $375 | $0.00 |
| | | | | $400.00 | 1.00 | | $400 | $375 | $375.00 |
| Vladimir P. Belo | Of Counsel | Commercial Litigation | | $3,187.50 | 8.50 | 0 | $375 | $375 | $3,187.50 |
| | | | | $0.00 | 0 | | $375 | $375 | $0.00 |
| Steven R. Chadwick | Of Counsel | Real Estate | 10/1/06 | $4,268.00 | 8.80 | 0 | $485 | $485 | $4,268.00 |
| | | | | $1,843.00 | 3.80 | | $485 | $485 | $1,843.00 |
| Aimee M. Stern | Of Counsel | Workers' Compensation | 5/28/97 | $25,921.00 | 112.70 | 1 | $230 | $230 | $25,921.00 |
| | | | | $94,681.50 | 371.30 | | $255 | $230 | $85,399.00 |
| Leslie G. Wolfe | Of Counsel | Environmental | 11/20/2000 | $0.00 | 0 | 1 | $320 | $320 | $0.00 |
| | | | | $5,899.50 | 17.10 | | $345 | $320 | $5,472.00 |
| Jessica Spencer Benedict | Associate | Tort | | $0.00 | 0.00 | 1 | $245 | $245 | $0.00 |
| | | | | $586.50 | 2.30 | | $255 | $245 | $563.50 |
| Sam G. Brinker | Associate | Real Estate | 11/16/2015 | $0.00 | 0 | 1 | $290 | $290 | $0.00 |
| | | | | $806.00 | 2.60 | | $310 | $290 | $754.00 |
| Andrew J. Chamberlain | Associate | Business Acquisitions and Securities | 8/28/2014 | $0.00 | 0 | 1 | $290 | $290 | $0.00 |
| | | | | $224.00 | 0.70 | | $320 | $290 | $203.00 |
| Byron D. Collier | Associate | Real Estate | 10/24/2013 | $0.00 | 0 | 1 | $285 | $285 | $0.00 |
| | | | | $104,310.00 | 347.70 | | $300 | $285 | $99,094.50 |
| P. Danielle Cortez | Associate | Business Acquisitions and Securities | Pending | $0.00 | 0 | 1 | $270 | $270 | $0.00 |
| | | | | $15,876.00 | 56.70 | | $280 | $270 | $15,309.00 |
| Melissa N. Fann | Associate | Public Policy | 10/18/2018 | $0.00 | 0 | 1 | $275 | $275 | $0.00 |
| | | | | $464.00 | 1.60 | | $290 | $275 | $440.00 |
| Andrew M. Gammill | Associate | Real Estate | 11/4/2013 | $0.00 | 0 | 1 | $305 | $305 | $0.00 |
| | | | | $1,775.00 | 5.00 | | $355 | $305 | $1,525.00 |
| Mark J. Gayetsky | Associate | Business Acquisitions and Securities | 11/13/2018 | $0.00 | 0 | 1 | $270 | $270 | $0.00 |
| | | | | $1,624.00 | 5.60 | | $290 | $270 | $1,513.00 |

8

| Name | Title | Department | Date | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Alex M. Greenberg | Associate | Litigation | 10/25/2012 | $0.00 | 0 | 1 | $280 | $280 | $0.00 |
| | | | | $4,950.00 | 16.50 | | $300 | $280 | $4,620.00 |
| Leon A. Hampton | Associate | Business Acquisitions and Securities | Pending | $0.00 | 0 | 1 | $260 | $260 | $0.00 |
| | | | | $7,209.00 | 26.70 | | $270 | $260 | $6,942.00 |
| Nina L. Hanson | Associate | Commercial Litigation | 11/1/08 | $320.00 | 1.0 | 0 | $320 | $320 | $320.00 |
| | | | | $0.00 | 0 | | $320 | $320 | $0.00 |
| Adam T. Harlow | Associate | Business Acquisitions and Securities | 10/14/2014 | $0.00 | 0 | 1 | $270 | $270 | $0.00 |
| | | | | $13,253.00 | 45.70 | | $290 | $270 | $12,339.00 |
| Raymond L. Harrell, Jr. | Associate | Labor & Employment | 9/21/16 | $800.00 | 3.20 | 0 | $250 | $250 | $800.00 |
| | | | | $0.00 | 0 | | $250 | $250 | $0.00 |
| Ian G. Henry | Associate | Commercial Finance & Banking | 10/1/2014 | $0.00 | 0 | 1 | $270 | $270 | $0.00 |
| | | | | $10,440.00 | 36.00 | | $290 | $270 | $9,720.00 |
| Alexandra S. Horwitz | Associate | Business Restructuring | 11/13/17 | $43,254.00 | 160.20 | 1 | $270 | $270 | $43,254.00 |
| | | | | $154,599.00 | 533.10 | | $290 | $270 | $143,937.00 |
| Alexandra S. Horwitz[14] | Associate | Business Restructuring | 11/13/17 | $567.00 | 4.20 | 1 | $135 | $135 | $567.00 |
| | | | | $1,798.00 | 12.40 | | $145 | $135 | $1,674.00 |
| Matthew Ingram | Associate | Business Acquisitions and Securities | 11/7/2016 | $0.00 | 0 | 1 | $275 | $275 | $0.00 |
| | | | | $2,190.00 | 7.30 | | $300 | $275 | $2,007.50 |
| Sara A. Johnston | Associate | Business Restructuring | 10/1/2015 | $0.00 | 0 | 0 | $275 | $275 | $0.00 |
| | | | | $21,367.50 | 77.70 | | $275 | $275 | $21,367.50 |

---

[14] This line item reflects Ms. Horwitz's hourly rate for non-working travel which is billed at 50% of Ms. Horwitz's standard billing rate.

| Christopher M. Jones | Associate | Employment | 10/19/11 | $2,244.00 | 6.60 | 1 | $340 | $340 | $2,244.00 |
| | | | | $19,836.00 | 55.10 | | $360 | $340 | $18,734.00 |
| Lauren K. Levenson | Associate | Commercial Litigation | 10/25/19 | $486.00 | 1.80 | 1 | $270 | $270 | $486.00 |
| | | | | $2,604.00 | 9.30 | | $280 | $270 | $2,511.00 |
| J. Michael Prascik | Associate | Commercial Litigation | 9/24/02 | $72.00 | 0.40 | 1 | $180 | $180 | $72.00 |
| | | | | $260.00 | 1.30 | | $200 | $180 | $234.00 |
| Madison A. Rittley | Associate | Business Acquisitions and Securities | 11/12/19 | $52.00 | 0.20 | 1 | $260 | $260 | $52.00 |
| | | | | $0.00 | 0 | | $270 | $260 | $0.00 |
| Julia M. Scheinberg | Associate | Litigation | 10/13/2016 | $0.00 | 0 | 1 | $285 | $285 | $0.00 |
| | | | | $244.00 | 0.80 | | $305 | $285 | $228.00 |
| Patrick Schlembach | Associate | Business Acquisitions and Securities | | $0.00 | 0 | 0 | $305 | $305 | $0.00 |
| | | | | $25,010.00 | 82.00 | | $305 | $305 | $25,010.00 |
| Brittany K. Skibowski | Associate | Real Estate | 11/13/2018 | $0.00 | 0 | 1 | $260 | $260 | $0.00 |
| | | | | $392.00 | 1.40 | | $280 | $260 | $364.00 |
| Clayton J. Smith | Associate | Commercial Litigation | Pending | $0.00 | 0 | 1 | $260 | $260 | $0.00 |
| | | | | $2,241.00 | 8.30 | | $270 | $260 | $2,158.00 |
| Marcie Solomon | Associate | Business Acquisitions and Securities | | $0.00 | 0 | 0 | $295 | $295 | $0.00 |
| | | | | $914.50 | 3.10 | | $295 | $295 | $914.50 |
| Melissa Spievack | Associate | Business Acquisitions and Securities | 11/21/2011 | $0.00 | 0 | 1 | $335 | $335 | $0.00 |
| | | | | $40,762.50 | 108.70 | | $375 | $335 | $36,414.50 |
| Jeffrey M. Stacko | Associate | Commercial Litigation | 11/1/2012 | $0.00 | 0 | 1 | $285 | $285 | $260 |
| | | | | $91.50 | 0.30 | | $305 | $285 | $85.50 |

