**<u>Exhibit A</u>**

**Declaration of Kim Martin Lewis**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MURRAY ENERGY HOLDINGS CO., *et al.*,[1] | ) | Case No. 19-56885 (JEH) |
| | ) | |
| | ) | Judge John E. Hoffman, Jr. |
| | ) | |
| Reorganized Debtors. | ) | (Joint Administration Requested) |
| | ) | |

**DECLARATION OF KIM MARTIN LEWIS IN SUPPORT OF SECOND AND FINAL FEE APPLICATION OF DINSMORE & SHOHL LLP, AS ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED DURING (I) THE SECOND INTERIM PERIOD FROM MARCH 1, 2020 THROUGH AND INCLUDING AUGUST 31, 2020, AND (II) THE FINAL FEE PERIOD FROM OCTOBER 29, 2019 THROUGH AND INCLUDING AUGUST 31, 2020**

I, **KIM MARTIN LEWIS,** being duly sworn, state the following under penalty of perjury:

1. I am a partner in the firm of Dinsmore & Shohl LLP ("Dinsmore" or the "Firm"). Dinsmore maintains offices at, among other places, 255 E. Fifth Street, Suite 1900, Cincinnati, Ohio 45202. I am admitted to practice in the United States Supreme Court, the Supreme Court of Ohio, and the United States District Court for the Southern District of Ohio. There are no disciplinary proceedings pending against me and I am in good standing in all courts in which I am admitted to practice. I am of majority age and am competent to testify regarding the matters stated herein. I am authorized to make this declaration (this "Declaration") on the Firm's behalf.

---

[1] Due to the large number of Debtors in these chapter 11 cases, for which joint administration has been requested, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. Such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.primeclerk.com/MurrayEnergy. The location of Debtor Murray Energy Holdings Co.'s principal place of business and the Debtors' service address in these chapter 11 cases is 46226 National Road, St. Clairsville, Ohio 43950.

2. I have read the foregoing second interim and final fee application of Dinsmore, co-counsel for the Debtors, for the Second Interim Fee Period and the Fee Period (the "<u>Fee Application</u>")[2]. To the best of my knowledge, information and belief, the statements contained in the Fee Application are true and correct. In addition, I believe that the Fee Application complies with Local Rule 2016-1, the General Order, and the Case Management Order, and the UST Guidelines (as such terms are defined in the Fee Application).

3. In connection therewith, I hereby certify that the following is true and correct to the best of my knowledge and belief:

    a. to the best of my knowledge, information, and belief, formed after reasonable inquiry, the fees and disbursements sought in the Fee Application are permissible under the relevant rules, court orders, and Bankruptcy Code provisions, except as specifically set forth herein;

    b. except to the extent disclosed in the Fee Application, the fees and disbursements sought in the Fee Application are billed at rates customarily employed by Dinsmore and generally accepted by Dinsmore's clients. In addition, none of the professionals seeking compensation varied their hourly rate based on the geographic location of the Debtors' case;

    c. the total fees sought do not exceed the total fees budgeted in the budget and staffing plan;

    d. Dinsmore did not increase hourly rates during the Second Interim Fee Period. All rate increases were included in the First Interim Fee Application;

    e. Dinsmore informed the Debtors that they did not have to agree to modified rates or terms to continue Dinsmore's engagement;

    a) Dinsmore is seeking compensation with respect to the approximately 79.60 hours and $46,838.50 in fees spent reviewing or revising time records and preparing, reviewing, and revising invoices during the Fee Period.[3] Dinsmore concurrently revised invoices for privileged and confidential information and accordingly did not spend any additional

---

[2] Capitalized terms used herein but not otherwise defined in this Declaration shall have the meaning set forth in the Fee Application.

[3] This is limited to work involved in preparing and editing billing records that would not be compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application.

        time reviewing time records to redact such privileged or confidential information;

f.     in providing a reimbursable expense, Dinsmore does not make a profit on that expense, whether the service is performed by Dinsmore in-house or through a third party;

g.     in accordance with Rule 2016(a) of the Federal Rules of Bankruptcy Procedure and 11 U.S.C. § 504, no agreement or understanding exists between Dinsmore and any other person for the sharing of compensation to be received in connection with the above cases except as authorized pursuant to the Bankruptcy Code, Bankruptcy Rules, and Local Rules; and

h.     all services for which compensation is sought were professional services on behalf of the Debtors and not on behalf of any other person.

Pursuant to 28 U.S.C. Section 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

October 10, 2020                                       Respectfully submitted,

                                                        */s/ Kim Martin Lewis*
                                                        Kim Martin Lewis, Esq.