| Bradley M. Thompson | Associate | Business Acquisitions and Securities | 10/25/2019 | $0.00 | 0 | 1 | $260 | $260 | $0.00 |
| | | | | $4,455.00 | 16.50 | | $270 | $260 | $4,290.00 |
| Michael A. Xavier | Associate | Commercial Litigation | 11/13/2017 | $0.00 | 0 | 1 | $285 | $285 | $0.00 |
| | | | | $101,650.50 | 322.70 | | $315 | $285 | $91,969.50 |
| David A. Zulandt | Associate | Commercial Litigation | 11/1/16 | $1,107.00 | 4.10 | 1 | $270 | $270 | $1,107.00 |
| | | | | $32,676.00 | 116.70 | | $280 | $270 | $31,509.00 |
| **Totals for Attorneys:** | | | | **$2,522,368.50** | **6,357.5** | | | | |

| Paraprofessional Name | Position | Department | Date of Admission | Fees Billed In this Application | Hours Billed In this Application | Number of Rate Increases | Hourly Rate Billed In this Application | In the First Interim Application | Fees Billed In this Application at First Interim Application Billing Rate |
|---|---|---|---|---|---|---|---|---|---|
| Brenda M. Cleveland | Paralegal | Commercial Litigation | N/A | $2,376.00 | 13.20 | 0 | $180 | $180 | $2,376.00 |
| | | | | $3,366.00 | 18.70 | | $180 | $180 | $3,366.00 |
| Gregory S. Hribik | Paralegal | Torts | N/A | $107.50 | 0.50 | 0 | $215 | $215 | $107.50 |
| | | | | $0.00 | 0 | | $215 | $215 | $0.00 |
| Annette J. Javorsky | Paralegal | Real Estate | N/A | $0.00 | 0 | 1 | $130 | $130 | $0.00 |
| | | | | $32,160.00 | 214.40 | | $150 | $130 | $27,872.00 |
| Mary R. Ontko | Paralegal | Workers' Compensation | N/A | $39,889.50 | 275.10 | 1 | $145 | $145 | $39,889.50 |
| | | | | $159,650.00 | 1030.00 | | $155 | $145 | $149,350.00 |
| Shelly L. Raines | Senior eDiscovery Analyst | eDiscovery | N/A | $704.00 | 4.40 | 0 | $160 | $160 | $704.00 |
| | | | | $0.00 | 0 | | $160 | $160 | $0.00 |
| Kelly J. Schoolcraft | Paralegal | Labor & Employment | N/A | $741.00 | 3.80 | 1 | $195 | $195 | $741.00 |
| | | | | $16,422.00 | 78.20 | | $210 | $195 | $15,249.00 |
| Alyson D. Smith | Paralegal | Commercial Finance & Banking | N/A | $0.00 | 0 | 1 | $180 | $180 | $0.00 |
| | | | | $2,772.00 | 13.20 | | $210 | $180 | $2,376.00 |

| Jeffrey L. Combs | eDiscovery Analyst | eDiscovery | N/A | $0.00 | 0 | 0 | $170 | $170 | $0.00 |
|---|---|---|---|---|---|---|---|---|---|
| | | | | $2,958.00 | 17.40 | | $170 | $170 | $2,958.00 |

| **Total for Non-Attorneys:** | **$261,146.00** | **1,668.90** |
|---|---|---|
| **Subtotal for all Timekeepers:** | **$2,783,514.50** | **8026.40** |
| **Voluntary Reductions:** | **$3,785.00** | **---** |
| **Voluntary Reductions based on Agreement with Fee Examiner:** | **$31,082.40** | |
| **Grand Total:** | **$2,748,647.10** | **8026.40** |

Dated: October 10, 2020
Cincinnati, Ohio


*/s/ Kim Martin Lewis*
Kim Martin Lewis (0043533)
Travis M. Bayer (admitted *pro hac vice*)
Alexandra S. Horwitz (0096799)
**DINSMORE & SHOHL LLP**
255 East Fifth Street
Suite 1900
Cincinnati, Ohio  45202
Telephone:  (513) 977-87200
Facsimile:  (513) 977-8141
Email: kim.lewis@dinsmore.com
        travis.bayer@dinsmore.com
        allie.horwitz@dinsmore.com

*Co-Counsel for the Debtors and Debtors in Possession*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| MURRAY ENERGY HOLDINGS CO., *et al.*,[1] | ) | Case No. 19-56885 (JEH) |
| | ) | |
| | ) | Judge John E. Hoffman, Jr. |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

**SECOND INTERIM AND FINAL FEE APPLICATION OF DINSMORE & SHOHL LLP,
ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION, FOR
ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES
INCURRED DURING (I) THE SECOND INTERIM PERIOD FROM MARCH 1, 2020
THROUGH AND INCLUDING AUGUST 31, 2020, AND (II) THE FINAL FEE PERIOD
FROM OCTOBER 29, 2019 THROUGH AND INCLUDING AUGUST 31, 2020**

Dinsmore & Shohl LLP ("Dinsmore"), co-counsel for the above-captioned debtors and

debtors in possession (collectively, the "Debtors"), hereby submits its second interim and final

fee application (this "Fee Application") pursuant to sections 330 and 331 of title 11 of the United

States Code (the "Bankruptcy Code"), Rules 2014(a) and 2016(a) of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-1 of the Local Rules of Bankruptcy

Practice and Procedure in the United States Bankruptcy Court for the Southern District of Ohio

(the "Local Rules"), General Order 30-3 Regarding Complex Chapter 11 Cases in the United

States Bankruptcy Court, Southern District of Ohio (the "General Order"), the *Order Authorizing

the Retention and Employment of Dinsmore & Shohl LLP as Attorneys to the Debtors and

Debtors in Possession Effective* Nunc Pro Tunc *to the Petition Date* [Docket No. 398] (the

---

[1] Due to the large number of Debtors in these chapter 11 cases, for which joint administration has been approved, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. Such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.primeclerk.com/MurrayEnergy. The location of Debtor Murray Energy Holdings Co.'s principal place of business and the Debtors' service address in these chapter 11 cases is 46226 National Road, St. Clairsville, Ohio 43950.

"Retention Order"), and the *Second Amended Order Implementing Certain Notice and Case Management Procedures* [Docket No. 1103] (the "Case Management Order"), for allowance of compensation (i) for professional services provided in the amount of $2,179,488.00 and reimbursement of actual and necessary expenses in the amount of $19,967.37 that Dinsmore incurred for the period from March 1, 2020 through August 31, 2020 (the "Second Interim Fee Period"), and (ii) for professional services provided in the amount of $2,748,647.10 and reimbursement of actual and necessary expenses in the amount of $67,615.19 that Dinsmore incurred for the period from October 29, 2019 through August 31, 2020 (the "Fee Period"). In support of this Fee Application, Dinsmore submits the declaration of Kim Martin Lewis, Esq., a partner at Dinsmore (the "Lewis Declaration"), which is attached hereto as **Exhibit A** and incorporated by reference. In further support of this Fee Application, Dinsmore respectfully states as follows.

## Jurisdiction

1.      The United States Bankruptcy Court for the Southern District of Ohio, Western Division (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief requested herein are Bankruptcy Code sections 330 and 331, Bankruptcy Rule 2014 and 2016, Local Rule 2016-1, and the General Order.

## Background

4.      On October 29, 2019 (the "Petition Date"), the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Until the effective date of the

Plan, the Debtors operated their business and managed their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On November 1, 2019, the Court entered that certain *Order (I) Directing Joint Administration of Chapter 11 Cases and (II) Granting Related Relief* [Docket No. 112], authorizing the joint administration and procedural consolidation of the Debtors' chapter 11 cases pursuant to Bankruptcy Rule 1015(b).

5.      On November 7, 2019, the United States Trustee for the Southern District of Ohio (the "U.S. Trustee"), appointed an official committee of unsecured creditors pursuant to Section 1102 of the Bankruptcy Code (the "UCC") [*See* Docket No. 168].

6.      On March 17, 2020, the Court entered the *Order Appointing Fee Examiner and Establishing Related Procedures for the Review of Applications of Retained Professionals* [Docket No. 1065] (the "Fee Examiner Order").

7.      On August 31, 2020, the Court entered that certain *Findings of Fact, Conclusions of Law, and Order Confirming Debtors' Second Amended Joint Plan Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 2135] (the "Confirmation Order") whereby the Court confirmed the *Debtors' Second Amended Joint Plan Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 2082] (the "Plan").

8.      On September 16, 2020, the effective date of the Plan occurred as set forth in the *Notice of (I) Entry of Confirmation Order, (II) Occurrence of Effective Date, and (III) Related Bar Dates* [Docket No. 2172].

## Preliminary Statement

9.      The Debtors' chapter 11 cases were a tremendous success.  The Debtors commenced these chapter 11 cases to deleverage their balance sheet, preserve thousands of

jobs, address their legacy liabilities, and maximize stakeholder recoveries. Over 11 months, the Debtors accomplished each of these goals and more, and ultimately received Court approval of a going-concern sale of the Debtors' business pursuant to the Plan. The Plan was the product of hard fought, good faith negotiations among the Debtors and many of their key stakeholders and was a significant achievement, despite a highly stressed market exacerbated by a persistent global pandemic.

10. Dinsmore, as co-counsel to the Debtors, represented the Debtors professionally and diligently during these chapter 11 cases, advising on a wide variety of complex restructuring, corporate, and litigation matters and issues with a focus on allowing the Debtors to emerge from bankruptcy substantially deleveraged as a going concern. Dinsmore's representation maximized the value of the Debtors' estates for the benefit of all stakeholders and was critical to the Debtors' successful emergence from chapter 11.

11. The significant successes accomplished in these complex, contentious, and lengthy chapter 11 cases could not have been accomplished without the efforts of the Debtors' advisors, including Dinsmore. Therefore, given the numerous contested matters, complexities of the Debtors' restructuring, and the ultimate consensus that was achieved, Dinsmore respectfully submits that the compensation and expense reimbursement sought herein for the necessary and beneficial professional services Dinsmore provided to the Debtors during the Fee Period is reasonable and appropriate, and should be approved.

## The Debtors' Retention of Dinsmore

12. On December 11, 2019, the Court entered the Retention Order, a copy of which is attached hereto as **Exhibit B**, appointing Dinsmore as co-counsel for the Debtors along with Kirkland & Ellis LLP and Kirkland & Ellis International LLP (collectively,

"K&E").

13. The Retention Order authorizes Dinsmore to provide the following legal services to the Debtors:

a) Assist Kirkland in advising the Debtors with respect to their powers and duties as debtors in possession in the continued management and operation of their businesses and properties;

b) Assist Kirkland in advising and consulting on the conduct of these chapter 11 cases, including all of the legal and administrative requirements of operating in chapter 11;

c) Assist Kirkland in attending meetings and negotiating with representatives of creditors and other parties-in-interest;

d) Assist Kirkland in taking all necessary actions to protect and preserve the Debtors' estates, including prosecuting actions on the Debtors' behalf, defending any action commenced against the Debtors, and representing the Debtors in negotiations concerning litigation in which the Debtors are involved, including objections to claims filed against the Debtors' estates;

e) Assist Kirkland in preparing pleadings in connection with these chapter 11 cases, including motions, applications, answers, orders, reports, and papers necessary or otherwise beneficial to the administration of the Debtors' estates;

f) Assist Kirkland in representing the Debtors in connection with obtaining authority to continue using cash collateral and post-petition financing;

g) Assist Kirkland in advising the Debtors in connection with any potential sale of assets;

h) Assist Kirkland in appearing before the Court and any appellate courts to represent the interests of the Debtors' estates;

i) Assist Kirkland in advising the Debtors regarding tax matters;

j) Assist Kirkland in taking any necessary action on behalf of the Debtors to negotiate, prepare, and obtain approval of a disclosure statement and confirmation of a chapter 11 plan and all documents related thereto;

k) Assist Kirkland in performing all other necessary legal services for the Debtors in connection with the prosecution of these chapter 11 cases, including: (i) analyzing the Debtors' leases and contracts and the assumption and assignment or rejection thereof; (ii) analyzing the validity of liens against the Debtors; and (iii) advising the Debtors on corporate and litigation matters; and

l) Continue to provide non-bankruptcy litigation services, including representation in workers' compensation and federal black lung cases, Dinsmore previously performed for the Debtors.

14. The Retention Order further authorizes the Debtors to (i) compensate and reimburse Dinsmore in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the General Order, and the Case Management Order, (ii) compensate Dinsmore at Dinsmore's hourly rates charged for services of this type, and (iii) reimburse Dinsmore for actual and necessary out-of-pocket expenses incurred, subject to application to this Court. The particular terms of Dinsmore's engagement are detailed in the engagement letter by and between Dinsmore and the Debtors, effective as of October 24, 2019 and attached hereto as **Exhibit C** (the "Engagement Letter").

15. As required pursuant to the Retention Order, Dinsmore submitted that certain (i) *Notice of First Monthly Fee Statement of Dinsmore & Shohl LLP for Allowance of Administrative Claim for Compensation and Reimbursement of Expenses Incurred from October 29, 2019 Through November 30, 2019* [Docket No. 752] (the "First Monthly Fee Statement"); (ii) *Notice of Second Monthly Fee Statement of Dinsmore & Shohl LLP for Allowance of Administrative Claim for Compensation and Reimbursement of Expenses Incurred from December 1, 2019 Through December 31, 2019* [Docket No. 853] (the "Second Monthly Fee Statement"); (iii) *Notice of Third Monthly Fee Statement of Dinsmore & Shohl LLP for Allowance of Administrative Claim for Compensation and Reimbursement of Expenses Incurred from January 1, 2020 Through January 31, 2020* [Docket No. 1067] (the "Third Monthly Fee Statement"); (iv) *Notice of Fourth Monthly Fee Statement of Dinsmore & Shohl LLP for Allowance of Administrative Claim for Compensation and Reimbursement of Expenses Incurred from February 1, 2020 Through February 29, 2020* [Docket No. 1144] (the "Fourth Monthly Fee Statement"; (v) *Notice of Fifth Monthly Fee Statement of Dinsmore & Shohl LLP for Allowance of Administrative Claim for Compensation and Reimbursement of Expenses Incurred from March 1, 2020 Through March 31, 2020* [Docket No. 1462] (the "Fifth Monthly Fee Statement"; (vi) *Notice of Sixth Monthly Fee Statement of Dinsmore & Shohl LLP for Allowance of Administrative Claim for Compensation and Reimbursement of Expenses Incurred from April 1, 2020 Through April 30, 2020* [Docket No. 1645] (the "Sixth Monthly Fee Statement"); (vii) *Notice of Seventh Monthly Fee Statement of Dinsmore & Shohl LLP for Allowance of Administrative Claim for Compensation and Reimbursement of Expenses Incurred from May 1, 2020 Through May 31, 2020* [Docket No. 1785] (the "Seventh Monthly Fee Statement"); (viii) *Notice of Eighth Monthly Fee Statement of Dinsmore & Shohl LLP for Allowance of*

20

*Administrative Claim for Compensation and Reimbursement of Expenses Incurred from June 1, 2020 Through June 30, 2020* [Docket No. 1911] (the "Eighth Monthly Fee Statement"); (iv) *Notice of Ninth Monthly Fee Statement of Dinsmore & Shohl LLP for Allowance of Administrative Claim for Compensation and Reimbursement of Expenses Incurred from July 1, 2020 Through July 31, 2020* [Docket No. 2144] (the "Ninth Monthly Fee Statement"); (x) *Notice of Tenth Monthly Fee Statement of Dinsmore & Shohl LLP for Allowance of Administrative Claim for Compensation and Reimbursement of Expenses Incurred from August 1, 2020 Through August 31, 2020* [Docket No. 2212] (the "Tenth Monthly Fee Statement" and collectively with the First Monthly Fee Statement, the Second Monthly Fee Statement, the Third Monthly Fee Statement, the Fourth Monthly Fee Statement, the Fifth Monthly Fee Statement, the Sixth Monthly Fee Statement, the Seventh Monthly Fee Statement, the Eighth Monthly Fee Statement, the Ninth Monthly Fee Statement, the "Fee Statements" or, each individually, a "Fee Statement").

16.   As also required pursuant to the Retention Order, on April 17, 2020, Dinsmore submitted that certain *First Interim Fee Application of Dinsmore & Shohl LLP, Attorneys for the Debtors and Debtors in Possession for Allowance of Compensation and Reimbursement of Expenses Incurred from October 29, 2020 Through and Including February 29, 2020* [Docket No. 1289] (the "First Interim Fee Application").

17.   On June 1, 2020, the Court entered that certain *Order Allowing Interim Compensation for Services Rendered and Reimbursement of Expenses of the Retained Professionals for the Period from October 29, 2002 Through February 29, 2020* [Docket No. 1611] (the "Interim Fee Order"), pursuant to which the court granted the relief sought in the First Interim Fee Application.

## Disinterestedness of Dinsmore

18.   To the best of the Debtors' knowledge and as disclosed in the *Declaration of Kim Martin Lewis in Support of the Debtors' Application for the Entry of an Order Authorizing the Retention and Employment of Dinsmore & Shohl LLP as Attorneys for the Debtors and Debtors in Possession Effective* Nunc Pro Tunc *to the Petition Date* [Docket No. 213, Ex. B], as such has been supplemented by the (i) *First Amended Declaration of Kim Martin Lewis in Support of Debtors' Application for Entry of an Order Authorizing Retention and Employment of Dinsmore & Shohl LLP as Attorneys for the Debtors and Debtors in Possession Effective* Nunc Pro Tunc *to the Petition Date* [Docket No. 349], (ii) *First Supplemental Declaration of Kim Martin Lewis in Support of the Debtors' Application for the Entry of an Order Authorizing the Retention and Employment of Dinsmore & Shohl LLP as Attorneys for the Debtors and Debtors in Possession Effective* Nunc Pro Tunc *to the Petition Date* [Docket No. 664], (iii) *Second Supplemental Declaration of Kim Martin Lewis in Support of the Debtors' Application for the Entry of an Order Authorizing the Retention and Employment of Dinsmore & Shohl LLP as Attorneys for the Debtors and Debtors in Possession Effective* Nunc Pro Tunc *to the Petition Date* [Docket No. 1145], and (iv) *Third Supplemental Declaration of Kim Martin Lewis in Support of the Debtors' Application for the Entry of an Order Authorizing the Retention and Employment of Dinsmore & Shohl LLP as Attorneys for the Debtors and Debtors in Possession Effective* Nunc Pro Tunc *to the Petition Date* [Docket No. 1789] (collectively, the "Dinsmore Declarations"), (a) Dinsmore is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent an interest adverse to the Debtors' estates, and (b) Dinsmore has no connection to the Debtors, their creditors, or other parties-in-interest, except as has been disclosed in the Dinsmore Declarations.

19. Dinsmore may have in the past represented, may currently represent, and likely in the future will represent parties-in-interest in connection with matters unrelated to the Debtors in these chapter 11 cases. In the Dinsmore Declarations, Dinsmore disclosed its connections to parties-in-interest that it has been able to ascertain using its reasonable efforts.

20. Dinsmore performed the services for which it is seeking compensation on behalf of the Debtors and their estates, and not on behalf of any committee, creditor, or other entity.

21. Except to the extent of the advance payments paid to Dinsmore which were previously disclosed to this Court in the Dinsmore Declarations, Dinsmore has received no payment and no promises for payment from any source other than the Debtors for services provided or to be provided in any capacity whatsoever in connection with these chapter 11 cases.

22. Pursuant to Bankruptcy Rule 2016(b), Dinsmore has not shared, nor has Dinsmore agreed to share (i) any compensation it has received or may receive with another party or person other than with the partners, counsel, and associates of Dinsmore, or (ii) any compensation another person or party has received or may receive.

### Summary of Compliance with Professional Compensation and Reimbursement of Expenses Provisions in the Case Management Order

23. As it relates to the entire Fee Period, Dinsmore hereby seeks final compensation for professional services rendered to the Debtors in the amount of $2,748,647.10 and reimbursement of actual and necessary expenses incurred in connection with providing such services in the amount of $67,615.19. During the Fee Period, Dinsmore attorneys and other legal professionals expended a total of 8,026.40 hours of work for which compensation is requested.

24. As of the date hereof, in connection with services provided during the entire Fee Period, Dinsmore has received payments totaling $2,033,853.40 ($1,972,890.31 of which was for services provided and $60,963.09 of which was for reimbursement of expenses) for the Fee

Period. Accordingly, by this Fee Application, and to the extent such amounts have not been paid by the time of the hearing on this Fee Application, Dinsmore seeks payment of the remaining $782,408.89, which amount represents the entire amount of unpaid fees and expenses incurred between October 29, 2019 and August 31, 2020.[2] [3]

25. This Fee Application has been prepared in accordance with the Case Management Order and the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. Section 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013* (the "Revised UST Guidelines").

**Fees and Expenses Incurred During Fee Period**

**A.     Customary Billing Disclosures.**

26. Dinsmore's hourly rates are designed to compensate Dinsmore fairly for the work of its attorneys and other legal professionals and to cover fixed and routine expenses. Rates vary with the experience, seniority and expertise of the individual professionals engaged in connection with these chapter 11 cases. These hourly rates are subject to periodic adjustments, without further notice to the Court or any other entity, to reflect economic and other conditions. The rate structure provided by Dinsmore is appropriate and not significantly different from (i) the rates that Dinsmore charges for other similar types of representations, or (ii) the rates that other comparable counsel would charge to do work substantially similar to the work Dinsmore will perform in these chapter 11 cases. For the convenience of the Court and all parties-in-interest, attached hereto as **Exhibit D** is Dinsmore's consolidated budget and staffing plan for the

---

[2] This amount reflects the holdback for both fees and expenses set forth in each of the Fifth Monthly Fee Statement, Sixth Monthly Fee Statement, Seventh Monthly Fee Statement, Eighth Monthly Fee Statement, Ninth Monthly Fee Statement, and 100% of the fees and expenses set forth in the Tenth Fee Statement which have not yet been paid.

[3] In connection with Dinsmore's retention, the Debtors paid Dinsmore a restructuring retainer (the "Retainer"). The current amount of the Retainer is $196,236.89. The Retainer has not been replenished during the pendency of these chapter 11 cases. Dinsmore will offset the Retainer against the fees and expenses approved pursuant to this Fee Application.

Fee Period, including the Second Interim Fee Period, and attached hereto as **Exhibit E** is a summary of blended hourly rates for timekeepers who (i) billed to matters related to these chapter 11 cases during the Fee Period, and (ii) billed to Non-Bankruptcy Matters (as defined in **Exhibit E**) during the Fee Period. Also included on **Exhibit E** is the blended hourly rate of all Dinsmore attorneys and legal professionals during the Fee Period.

**B.     Fees Incurred During Fee Period.**

27.     In the ordinary course of Dinsmore's practice, Dinsmore maintains records of the time expended to render the legal services required by the Debtors and their estates. For the convenience of the Court and all parties-in-interest, attached hereto as **Exhibit F** is a summary of fees incurred and hours expended during the Fee Period, setting forth the following information:

- the name of each attorney and other legal professional for whose work on these chapter 11 cases compensation is sought;

- each attorney's year of bar admission and area of practice concentration;

- the aggregate time expended and fees billed by each attorney and each other legal professional during the Fee Period;

- the hourly billing rate for each attorney and each other legal professional at Dinsmore's current billing rates;

- the hourly billing rate for each attorney and each other legal professional as disclosed in this first interim application;

- the number of rate increases since the inception of the case; and

- a calculation of total compensation requested using the rates disclosed in the Retention Order.

**C.     Expenses Incurred During Fee Period.**

28.     In the ordinary course of Dinsmore's practice, Dinsmore maintains a record of expenses incurred in the rendition of the other legal professional services required by the Debtors and their estates and for which reimbursement is sought. Dinsmore currently charges for

identifiable, non-overhead expenses incurred in connection with the client's case that would not
have been incurred except for the representation of that particular client which include, but are
not limited to, photocopying ($0.10 per page), witness fees, filing and recording fees, overnight
mail, courier delivery, transportation, computer-assisted legal research, airfare, meals, lodging
and other travel expenses. It is also Dinsmore's policy to charge clients only the amount actually
incurred by Dinsmore in connection with such aforementioned expenses. Dinsmore believes that
it is equitable to charge these expenses to the particular client rather than increasing the hourly
rates and spreading the expenses among other clients.

29.     For the convenience of the Court and all parties-in-interest, attached hereto as
**Exhibit G** is a summary setting forth the total amount of reimbursement sought with respect to
each category of expenses for which Dinsmore is seeking reimbursement for the Fee Period.

<u>**Summary of Legal Services Rendered During the Fee Period**</u>

30.     During the Fee Period, Dinsmore provided extensive and important professional
services to the Debtors in connection with these chapter 11 cases. These services were often
performed under severe time constraints and were necessary to address a multitude of critical
issues both unique to these chapter 11 cases and typically faced by large corporate debtors in
similar cases of this magnitude and complexity.

31.     To provide a meaningful summary of Dinsmore's services provided on behalf of
the Debtors and their estates, Dinsmore has established, in accordance with its internal billing
procedures, certain subject matters categories (each, a "<u>Matter Category</u>") in connection with
these chapter 11 cases. The following is a summary of the fees and hours billed for each Matter
Category in the Fee Period as compared to the projected fees and hours billed as provided in the
budget and staffing plan:

| Matter Number | Project Category Description | Hours | | Total Compensation | |
|---|---|---|---|---|---|
| | | Budgeted | Billed | Budgeted | Billed |
| 1 | Restructuring | 0 | 34.10 | $0.00 | $15,713.00 |
| 3 | Asset Analysis and Recovery | 160 | 0 | $60,101.30 | $0.00 |
| 4 | Asset Disposition | 830 | 711.60 | $306,722.50 | $267,955.50 |
| 5 | Assumption and Rejection of Leases and Contracts | 325 | 62.60 | $132,642.25 | $26,601.50 |
| 6 | Avoidance Action Analysis | 30 | 0.00 | $12,243.90 | $0.00 |
| 7 | Budgeting (Case) | 52 | 14.60 | $20,150.00 | $6,237.00 |
| 8 | Business Operations | 342 | 46.10 | $107,512.60 | $21,869.00 |
| 9 | Case Administration | 3149 | 876.20 | $1,071,431.00 | $367,750.50 |
| 10 | Claims Administration and Objections | 648 | 1187.10 | $259,878.00 | $453,358.50 |
| 11 | Corporate Governance and Board Matters | 55 | 13.50 | $4,081.30 | $6,904.50 |
| 12 | Employee Benefits and Pensions | 151 | 14.40 | $47, 875.00 | $6,957.50 |
| 13 | Employment and Fee Applications | 275 | 241.90 | $108,362.50 | $105,632.50 |
| 14 | Employment and Fee Application Objections | 55 | 0.00 | $27,912.50 | $0.00 |
| 15 | Financing and Cash Collateral | 502 | 25.40 | $163,857.10 | $17,272.00 |
| 16 | Litigation | 153 | 36.80 | $57,853.65 | $24,159.00 |

| 17 | Non-Bankruptcy Litigation | 403 | 533.50 | $148,975.60 | $229,161.00 |
| 19 | Meetings and Communications with Creditors | 207 | 47.10 | $70,225.00 | $28,080.00 |
| 20 | Non-Working Travel | 57 | 36.40 | $20,203.25 | $8,628.50 |
| 21 | Plan and Disclosure Statement | 329 | 164.00 | $121,626.00 | $87,401.50 |
| 22 | Real Estate | 1821 | 1115.90 | $585,417.50 | $363,722.00 |
| 23 | Relief From Stay and Adequate Protection | 336 | 127.80 | $139,499.20 | $52,098.00 |
| 24 | Reporting (Schedules, SOFAs, MORs, etc.) | 101 | 31.70 | $33,162.60 | $14,103.00 |
| 25 | Tax | 55 | 0.00 | $20,659.65 | $0.00 |
| 26 | Valuation | 55 | 0.00 | $20,659.65 | $0.00 |
| 27 | Workers' Compensation Claims | 2079 | 1926.20 | $590,000.00 | $412,927.50 |
| 28 | Black Lung Claims | 821 | 310.90 | $212,750.00 | $83,086.50 |
| 235 | Labor & Employment | 0 | 19.30 | $0.00 | $11,907.00 |
| 236 | FOIA Requests | 45 | 63.10 | $15,187.50 | $24,991.50 |
| 247 | BAP | 105 | 3.00 | $42,853.65 | $957.00 |
| 249 | Oak Grove Purchase | 500 | 383.20 | $131,470.50 | $142,434.00 |
| **Totals** | | **13,641** | **8,026.40** | **$4,533,313.70** | **$2,779,908.00**[4] |

---

[4] This reflects the aggregate of all Fees by Matter plus $178.50. This additional $178.50 will not be collected by Dinsmore.

32.     The following is a summary, by Matter Category, of the most significant professional services provided by Dinsmore during the Fee Period. This summary is organized in accordance with Dinsmore's internal system of matter numbers. The detailed descriptions demonstrate that Dinsmore was heavily involved in performing services for the Debtors on a daily basis, often including night and weekend work, to meet the needs of the Debtors' estates in these chapter 11 cases. A schedule setting forth a description of the Matter Categories utilized in this case, the number of hours expended by Dinsmore partners, of counsel, associates, and other legal professionals by matter, and the aggregate fees associated with each matter is attached hereto as **Exhibit H**.

33.     In addition, detailed records of time expended providing professional services to the Debtors and their estates are attached hereto as **Exhibit I-1** to **Exhibit I-2**.

(a)     **Restructuring [Matter No. 1]**

> Total Fees:     $15,713.00
> Total Hours:    34.10

34.     This Matter Category includes time spent by Dinsmore attorneys and other legal professionals providing services relating to the filing of the Debtors' chapter 11 petitions and various "first day" pleadings and related notices during the initial days of these chapter 11 cases, including, without limitation:

(i)     reviewing the Debtors' petitions and "first day" motions, proposed orders, affidavits, and notices;

(ii)    filing the Debtor's petitions;

(iii)   organizing and delivering binders to the Court including all "first day" motions; and

(iv)    preparing for the "first day" hearing.

There was no time billed to this Matter Category during the Second Interim Fee Period.

**(b)**   **Asset Disposition [Matter No. 4]**

> Total Fees:    $267,955.50
> Total Hours:   711.60

35.   This Matter Category includes time spent by Dinsmore attorneys and other legal professionals providing services relating to the disposition of the Debtors' assets and the consummation of the sale of substantially all of the Debtors' assets to the stalking horse bidder (the "Sale"). Specifically, Dinsmore attorneys and other legal professionals spent time:

(i)   consulting on and analyzing the benefits of the potential sale of property owned by the Debtors;

(ii)   reviewing and replying to objections to bid procedures;

(iii)   negotiating, drafting motions, and obtaining court approval of de minimis asset sales outside of the ordinary course of Debtors' business;

(iv)   drafting, reviewing, and revising schedules to the Asset Purchase Agreement;

(v)   conferencing with purchaser's counsel and other interested parties regarding closing deliverables;

(vi)   drafting, reviewing, and revising ancillary sale documentation and corporate governance documentation, which included, but was not limited to, Contract Assignments, Copyright Assignments, General Assignments and Bills of Sale, Patent Assignments, Permit Transfer Agreements, Professional Fee Escrow Agreements, SAP License Agreements, Trademark Assignments, Transition Services Agreements, Officer Certificates, FIRPTA Certificates, post-emergence entity Shareholder Agreements, post-emergence entity Bylaws, and post-emergence entity Certificates of Designation;

(vii)   compiling documentation and responding to due diligence requests;

(viii)   negotiating the sale of Debtor owned barges and river operations and corresponding with various parties regarding Jones Act issues;

(ix)    completing the formation, incorporation, and qualification of buy-side entities;

(x)   compiling information and responding to 'Know Your Customer' requests;

(xi)   establishing mapping of transferee entities for permits and licenses;

(xii)    advising Debtors on regulatory issues arising from the consummation of the sale transaction, including, but not limited to the Jones Act; and

(xiii)   coordinating closing of the Sale.

**(c)    Assumption and Rejection of Leases and Contracts [Matter No. 5]**

Total Fees:    $26,601.50
Total Hours:   62.60

36.    This Matter Category includes time spent by Dinsmore attorneys and other legal professionals providing services relating to the assumption and assignment of various executory contracts and unexpired leases to which the Debtors were party. Specifically, Dinsmore attorneys and other legal professionals spent time:

(i)     reviewing and analyzing executory contracts and unexpired leases to determine treatment of same pre and post effective date;

(ii)    drafting motions related to assumption and assignment and/or rejection of executory contracts and unexpired leases;

(iii)   counseling and advising Debtors with respect to the effect and feasibility of assumption and assignment and/or rejection of certain executory contracts and unexpired leases; and

(iv)    corresponding with executory contract and unexpired lease counterparties regarding go-forward treatment of the relevant executory contracts and unexpired leases.

**(d)    Budgeting (Case) [Matter No. 7]**

Total Fees:    $6,237.00
Total Hours:   14.60

37.    This Matter Category includes time spent by Dinsmore attorneys and other legal professionals developing three (3) proposed budgets outlining all legal services to be performed in connection with these chapter 11 cases for the Fee Period and obtaining Debtor approval of same.

31

**(e)     Business Operations [Matter No. 8]**

Total Fees:     $21,869.00
Total Hours:   46.10

38.     This Matter Category includes time spent on creating and implementing a

cohesive strategy for maintaining business operations with minimal disruptions during the course

of the Debtors' chapter 11 cases. Specifically, Dinsmore attorneys and other legal professionals

spent time:

(i)     strategizing with K&E and the Debtors' other advisors regarding processes to
stabilize the business and ensure uninterrupted operations;

(ii)    consulting and advising Debtors as to the possible effect of certain proposed
federal and state legislation and recent Supreme Court decisions on the Debtors'
business operations;

(iii)   reviewing and responding to audit request; and

(iv)    consulting and advising Debtors as to the effects of state and local
recommendations and requirements related to COVID-19 and worker safety.

**(f)     Case Administration [Matter No. 9]**

Total Fees:     $367,750.50
Total Hours:   876.20

39.     This Matter Category includes time spent on a variety of tasks that are necessary

to ensure the efficient and smooth administration of legal services related to the Debtors' chapter

11 cases. Specifically, Dinsmore attorneys and legal professionals spent time:

(i)     coordinating, managing, and administering these chapter 11 cases on a
daily basis, including monitoring critical dates and maintaining a case
calendar, task lists, and work-in-progress reports;

(ii)    implementing and attending weekly and/or bi-weekly case status
conferences with Debtors' various professionals and/or internal attorneys
and legal professionals engaged with these chapter 11 cases to ensure
coordination of tasks;

(iii)   establishing procedures for case administration and docket monitoring;

(iv)     filing documents on the court docket;

(v)      ensuring compliance with the service and notice requirements of the
         Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the General
         Order, including coordinating service of pleadings and other related
         notices with Prime Clerk LLC ("Prime Clerk"), claims and noticing agent
         retained in these chapter 11 cases;

(vi)     ensuring compliance with all the other applicable requirements of the
         Bankruptcy Code, Bankruptcy Rules, Local Rules, the General Order, the
         Case Management Order, and orders or procedures issued by the Court;

(vii)    preparing for and attending omnibus and emergency hearings (both in
         person and telephonically);

(viii)   compiling and distributing exhibits and witness lists to the Court and
         counterparties in connection with evidentiary hearings;

(ix)     preparing notices of motions, proposed orders, exhibits, and schedules,
         and coordinating the delivery of such pleadings to the Court and to the
         U.S. Trustee in connection with numerous pleadings,;

(x)      establishing and implementing virtual hearing procedures for evidentiary
         and non-evidentiary hearings in light of the COVID-19 pandemic;

(xi)     corresponding with chambers and opposing counsel regarding the
         implementation of virtual hearing procedures in light of the COVID-19
         pandemic;

(xii)    reviewing Murray Metallurgical pleadings and other case filings to the
         extent they relate to Debtors or have an effect on the Debtors chapter 11
         cases; and

(xiii)   coordinating with K&E regarding various bankruptcy, corporate, and
         litigation matters.

40.     Time billed to this Matter Category also includes work and meetings related to
multiple matters such that the time cannot be easily allocated to one of the other matters as well
as telephonic attendance at various status conferences and meetings related to the administration
of these chapter 11 cases.

**(g)     Claims Administration and Objections [Matter No. 10]**

33

Total Fees:       $453,358.50
Total Hours:      1187.10

41.     This Matter Category includes time Dinsmore attorneys and other legal professionals spent on matters related to claims administration, claims objections, and claims-related issues. Specifically, Dinsmore attorneys and legal professionals spent time:

(i)      reviewing reclamation letters;

(ii)     reviewing, responding to, and negotiating settlements related to various applications for administrative expense claims;

(iii)    negotiating and establishing discovery and briefing schedules related to application for administrative expenses and claim objections;

(iv)     reviewing and analyzing secured, administrative, and priority claims filed on the claims register;

(v)      drafting objections to various secured, administrative, and priority claims filed on the claims register;

(vi)     corresponding with claimants regarding potential settlements of their claims;

(vii)    reviewing formal responses to Debtors' filed claim objections and drafting reply briefs in response;

(viii)   researching various state mechanic's lien statues and relevant case law as it relates to the Debtors' objection to certain mechanic's lien;

(ix)     reviewing mortgages, credit agreement documentation, and notices of liens to determine priority of certain mechanic's liens;

(xi)     corresponding with the plan administrator regarding pending claims objections and requests for application of administrative expenses; and

(xii)    drafting settlement agreements related to the settlement of claims issues.

**(h)     <u>Corporate Governance and Board Matters [Matter No. 11]</u>**

Total Fees:      $6,904.50
Total Hours:  13.50

34

42.     This Matter Category includes time Dinsmore attorneys and other legal professionals spent on matters related corporate governance. Specifically, Dinsmore attorneys and legal professionals spent time reviewing and responding to audit requests and attending Debtors' board meetings.

### (i)     Employee Benefits and Pensions [Matter No. 12]

Total Fees:     $6,957.50
Total Hours:  14.40

43.     This Matter Category includes time spent by Dinsmore attorneys and other legal professionals addressing employee benefit issues. Specifically, Dinsmore attorneys and legal professionals spent time:

(i)     reviewing documentation related to the Debtors' collective bargaining agreement;

(ii)    reviewing documentation, including but not limited to, motions regarding treatment of retiree benefits under the Coal Act;

(iii)   consulting on the appointment of a retiree committee, and

(iv)   reviewing issues related to disposition and conversion of employee benefits plans upon consummation of the Sale.

### (j)     Employment and Fee Applications [Matter No. 13]

Total Fees:     $105,632.50
Total Hours:  241.90

44.     This Matter Category includes time spent by Dinsmore attorneys and other legal professionals providing services related to the retention of Dinsmore as the Debtors' co-counsel, preparing the Retention Application, and preparing Dinsmore's Fee Statements, First Interim Fee Application and this Fee Applications. Specifically, Dinsmore and other legal professionals spent time:

(i)     preparing the *Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Dinsmore & Shohl LLP as Attorneys for the Debtors and Debtors in Possession Effective* Nunc Pro Tunc *to the Petition Date* [Docket No. 213] ("Dinsmore's Retention Application");

(ii)    preparing updated professional disclosures, including the Dinsmore Declarations;

(iii)   preparing the Fee Statements on a monthly basis;

(iii)   preparing the First Interim Fee Application and this Fee Application;

(iv)    reviewing and responding to information requests from the fee examiner appointed pursuant to the Fee Examiner Order;

(v)     distributing the Fee Statements to all Professional Fee Notice Parties as required in the Case Management Order;

(vi)    reviewing fee statements of other Debtors' professionals for compliance with local rules;

(vii)   corresponding with the fee examiner, U.S. Trustee, and other professionals regarding the filing schedule of required fee applications; and

(vii)   reviewing all time entries to ensure compliance with the Case Management Order and the applicable provisions of the Bankruptcy Code, and to make necessary redactions to preserve the confidentiality of the work performed for the Debtors.

**(k)    Financing and Cash Collateral [Matter No. 15]**

Total Fees:     $17,272.00
Total Hours:   25.40

45.    This Matter Category includes time spent by Dinsmore attorneys and other legal professionals negotiating and securing the consent and approval of the Debtors' use of cash collateral and obtaining post-petition financing during these chapter 11 cases.  Specifically, Dinsmore attorneys and other legal professionals spent time:

(i)     reviewing and replying to objections to the Debtors post-petition financing arrangements;

(ii)    reviewing and responding to motions requesting the enforcement of DIP FILO defaults; and

(iii)    reviewing documentation in the Murray Metallurgical case, including, but not limited to, the DIP Upsizing Motion, as they relate to Debtors' use of funds to support Murray Metallurgical.

### (l)    Litigation [Matter No. 16]

Total Fees:    $24,159.00
Total Hours:  36.80

46.    This Matter Category includes time spent by Dinsmore attorneys and other legal professionals providing services related to litigation, adversary proceedings, or other adversarial matters. Specifically, Dinsmore attorneys and other professionals spent time:

(i)    reviewing adversary complaints and the Debtors' responses thereto;

(ii)    working with K&E on a draft protective order, consistent with Local Rules and prevailing precedent;

(iii)    corresponding with opposing counsel regarding scheduling of adversary proceedings;

(iv)    reviewing and responding to adversary complaint discovery requests; and

(v)    preparing for and attending hearings related to adversary proceeding matters.

### (m)    Non-Bankruptcy Litigation [Matter No. 17]

Total Fees:    $229,161.00
Total Hours:  533.50

47.    This Matter Category includes time spent by Dinsmore attorneys and other legal professionals providing services relating to non-bankruptcy related litigation. Specifically, Dinsmore attorneys and other professionals spent time:

(i)    preparing and filing notices of automatic stay to be filed in pending state and federal court cases;

(ii)    advising Debtors as to the status of stayed matters pending in state and federal courts;

(iii)    conferencing with courts and opposing counsel related to the effect of the automatic stay on pending state and federal court litigation;

(iv)    proceeding with discovery, legal research, and motion practice on matters not subject to the automatic stay;

(v)    preparing for and attending Court ordered scheduling conferences, settlement conferences, and oral arguments on matters not subject to the automatic stay;

(vi)    reviewing documentation related to newly filed litigation in violation of the automatic stay; and

(vii)    preparing removal notices.

### (n)    Meetings and Communications With Creditors [Matter No. 19]

Total Fees:    $28,080.00
Total Hours:  47.10

48.    This Matter Category includes time spent by Dinsmore attorneys and other legal professionals responding to inquiries from creditors, stakeholders, and other parties-in-interest regarding the status of the Debtors' chapter 11 cases. Specifically, Dinsmore attorneys and other legal professionals spent time:

(i)    preparing for and attending the U.S. Trustee formation meeting;

(ii)    preparing for and attending the 341 Creditors Meeting; and

(iii)    responding to phone calls and emails from multiple creditors related to the status of the bankruptcy, the filing of a Proof of Claim form, assumed and rejected contracts, and treatment of their claims.

### (o)    Non-Working Travel Time [Matter No. 20]

Total Fees:    $8,628.50
Total Hours:  36.40

49.    This Matter Category includes time spent by Dinsmore attorneys and other legal professionals traveling in connection with their representation of the Debtors. Specifically, Dinsmore attorneys and other legal professionals spent time traveling from Cincinnati to

Columbus for omnibus and emergency hearings, and traveling from Pittsburgh to Greene County, Pennsylvania to attend court ordered status conferences in connection with non-bankruptcy litigation.  The amounts presented for review and the request for payment in this Fee Application reflect a reduction of 50% of the charges for all non-working travel time.

### (p)      Plan and Disclosure Statement [Matter No. 21]

Total Fees:      $87,401.50
Total Hours:    164.00

50.      This Matter Category includes time spent by Dinsmore attorneys and other legal professionals providing services related to developing a plan of reorganization and disclosure statement. Specifically, Dinsmore attorneys and other legal professionals spent time:

(i)      reviewing the Debtors' proposed plan of reorganization and disclosure statement and related schedules;

(ii)      reviewing objections filed to plan confirmation and the Sale;

(iii)      reviewing and advising on Debtors omnibus reply to objections to plan confirmation and the Sale;

(iv)      reviewing and revising the proposed confirmation order;

(v)      attending hearings related to the disclosure statement and plan confirmation; and

(vi)      coordinating with K&E regarding confirmation hearing logistics.

### (q)      Real Estate [Matter No. 22]

Total Fees:      $363,722.00
Total Hours:    1115.90

51.      This Matter Category includes time spent by Dinsmore attorneys and other legal professionals providing services and guidance related to real estate owned by the Debtors. Specifically, Dinsmore attorneys and other legal professionals spent time:

(i)     obtaining, reviewing and analyzing tax records, mapping information, deeds and other ownership information of public records for properties owned by the Debtors in order to verify ownership and tax assessment status prior to the transfer of said properties;

(ii)    corresponding with representatives from applicable local taxing authorities and recording offices for purposes of identifying and resolving ownership issues and outstanding tax liens for properties to be transferred by the Debtors;

(iii)   updating exhibits to the Asset Purchase Agreement to reflect accurate ownership of properties to be transferred by the Debtors in connection with the Sale;

(iv)    revising, as necessary, legal descriptions for properties to be transferred by the Debtors in connection with the Sale; and

(v)     preparing, reviewing, and revising deeds and accompanying exhibits necessary to transfer properties owned by the Debtors in connection with the Sale.

### (r)     Relief From Stay and Adequate Protection [Matter No. 23]

Total Fees:    $52,098.00
Total Hours:   127.80

52.     This Matter Category includes time spent by Dinsmore attorneys and other legal professionals providing services relating to the imposition of the automatic stay. Specifically, Dinsmore attorneys and other legal professionals spent time:

(i)     researching issues regarding adequate protection and removal;

(ii)    consulting with and advising non-bankruptcy attorneys regarding the effect of the automatic stay on pending state and federal cases;

(iii)   reviewing and analyzing motions for relief from stay and adequate protection filed by creditors, including obtaining background information from the Debtors;

(iv)    determining potential trial and related costs resulting from grant of relief from stay;

(v)     corresponding with opposing counsel regarding potential settlements on relief from stay and adequate protection motions;

(vi)    drafting objections to relief from stay and adequate protection motions;

(vii)   notifying courts and counterparties of grant of relief from stay;

(viii)   corresponding with Debtors' insurance carriers regarding potential indemnification and coverage; and

(ix)   drafting settlement documentation and consummating various settlements granting limited relief from stay.

### (s)   Reporting (Schedules, SOFAs, Schedules, MORs, etc.) [Matter No. 24]

Total Fees:     $14,103.00
Total Hours:   31.70

53.   This Matter Category includes time spent by Dinsmore attorneys and other legal professionals providing services related to advising the Debtors and coordinating with Prime Clerk and the Debtors' other advisors in connection with the preparation, review, revision, and filing of the Debtors' schedules of assets and liabilities and statements of financial affairs (the "Schedules and Statements"). Specifically, Dinsmore attorneys spent time:

(i)   filing all Schedules and Statements on the docket;

(ii)   compiling binders of all Schedules and Statements for the U.S. Trustee; and

(iii)   revieweing Debtors' monthly operating reports.

### (t)   Workers' Compensation Claims [Matter No. 27]

Total Fees:     $412,927.50
Total Hours:   1926.20

54.   This Matter Category, which has been consolidated for purposes of this Application, consists of various matters and includes time spent by Dinsmore attorneys and other legal professionals providing services related to on-going workers' compensation claims and litigation in which Dinsmore represents the Debtors. Such litigation has been permitted to continue pursuant to the *Final Order (I) Authorizing Debtors to (A) Pay Prepetition Wages,*

*Salaries, Other Compensation, and Reimbursable Expenses and (B) Continue Employee Benefits*
*Programs, and (II) Granting Related Relief* [Docket No. 334] (the "Wages Order").

### (u)    Black Lung Claims [Matter No. 28]

Total Fees:      $83,086.50
Total Hours:   310.90

55.    This Matter Category, which has been consolidated for purposes of this
Application, consists of various matters and includes time spent by Dinsmore attorneys and other
legal professionals providing services related to on-going black lung claims and litigation in
which Dinsmore represents the Debtors. Such litigation has been permitted to continue pursuant
to the Wages Order.

### (v)    Labor & Employment [Matter No. 235]

Total Fees:      $11,907.00
Total Hours:   19.30

56.    This Matter Category includes time spent by Dinsmore attorneys and other legal
professionals providing services related to advising the Debtors in connection with the various
labor and employment related issues, including union matters. Specifically, Dinsmore attorneys
spent time:

(i)     corresponding with Debtors regarding workplace related issues arising due to
COVID-19;

(ii)    reviewing and revising Debtors motion to reject and/or modify the collective
bargaining agreement; and

(iii)   preparing for evidentiary hearing on Debtors motion to reject and/or modify the
collective bargaining agreement.

### (w)    FOIA Requests [Matter No. 236]

Total Fees:      $24,991.50
Total Hours:   63.10

57.     This Matter Category includes time spent by Dinsmore attorneys and other legal professionals reviewing and responding to Freedom of Information Act Requests received by the Department of Justice. Specifically, Dinsmore attorneys spent time:

(i)     reviewing documentation and identifying FOIA exemptions;

(ii)    drafting and revising a memorandum to the Department of Justice outlining Debtors asserted FOIA exemptions;

(iii)   redacting documentation in accordance with asserted FOIA exemptions; and

(iv)    corresponding with the Department of Justice regarding FOIA exemptions.

**(x)     BAP [Matter No. 247]**

Total Fees:     $957.00
Total Hours:    3.00

58.     This Matter Category includes time spent by Dinsmore attorneys and other legal professionals appearing in and responding to CONSOL's appeal to the 6th Circuit Bankruptcy Appellate Panel. Specifically, Dinsmore attorneys spent time:

(i)     reviewing the 6th Circuit Bankruptcy Appellate Panel local rules and practice guidelines and advising K&E on same;

(ii)    drafting notices of appearance and other documentation for filing with the 6th Circuit Bankruptcy Appellate Panel; and

(iii)   corresponding with the court and K&E regarding completion of the record on appeal.

**(y)     Oak Grove Purchase [Matter No. 249]**

Total Fees:     $142,434.00
Total Hours:    383.20

59.     This Matter Category includes time spent by Dinsmore attorneys and other legal professionals effectuating the sale of substantially all of Murray Metallurgical's Oak Grove assets to the debtors in these chapter 11 cases as purchasers. While this work was intricately

connected with the Murray Metallurgical bankruptcy proceedings all work done in connection
with this Matter Category was done solely for the benefit of the Debtors. Specifically, Dinsmore
attorneys spent time:

> (i)    drafting, reviewing, and revising the Asset Purchase Agreement and schedules
>        thereto;

> (ii)   conferencing with seller counsel and other interested parties regarding closing
>        deliverables;

> (iii)  drafting, reviewing, negotiating, and revising ancillary sale documentation,
>        including, but not limited to, Buyer designee form, Restructuring Services
>        Agreement, Management Services Agreements, Intercreditor Agreements, Permit
>        Transfer Agreement, Buyer's Officer Certificates, Bill of Sale, FIRPTA
>        Certificates, various property leases; First Lien Credit Agreement, post-
>        emergence entity operating agreements, and Restructuring Memorandum;

> (iv)   drafting, reviewing, negotiating, and revising documentation related to Murray
>        Metallurgical' s exit financing;

> (v)    compiling documentation and responding to due diligence requests; and

> (vi)   compiling information and responding to 'Know Your Customer' requests for post-
>        emergence entities.

### Summary Actual and Necessary Expenses Incurred by Dinsmore

60.    As set forth in **Exhibit G** attached hereto, Dinsmore has incurred a total of
$78,452.48 in expenses on behalf of the Debtors during the Fee Period. These charges are
intended to reimburse Dinsmore's direct operating costs, which are not incorporated into the
Dinsmore hourly billing rates. Only clients who actually use services of the types in this Fee
Application are separately charged for such services. The effect of including such expenses as
part of the hourly billing rates would impose that cost upon clients who do not require extensive
photocopying and other facilities and services.

### Reasonable and Necessary Services Provided by Dinsmore

**A.    Reasonable and Necessary Fees Incurred in Providing Services to the Debtors.**

44

61.    The foregoing professional services provided by Dinsmore on behalf of the Debtors during the Fee Period were reasonable, necessary, and appropriate to the administration of these chapter 11 cases and related matters.

62.    Many of the services performed by partners and associates of Dinsmore were provided by Dinsmore's Bankruptcy & Restructuring Practice Group. As more specifically set forth in Dinsmore's Retention Application, Dinsmore has a prominent practice in this area and enjoys a national reputation for its expertise in financial reorganizations and restructurings of troubled companies. In addition, due to the facts and circumstances of these chapter 11 cases, attorneys from Dinsmore's litigation, general corporate, real estate, labor and employment, and workers' compensation groups were involved with Dinsmore's representation of the Debtors. Overall, Dinsmore brings a high level of skill and knowledge to these chapter 11 cases, which inured to the benefit of the Debtors and all stakeholders.

**B.    Reasonable and Necessary Expenses Incurred in Providing Services to the Debtors.**

63.    The time constraints imposed by the circumstances of these chapter 11 cases required Dinsmore attorneys and other legal professionals to devote substantial time during the evenings and on weekends to perform services on behalf of the Debtors. These services were essential to meet deadlines, respond to daily inquiries from various creditors and other parties-in-interest on a timely basis, satisfy the demands of the Debtors' businesses and ensure the orderly administration of their estates. Consistent with firm policy, and as further disclosed in Dinsmore's Retention Application, Dinsmore attorneys and other legal professionals who worked late in the evenings or on weekends were reimbursed for their reasonable meal and transportation costs. Dinsmore's regular practice is not to include components for those charges in overhead when establishing billing rates, but rather to charge its clients for these and all other out-of-pocket disbursements incurred during the regular course of the rendition of legal services.

45

64.     In addition, due to both the COVID-19 pandemic and the location of the Debtors'

businesses, co-counsel, creditors, the Court and other parties-in-interest in relation to Dinsmore's

offices, frequent multi-party telephone conferences involving numerous parties were required.

The disbursements for such services are not included in Dinsmore's overhead for the purpose of

setting billing rates and Dinsmore has made every effort to minimize its disbursements in these

chapter 11 cases. The actual expenses incurred in providing professional services were

necessary, reasonable, and justified under the circumstances to serve the needs of the Debtors in

these chapter 11 cases.

65.     Certain expenses, related specifically to the Debtors' workers' compensation and

black lung litigation, including medical exam fees, medical records requests and expert witness

fees are routinely paid for by Dinsmore and later reimbursed by Debtor. Such expenses incurred

with the various on-going workers' compensation and black lung matters are included in this Fee

Application.

66.     Among other things, Dinsmore makes sure that all overtime meals, travel meals,

hotel rates, and airfares are reasonable and appropriate expenses for which to seek

reimbursement. Specifically, Dinsmore regularly reviews its bills to ensure that the Debtors are

only billed for services that were actual and necessary.

**Dinsmore's Requested Compensation and Reimbursement Should be Allowed**

67.     Section 331 of the Bankruptcy Code provides for interim compensation of

professionals and incorporates the substantive standards of section 330 of the Bankruptcy Code

to govern the Court's award of such compensation. Section 330 of the Bankruptcy Code provides

that a court may award a professional employed under section 327 of the Bankruptcy Code

"reasonable compensation for actual necessary services rendered . . . and reimbursement for

actual, necessary expenses." 11 U.S.C. § 330(a)(1). Section 330 also sets forth the criteria for the

award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the court should consider the nature, extent, and the value of such services, taking into account all relevant factors, including—
>
> (a)   the time spent on such services;
>
> (b)   the rates charged for such services;
>
> (c)   whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (d)   whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and
>
> (e)   whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

68.     Dinsmore respectfully submits that the services for which it seeks compensation

in this Fee Application were, at the time rendered, necessary for and beneficial to the Debtors

and their estates and were rendered to protect and preserve the Debtors' estates. Dinsmore

further believes that it performed the services for the Debtors economically, effectively, and

efficiently, and the results obtained benefited not only the Debtors, but also the Debtors' estates

and the Debtors' constituents. Dinsmore further submits that the compensation requested herein

is reasonable in light of the nature, extent, and value of such services to the Debtors, their estates,

and all parties-in-interest.

69.     During the Fee Period, Dinsmore's hourly billing rates for attorneys ranged from

$230 to $725. The hourly rates and corresponding rate structure utilized by Dinsmore in these

chapter 11 cases are equivalent to the hourly rates and corresponding rate structure used by Dinsmore for restructuring, workout, bankruptcy, insolvency, and comparable matters, and similar complex corporate, securities, and litigation matters, whether in court or otherwise, regardless of whether a fee application is required. Dinsmore strives to be efficient in the staffing of matters. These rates and the rate structure reflect that such matters are typically national in scope and involve great complexity, high stakes, and severe time pressures—all of which were present in these chapter 11 cases.

70.     Dinsmore's hourly rates are set at a level designed to compensate Dinsmore fairly for the work of its attorneys and other legal professionals and to cover certain fixed and routine overhead expenses. Hourly rates vary with the experience and seniority of the individuals assigned. These hourly rates are subject to periodic adjustments to reflect economic and other conditions and are consistent with the rates charged elsewhere.

71.     Dinsmore respectfully submits that the professional services provided by Dinsmore on behalf of the Debtors and their estates during these chapter 11 cases were necessary and appropriate given the complexity of these chapter 11 cases, the time expended by Dinsmore, the nature and extent of Dinsmore's services provided, the value of Dinsmore's services, and the cost of comparable services outside of bankruptcy, all of which are relevant factors set forth in section 330 of the Bankruptcy Code. Accordingly, Dinsmore respectfully submits that approval of the compensation sought herein is warranted and should be approved.

72.     Other than the First Interim Fee Application, no previous application for the relief sought herein has been made to this or any other Court.

## Reservation of Rights and Notice

73.     It is possible that some professional time expended or expenses incurred during the Fee Period are not reflected in this Fee Application. Dinsmore reserves the right to include

such amounts in future fee applications. In addition, the Debtors have provided notice of this Fee Application to entities on the Master Service List and the Professional Fee Notice Parties pursuant to the Case Management Order.

## No Prior Request

74.     Other than the First Interim Fee Application, no prior application for the relief requested herein has been made to this or any other court.

*[Remainder of Page Intentionally Left Blank]*

**WHEREFORE**, Dinsmore respectfully requests that the Court enter an order (a) awarding Dinsmore compensation for professional and other legal professional services provided during the Fee Period in the amount of $2,748,647.10, and reimbursement of actual, reasonable and necessary expenses incurred in the Fee Period in the amount of $67,615.19; (b) authorizing and directing the Debtors to remit payment to Dinsmore for such fees and expenses to the extent unpaid as of the date hereof; and (c) granting such other relief as is appropriate under the circumstances.

Dated: October 10, 2020
Cincinnati, Ohio

*/s/ Kim Martin Lewis*
Kim Martin Lewis (0043533)
Travis M. Bayer (admitted *pro hac vice*)
Alexandra S. Horwitz (0096799)
**DINSMORE & SHOHL LLP**
255 East Fifth Street
Suite 1900
Cincinnati, Ohio  45202
Telephone:  (513) 977-87200
Facsimile:   (513) 977-8141
Email: kim.lewis@dinsmore.com
        travis.bayer@dinsmore.com
        allie.horwitz@dinsmore.com

*Co-Counsel for the Debtors and Debtors in Possession*